**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TRACY PINKNEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 06-0246  (HHK)** |
| **v.** ) | |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>DEFENDANTS' MOTION TO DISMISS</u>

Defendants, the United States Department of Justice, the Criminal Division of the
Department of Justice and the Executive Office for the United States Attorney ("Federal
Defendants"), respectfully move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss
Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon
which relief can be granted because Plaintiff's claim is barred by *res judicata*.

In support of this Motion, the Court is respectfully referred to the accompanying
Memorandum of Points and Authorities.  A proposed Order consistent with this motion is
attached hereto.

Respectfully submitted,


  /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**TRACY PINKNEY,**                      )
                                        )
                  **Plaintiff,**        )
                                        )      **Civil Action No. 06-0246  (HHK)**
          **v.**                        )
                                        )
**U.S. DEPARTMENT OF JUSTICE, et al.,** )
                                        )
                  **Defendants.**       )
_____)

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>
<u>**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**</u>

In the present matter, Plaintiff filed a complaint alleging that the Defendants failed to adequately and timely respond to his Freedom of Information Act ("FOIA") request for the Department of Justice's file regarding his criminal conviction.  Complaint at ¶ IV.  However, Plaintiff's present FOIA request is identical to a prior request made in 1999, in which he was provided all responsive and discoverable documents.  <u>See</u> <u>Tracy Pinkney v. Richard Huff, et al.</u>, 00cv637 (RCL); <u>see also</u> Complaint at ¶ I.B.  Indeed, Plaintiff litigated the prior disclosure against the Department of Justice to a final judgment.  <u>See</u> Complaint in <u>Tracy Pinkney v. Richard Huff, et al.</u>, 00cv637 (Dkt. 1) attached as Govt. Exh. 1; <u>see also</u> Memorandum Opinion in <u>Tracy Pinkney v. Richard Huff, et al.</u>, 00cv637 (Dkt. 63), attached as Govt. Exh. 2; Memorandum Opinion in <u>Tracy Pinkney v. Richard Huff, et al.</u>, 00cv637 (Dkt. 84), attached as Govt. Exh. 3; Dismissal of Appeal in <u>Tracy Pinkney v. Richard Huff and U.S. Attorney's Office</u>, App. No. 01-5360, attached as Govt. Exh. 4.  Thus, because the present matter involves the same parties and a request for the same documents as a prior matter that was litigated to final judgment, Plaintiff's present matter is barred by res judicata.

## FACTUAL BACKGROUND

**A.     Plaintiff's Prior FOIA Action.**

By letter dated March 15, 1999 Tracy Pinkney made a FOIA request with the Executive

Office of the United States Attorneys ("EOUSA") for copies of his criminal case file.  Govt. Exh.

2 at 2.  Plaintiff made a similar request with the Criminal Division of the Department of Justice

("Criminal Division") on May 30, 1999.  Id. at 1.  The Criminal Division could locate no records

responsive to Plaintiff's request.  Id. at 2.  EOUSA located three boxes of responsive documents

in the United States Attorney's Office for the District of Columbia.  Id. at 2.  On January 8, 2001,

EOUSA released forty-eight (48) pages of records in their entirety and thirty (30) pages with

redactions pursuant to Exemptions (b)(6) and (b)(7) of the FOIA and (j)(2) of the Privacy Act.

Id.  EOUSA also advised Plaintiff that other documents responsive to his request had been

withheld pursuant to Exemptions (b)(7)(A), (b)(3), (b)(5), (b)(6), (b)(7)(C) (b)(7)(D) and

(b)(7)(F) of the FOIA as well as (j)(2) of the PA.  Id.  On March 22, 2000, Plaintiff filed a civil

complaint challenging the Criminal Division's search and the information withheld by EOUSA.

Govt. Exh. 1 at 2.

EOUSA moved for summary judgment on January 10, 2001.  Tracy Pinkney v. Richard

Huff, et al., 00cv637 (Dkt. 46).  After briefing by both parties, the Court entered an order on

September 25, 2001, granting the Defendants' motion in part and denying it, in part.  In its

accompanying order, the Court directed that the Defendants supplement the record regarding the

Criminal Division's search for records and EOUSA's withholding of the records pursuant to

Exception 7(A).  Govt. Exh. 2.

Plaintiff filed an appeal on October 11, 2001.  Tracy Pinkney v. Richard Huff and U.S.

2

Attorney's Office, App. No. 01-5360.  Because the Memorandum Opinion of the District Court

did not dispose of all matters at issue, the appeal was dismissed for lack of jurisdiction.  Govt.

Exh. 4.

On November 7, 2001, EOUSA released more records to Pinkney in the "other agency

information " and "sealed materials" categories redacting information pursuant to exemptions

(b)(7)(A), (b)(5), (b)(7)(C) and (b)(7)(F).  Govt. Exh. 3 at 2.  EOUSA withheld other documents

pursuant to the Court's sealing order in the "sealed materials" category, and pursuant to

exemptions (b)(5), (b)(7)(C) and (b)(7)(F).  Id.

On November 13, 2001, EOUSA renewed its motion for summary judgment.  Tracy

Pinkney v. Richard Huff, et al., 00cv637 (Dkt. 69).  Plaintiff filed a Cross-Motion for Summary

Judgment on January 9, 2002.  Tracy Pinkney v. Richard Huff, et al., 00cv637 (Dkt. 72).  After

full briefing by the parties, the Court issued a Memorandum Opinion granting summary

judgment in favor of Defendants.  Govt. Exh. 3.  In its Memorandum Opinion, the Court held

that the Criminal Division's search was adequate and that no records were located, and

accordingly, entered summary judgment in favor of the Criminal Division.  Id. at 1.  With respect

to the EOUSA, the Court held that the EOUSA properly withheld documents and properly

redacted information from documents produced pursuant to exemption (b)(7)(A) ("other agency

information" and "sealed material"), and alternatively, they were properly withheld pursuant to

exemptions (b)(5), (b)(7)(C), and (b)(7)(F) .  Id. at 2-3.  The Court denied Plaintiff's Cross-

Motion, finding that the Plaintiff failed to demonstrate an overriding public interest in the

disclosure of the information withheld, and further found that the documents withheld in their

entirety were not segregable.  Id. at 3-4.

Plaintiff did not appeal the final Memorandum Opinion and Order of the District Court.

**B.      Plaintiff's Present FOIA Request.**

On or about October 2003, he made a FOIA request for information regarding his criminal conviction.  Complaint at ¶ IV.  Plaintiff admits that the present matter involves the same facts as the prior matter.  Id. at ¶ I.B.  When the agency did not respond in time, Plaintiff filed an appeal with the Department of Justice Office of Information and Privacy.  Plaintiff then filed this civil matter against the Criminal Division and EOUSA – the same defendants as the prior litigation.

**ARGUMENT**

**I.      PLAINTIFF'S COMPLAINT IS BARRED BY RES JUDICATA BECAUSE HE RAISES CLAIMS THAT ARISE FROM THE SAME FACTS AS THE ORIGINAL SUIT.**

Under the doctrine of *res judicata*, a final judgment on the merits precludes the parties or their privies from re-litigating claims that were or could have been raised in that prior litigation. Holland v. Nat'l Mining Ass'n, 308 F.3d 808 (D.C. Cir. 2002); Drake v. Federal Aviation Administration, 291 F.3d 59, 66 (D.C. Cir. 2002); *accord*, Parklane Hosiery v. Shore, 439 U.S. 322, 326 n.5 (1979); Allen v. McCurry, 449 U.S. 90, 94 (1980).  The general principle of claim preclusion is that a final, valid judgment on the merits precludes any further litigation between the same parties on the same cause of action.  See Stanton v. District of Columbia Court of Appeals, 127 F.3d 72 (D.C. Cir. 1997); Smith-Gregg v. Sullivan, No. 99-1863, Slip Op. at 6, 1999 WL 1201687 (D.D.C. Oct. 29, 1999), *aff'd* Smith-Gregg v. Sullivan, App. No. 00-5004, 2000 WL 1093235 (D.C. Cir. 2000).  The purpose of the doctrine is to relieve the parties of the

4

cost and vexation of multiple lawsuits, conserve judicial resources and encourage reliance on

adjudication.  See Allen, 449 U.S. at 94; Smith-Gregg, Op. at 6.  *Res judicata* applies with equal

force in FIOA litigation.  See National Treasury Employees Union v. I.R.S., 765 F.2d 1174,

1177-1178 (D.C. Cir. 1985); see also Cooley v. Bush, 04cv1542 (RWR), Slip Op. at 2-3, 2005

WL 3273377 (D.D.C. 2005).

In order for *res judicata* to apply, a defendant must demonstrate the existence of (1) an

identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3)

a final judgment on the merits; and (4) an identity of the cause of action in both suits.  See

Brannock Associates, Inc. v. Capitol 801 Corp., 807 F. Supp. 127, 135 (D.D.C. 1992) (stressing,

however, that the fourth prong also precludes new claims that "stem from the same cause of

action"); U.S. Industries, Inc. v. Blake Const. Co., Inc., 765 F.2d 195 (D.C. Cir. 1985).  Nor is it

necessary that there exist a full identity of issues between both matters.  Rather, the issues merely

have to arise out of a common nucleus of fact for *res judicata* to apply.  The law is well settled

that "[a] final judgment in one action 'bars any further claims based on the same nucleus of

facts,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the

cause of action, not the legal theory upon which a litigant relies.'"  See Sherwin v. Department of

the Air Force, 955 F. Supp. 140, 143 (D.D.C. 1997) (*quoting* Page v. United States, 729 F.2d

818, 820 (D.C. Cir. 1984)); Drake, 291 F.3d at 66.  Here, the elements of *res judicata* are easily

satisfied, as there was a final judgment on the merits in the earlier case between the same parties,

and an identity of the facts underlying the claims in both suits.  Plaintiff cannot re-litigate his

claims when he has already had a full and fair opportunity to do so.  See Sherwin, 955 F. Supp. at

143.

### A.     Plaintiff's Claim Against the Criminal Division is Barred.

In his prior FOIA complaint, Plaintiff was informed that the Criminal Division of the Department of Justice did not possess any documents responsive to his request.  After full briefing by the parties, the District Court, in that matter, held that "the Criminal Division performed a search reasonably likely to locate responsive records and, no records having been located, finds summary judgment in favor of this defendant warranted."  Govt. Exh. 3 at 1.

In the present matter, Plaintiff merely directed the same request to the same entities, hoping for a different outcome.  Because the parties and request are identical, the prior matter was litigated to a final resolution, and the Plaintiff did not appeal the decision of the District Court, the present matter is barred.

### B.     Plaintiff's Claim Against the EOUSA and the Department of Justice is Barred.

Likewise, Plaintiff's FOIA request to the EOUSA and the Department of Justice are identical to the request made in March 1999.  After full briefing, the Court held that all matters withheld were protected by the specified exemptions to the FOIA.  And although the application of exemption (b)(7)(A) is of a temporal nature which may change with the passage of time, the prior Court held that alternative and more permanent exemptions protected the very same matter from disclosure.  Govt. Exh. 3 at 2-3 (finding that the withheld material was protected from disclosure by exemption (b)(5) and (b)(7)(C), and "more appropriately under Exemption 7(F)").  Finally, the prior Court held that the documents withheld in their entirety were not segregable, and entered judgment in favor of Defendants.  Plaintiff did not appeal this decision, and it is final.  Accordingly, because Plaintiff fully litigated an identical FOIA request against the very

6

same parties here, the prior judgment in favor of Defendants bars the present matter.

II.    **BECAUSE PLAINTIFF CANNOT ASSERT A CONSTITUTIONAL CLAIM FOR THE PROCESSING OF A FOIA REQUEST, HIS CIVIL RIGHTS CLAIM IS BARRED.**

Plaintiff has captioned his claim here as a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Complaint at 1. To the extent that he is asserting a claim for a constitutional violation arising from the processing, or failure to process his FOIA request, it is barred by sovereign immunity.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). See also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature"). To the extent that Plaintiff seeks damages against the United States or its employees in their official capacity, his claims must be dismissed absent a waiver of sovereign immunity. Meyer v. Reno, 911 F. Supp. 11 (D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49 , 55 (D.D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992).

Sovereign immunity precludes suits against the United States and its officers who act in their official capacity. Davis v. United States Dep't of Justice, 204 F.3d 723 (2000). Nor does 42 U.S.C. § 1983 waive the sovereign immunity of the United States to such suits, as "by their terms, [the Civil Rights statutes] do not apply to actions against the United States." Hohri v. United States, 782 F.2d 227, 245 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64 (1987).

7

See also United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir.1982) ("It is well established ... that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]"); Biase v. Kaplan, 852 F.Supp. 268, 289-90, n. 18 (D.N.J.1994) ("[N]either § 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States nor a federal agency"). Thus, the United States cannot be sued under the Civil Rights statutes, including § 1983. Benson v. United States, 969 F. Supp. 1129 (1997).

Moreover, it has long been held that the FOIA's comprehensive remedial scheme addresses all claims relating to the disclosure of government records and therefore precludes any recovery for alleged constitutional violations arising from the processing of a FOIA request. Johnson v. Executive Office for United States Attorneys, 310 F.3d 771, 777 (D.C. Cir.2002); Sonds v. Huff, 391 F.Supp.2d 152, 155 (D.D.C. 2005). Consequently, the Court should further preclude this claim because the United States has not waived its immunity under the civil rights conspiracy statute.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss and enter judgment for the Defendants on Plaintiff's complaint.

Respectfully submitted,


   /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


   /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney


   /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843


## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Motion to Dismiss and

Memorandum of Points and Authorities in Support thereof was served by first class mail upon

*pro se* plaintiff at:

Tracy Pinkney
#12085007
USP Hazelton
POB 2000
Bruceton Mills, WV 26525

on this 12th day of April, 2006.


   /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney

9