UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY, Plaintiff, | ) |
| v. | ) Civil Action No. 00-0637 (RCL) |
| RICHARD L. HUFF, *et al.*, Defendants. | ) |

FILED
SEP 25 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**

This Freedom of Information Act case is before the Court on separately filed motions for summary judgment brought on behalf of two Department of Justice components, the Criminal Division and the Executive Office for United States Attorneys (EOUSA). Plaintiff, who is proceeding *pro se*, has cross moved for summary judgment.[1] Upon consideration of the parties' submissions and the entire record, and for the following reasons, the Court will deny Criminal Division's motion, grant in part and deny in part EOUSA's motion and deny plaintiff's cross motion.

I. BACKGROUND

On May 30, 1999, plaintiff requested records from DOJ's Criminal Division pertaining to his criminal prosecution. He specifically sought records possessed by the assistant United States attorney who prosecuted his case. In its initial response, Criminal Division notified

---

[1] On July 25, 2001, Criminal Division renewed its previously dismissed motion for summary judgment dated September 22, 2000, and, in response, plaintiff renewed his previously dismissed motion for summary judgment filed on November 1, 2000, titled "Motion for Dispositive Motion," referred to hereafter as Plaintiff's Dispositive Motion.

GOVERNMENT EXHIBIT 2



plaintiff that "his request may involve records that would be maintained by the Office of an United States Attorney and therefore he may wish to direct a request to the Executive Office for United States Attorneys ." Declaration of Linda J. Joachim ("Joachim Decl.") ¶ 8. Following a search of its records by plaintiff's name, the Criminal Division informed plaintiff that it had located no responsive records.

Plaintiff made his request to EOUSA on March 15, 1999. Plaintiff requested information pertaining to himself and fourteen named individuals. See Plaintiff's Dispositive Motion, Exhibits 8, 13. Following clarification of plaintiff's request, EOUSA assigned separate request numbers. It assigned request number 99-2394 to records pertaining to third parties and request number 99-2465 to records pertaining to plaintiff. Declaration of Andrea G. Hoffman ("Hoffman Decl.") ¶ 14. EOUSA did not release any records under 99-2394 because plaintiff did not reply to its notification that he needed written authorization from the third parties before their records could be disclosed. In addition, plaintiff did not respond to EOUSA's invitation to contact that agency if he wanted copies of public records concerning the third parties. Id. ¶ 17. By January 5, 2001, EOUSA had located three boxes of information in the United States Attorney's Office for the District of Columbia. Declaration of Stephanie M. Boucher ("Boucher Decl.") ¶¶ 6-7. On January 8, 2001, during the course of this litigation, EOUSA released 78 pages of responsive records, 48 of which were released in full and 30 with redactions. In addition, EOUSA withheld entire records under FOIA Exemptions 3, 5, 6, 7(A), 7(C), 7(D) and 7(F). See 5 U.S.C. § 552 (b).

## II. DISCUSSION

In a FOIA action, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). An agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980) (internal citation and quotation omitted); see also Maydak v. Department of Justice, 218 F.3d 760, 764 (D.C. Cir. 2000) (government has the burden of proving each claimed FOIA exemption).

Criminal Division

Plaintiff challenges Criminal Division's search for responsive records. When, as here, responsive records are not located, the agency prevails on a motion for summary judgment if it shows "beyond material doubt [ ] that it has conducted a search reasonably calculated to uncover all relevant documents." Weisberg v. United States Department of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983). For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and . . . submitted in good faith." Id. (citations and quotations omitted). The required level of detail "set[s] forth

the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." Oglesby v. United States Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate. Spannaus v. Central Intelligence Agency, 841 F. Supp. 14, 16 (D.D.C. 1993) (citing Church of Scientology v. National Security Agency, 610 F.2d 824, 836 (D.C. Cir. 1979)). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. International Trade Overseas, Inc. v. Agency for International Development, 688 F. Supp. 33, 36 (D.D.C. 1988) (citing Weisberg v. United States Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

In response to plaintiff's request, Criminal Division provided, among other things, "a Current Descriptive List of the Criminal Division's Systems of Records with instructions [for plaintiff] to designate the systems to be searched." Joachim Decl. ¶ 6. Criminal Division avers that it "searched the systems of records designated by the plaintiff and established a file to monitor the results. These systems were searched for references to Plaintiff's name . . . as set forth in the forms returned . . . . The Criminal Division indexes its records, and therefore searches for records, under the names of individuals . . . and this search method can reasonably be expected to locate requested records." Joachim Decl. ¶ 9. Criminal Division has not described the systems searched and the record does not contain the descriptive list and plaintiff's selections. The Court therefore is unable to determine the reasonableness not only of the search but also of the agency's reliance on the FOIA requester to designate which of its

filing systems to search. The Court cannot find beyond material doubt that the search was adequate. Criminal Division's motion for summary judgment is denied.

Executive Office for United States Attorneys

Plaintiff does not dispute EOUSA's release of thirty pages of records with redactions. Rather, he challenges defendant's withholding of documents in their entirety under Exemption 7(A) in conjunction with Exemptions 3, 5, 6, 7(C), 7(D) and 7(F). Exemption 7(A) protects from disclosure "records or information compiled for law enforcement purposes . . . only to the extent that [disclosure] could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). The purpose of the exemption is "to avoid prejudice to a prospective enforcement action." Mapother v. Department of Justice, 3 F.3d 1533, 1541 (D.C. Cir.1993); see also Philadelphia Newspapers, Inc. v. Department of Health and Human Services, 69 F. Supp.2d 63, 67 (D.D.C. 1999)(exemption 7(A) applies "only to future proceedings in an ongoing investigation"); compare Manna v. United States Department of Justice, 51 F.3d 1158, 1164 (3d Cir. 1995) (exemption applies to pending or prospective law enforcement proceedings).

As a threshold matter, the responsive records pertain to the investigation and prosecution of plaintiff and other individuals for first degree murder and weapons charges and therefore satisfy Exemption 7's law enforcement requirement. EOUSA withheld categories of records under Exemption 7(A) because of plaintiff's pending actions challenging his conviction. It is undisputed that at the relevant time of the agency's determination, see Bonner v. United States Department of State, 928 F.2d 1148, 1152-53 (D.C. Cir. 1991), the D.C. Court of Appeals was holding plaintiff's direct appeal in abeyance pending the outcome of his

collateral proceeding under D.C. Code § 23-110 pending in the D.C. Superior Court. Hoffman Decl. ¶¶ 31-32. EOUSA argues that if plaintiff is "successful in either challenge to his conviction, the government's ability to present the case would be hampered." Hoffman Decl. ¶ 31. The assistant United States attorney assigned to the § 23-110 proceedings avers that the release of any information "other than public source documents and correspondence between Mr. Pinkney and the government . . . would greatly hamper my efforts in responding on behalf of the Government" to supplemental matters in the collateral proceeding and "may also jeopardize the Government's ability to present its case in Mr. Pinkney's direct appeal." Declaration of Mary Ann Snow ("Snow Decl.") ¶ 4. The Court questions whether the collateral proceeding is in fact a pending law enforcement proceeding, but it need not decide that issue because it is clear that at the time of the determination, and seemingly now, the law enforcement proceeding had not concluded because the criminal conviction was not final. See Kansi v. U.S. Department of Justice, 11 F. Supp. 2d 42, 44 (D.D.C. 1998) ("Plaintiff's case is still on appeal. The potential for interference with witnesses and highly sensitive evidence that drives the 7(A) exemption . . . exists at least until plaintiff's conviction is final.") (internal citations omitted); see also Maydak v. United States Department of Justice, 218 F.3d at 762 ("another recognized goal of Exemption 7(A) is to prevent litigants from identifying and intimidating or harassing witnesses.").

The Court's review does not end with the above-stated conclusion, however. The Court must now determine if defendant has proven harm, *i.e.*, that the disclosure of information would interfere with the law enforcement proceeding. EOUSA has chosen to demonstrate interference by using the generic approach approved by the U.S. Court of Appeals for the

District of Columbia Circuit. Under that approach, EOUSA "need not justify its withholding on a document-by-document basis in court." Bevis v. Department of State, 801 F.2d 1386, 1389 (D.C. Cir. 1986). Rather, the circuit court has found the generic approach satisfactory if the agency (1) defines the categories functionally, (2) conducts a document-by-document review of responsive documents in order to assign documents to the proper category, and (3) explains to the Court how the release of each category would reasonably be expected to interfere with enforcement proceedings. Id. at 1389-90; see accord Maydak v. Department of Justice, 218 F.3d at 762. A functional category is one that "allows the court to trace a rational link between the nature of the document and alleged likely interference." Bevis v. Department of State, 801 F.2d at 1389 (quoting Crooker v. Bureau of Alcohol, Tobacco and Firearms, 789 F.2d 64, 67 (D.C. Cir. 1986)).

EOUSA avers that it reviewed each document for placement into the following seven functional categories: (1) grand jury materials, (2) attorney work product and deliberative process materials, (3) third-party information, (4) other agency information, (5) videotapes and audiotapes (6) sealed material and (7) public source material. Boucher Decl. ¶¶ 7-14.

*Grand Jury Materials*

The grand jury materials include transcripts, "transcript order forms and internal memorandum from the prosecuting AUSA to the investigating detectives." Id ¶ 8. EOUSA avers that such information "set[s] forth the witnesses and the information [they] provided to the grand jury. This material identifies the scope of the Government's case. . . The harm . . . includes the potential for harassment and intimidation of witnesses, which would have a chilling effect should the Government be required to return to the trial court level for further

proceedings . . . ." Snow Decl. ¶ 6. EOUSA properly justified withholding this category of records under Exemption 7(A). In addition, the Court concludes that EOUSA properly justified withholding 455 pages of grand jury transcripts and transcript order forms under Exemption 3, which it asserted in conjunction with Exemption 7(A). Hoffman Decl. ¶ 36. If that information were disclosed it would reveal the "secret aspect of the grand jury's investigation" Exemption 3 is designed to protect, *i.e.*, "such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." Senate of the Commonwealth of Puerto Rico v. U.S. Department of Justice, 823 F.2d 574, 582 (D.C. Cir. 1987) (quoting SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1382 (D.C. Cir. 1980)(en banc)).

*Attorney Work Product and Deliberative Process Materials*

EOUSA lists thirteen items or subcategory of items as attorney work product and deliberative process materials. They include internal memoranda from the prosecuting attorney to the investigating detectives, the prosecuting attorney's case impression memorandum, the prosecuting attorney's handwritten notes and notations, draft exhibit and witness lists, draft voir dire, legal research memoranda and the like. Boucher Decl. ¶ 9. EOUSA avers that this category of documents is "invaluable to the Government's attorneys handling of Mr. Pinkney's post-conviction proceedings," Snow Decl. ¶ 8, but, as noted above, the Court is not convinced that those proceedings qualify as pending law enforcement proceedings. Nonetheless, the Court agrees that the release of that category of documents before resolution of plaintiff's direct appeal could "result in the exposure of the prosecuting attorney's strategies, decisions, impressions, and recommendations," Id., which, in turn, could severely impede a retrial. In

addition, the Court concludes that defendant properly justified withholding the information under Exemption 5, which protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 522 (b)(5). See Hoffman Decl. ¶¶ 39-40. Attorney work product and deliberative process materials are traditionally protected under the civil discovery rules. See Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 864-69 (D.C. Cir. 1980).

*Third-Party Information*

EOUSA lists 25 records or subcategories of records containing third-party information. It avers that release of information "relating strictly to third parties [ ] could result in the harassment and intimidation of witnesses, police officers and others who participated in the prosecution of his criminal case, [noting that plaintiff] has made threats against various individuals in the past and the concern is that he may act upon these threats . . . ." Snow Decl. ¶¶ 9-10, n. 1. Defendant properly justified withholding this category of records under Exemption 7(A). Defendant invokes Exemption 7(A) in conjunction with Exemptions 6, (7)(C) (7)(D) and 7(F). FOIA Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(6). All information that "applies to a particular individual" qualifies for consideration under this exemption. U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982); see also New York Times Co. v. NASA, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc). Subparts (C), (D) and (F) of Exemption 7 protects law enforcement records the disclosure of which would cause an unwarranted invasion of personal privacy, reveal confidential sources and information, and endanger life or physical

safety, respectively. See 5 U.S.C. § 552 (b)(7)(C), 7(D), 7(F). Having carefully reviewed the Hoffman Declaration at ¶¶ 41-56, the Court further concludes that defendant properly justified withholding responsive records under each of the alternative exemptions.

*Other Agency Information*

EOUSA withheld a category of "other agency information," consisting of "crime scene sketches, crime scene photographs, Metropolitan Police Department Reports, NCIC printouts of third parties and NCIC printouts on Mr. Pinkney." Snow Decl. ¶ 11. It avers that such information "serve[s] as the basis for various matters dealt with at the trial level and, if not used at the original trial, may be utilized in any retrial . . . ." Id. ¶ 12. This conclusory statement provides no explanation as to how release of this category of records would interfere with a retrial. Therefore, defendant is not entitled to summary judgment on this category of records. While the Court can speculate that some of the records may be protected under other exemptions, it is defendant's burden to prove such claims. Defendant has not provided enough information about the individual records in this category for the Court to determine the applicability of other exemptions.

*Videotapes and Audiotapes*

EOUSA withheld a category of records consisting of videotapes and audiotapes pertaining to third parties, Boucher Decl. ¶ 12, claiming that the [r]elease of this information would prevent the Government from addressing issues in future matters due to witness intimidation." Snow Decl. ¶ 14. Defendant properly justified withholding this category of records only under Exemption 7(A).

*Sealed Material*

EOUSA withheld a category of sealed material, asserting that "release . . . would violate the trial court's sealing order and the Rules of Appellate Procedure which require the transfer of the record from the trial court to the appellate court intact." Snow Decl. ¶ 16. Those reasons are unpersuasive. Sealed records are not per se protected from disclosure under the FOIA. Morgan v. United States Dep't of Justice, 923 F.2d 195, 199 (D.C. Cir. 1991). Rather, "only those sealing orders intended to operate as the functional equivalent of an injunction prohibiting disclosure can justify an agency's decision to withhold records that do not fall within one of the specific FOIA exemptions." Id. Defendant has not provided information about the circumstances surrounding the sealed material, for example, "the sealing order itself . . . extrinsic evidence . . . casting light on the factors that motivated the court to impose the seal . . . [or] the [sealing] court's general rules or procedures governing the imposition of seals." Id.at 198. Therefore, this Court cannot conclude on the current record that defendant was prohibited by the sealing order from releasing to plaintiff information responsive to his FOIA request. Defendant is not entitled to summary judgment on this category of records. In addition, defendant describes the sealed material only as "pleadings." Hoffman Decl. ¶ 37. That general description provides no basis from which the Court may conclude that defendant properly withheld the sealed records under any other exemptions.

*Public Source Material*

EOUSA informed plaintiff that approximately 1,047 pages of public information were available either from the clerk of court or from EOUSA upon request and subject to a

photocopying charge. Plaintiff does not dispute defendant's response with respect to the public source material.

Segregability

When, as here, documents are withheld in their entirety, the district court has an "affirmative duty" to consider whether nonexempt information could have been segregated from exempt information and released. See Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1027 (D.C. Cir. 1999)(internal citations omitted). Defendant avers that, regarding records withheld under Exemption 7(A), "[a]ll non-public records were reviewed to determine if any material could be segregated and released without causing harm to the pending law enforcement proceedings. . . [t]he attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product [,which] cannot be reasonably segregated without exposing the deliberative process, and would not be appropriate for discretionary release . . ." Hoffman Decl. ¶¶ 33, 40. Regarding third-party records, Hoffman avers that "[i]n certain instances, this information is inextricably intertwined with references to Mr. Pinkney. Such references are not deemed disclosable and segregable from the whole without creating a risk of disclosing [protected sources and/or information]. Id. ¶ 44. Hoffman concludes that "[w]here a record was withheld in its entirety, EOUSA determined that no meaningful portions could reasonably be released without destroying the integrity of such record as a whole." Id. ¶ 58. The Court finds that EOUSA demonstrated that it could not reasonably segregate documents withheld in their entirety.

For the reasons stated above, defendant Criminal Division's motion for summary judgment is denied and defendant EOUSA's motion for summary judgment is granted in part and denied in part. A separate Order accompanies this Memorandum Opinion.

Royce C. Lamberth
Royce C. Lamberth
United States District Judge

DATE: 9-25-01

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY,

Plaintiff,

v.

RICHARD L. HUFF, *et al.*,

Defendants.

Civil Action No. 00-0637 (RCL)

FILED

SEP 2 5 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is

ORDERED that Criminal Division's renewed motion for summary judgment [# 60] is DENIED. It is

FURTHER ORDERED that Executive Office for U.S. Attorney's motion for summary judgment [# 46] is GRANTED in part and DENIED in part. The motion is granted with respect to EOUSA's withholding of records under Exemption 7(A), except those contained in the categories of other agency materials and sealed materials. It is

FURTHER ORDERED that within **forty-five (45) days** from the filing date of this Order, defendant shall supplement the record with the appropriate documentation concerning Criminal Division's search for records and EOUSA's withholding of the above-stated categories of records. If defendant is unable to provide such documentation, it shall release the records to plaintiff within the time provided. It is

FURTHER ORDERED that plaintiff's cross motion for summary judgment [# 61] and all other pending motions [## 48, 51, 54] are DENIED.

SO ORDERED.

Royce C. Lamberth
Royce C. Lamberth
United States District Judge

DATE: 9-25-01