## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRACY PINKNEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 00-0637 (RCL) |
| RICHARD L. HUFF, *et al.*, | ) |
| Defendants. | ) |

**FILED**

AUG 8 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION

In response to the Court's Memorandum Opinion ("Mem. Op.") and Order filed September 25, 2001, two Department of Justice components, the Criminal Division and the Executive Office for United States Attorneys ("EOUSA"), have filed renewed motions for summary judgment in this Freedom of Information Act ("FOIA") case. In addition, EOUSA seeks "correction" of part of the Court's September 25 decision. Plaintiff has cross moved for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' respective motions, but will deny EOUSA's request for "correction of the Court's statement." Renewed Motion at 3. The Court will also deny plaintiff's cross motion for summary judgment.

Criminal Division

The Criminal Division was directed to explain its search for records, which yielded no results. See Mem. Op. at 3-5. The Court has reviewed the declarations of Thomas J. McIntyre and Linda Joachim attached to the renewed motion, both of which provide details about the search conducted in response to plaintiff's FOIA request. The Court is now satisfied that the Criminal Division performed a search reasonably likely to locate responsive records and, no records having been located, finds summary judgment in favor of this defendant warranted.



$84$

Executive Office for United States Attorneys

### *1. Exemptions*

EOUSA was directed to explain its withholding of certain categories of records under FOIA Exemption 7(A), namely "other agency information" and "sealed material." See Mem. Op. at 10-11. EOUSA evaluated again its determination with respect to those categories of materials and has since released to plaintiff a number of previously withheld records. From the "Other Agency Information" category, EOUSA released 211 pages of information. Of that number, 144 pages were released in full and 67 pages were released with redactions. EOUSA continues to withhold 64 pages in full from this category. See EOUSA's Exhibit 2 (Vaughn Index). From the "Sealed Materials" category, EOUSA released 55 pages of information determined to be "public source records." They included the redacted version of the Government's Motion and a Supplemental Motion to Disqualify Defense Counsel, previously withheld in its entirety, and other "publicly filed motions." Declaration of James S. Carroll III ("Carroll Decl.") ¶ 23 and Vaughn Index, Document 10. EOUSA continues to withhold the 12- page sealed ex parte version of the government's motion to disqualify defense counsel. Id.

EOUSA asserts FOIA exemptions 5 and 7(C) as justification for withholding information from the supplemental release. Renewed Motion for Summary Judgment at 9-22. With respect to the remaining sealed motion, EOUSA asserts that it has no discretion to disclose the sealed record and that the "record was sealed to prevent possible physical harm to an individual given the nature of the crime committed by the Plaintiff." Vaughn Index, Document 10. EOUSA's release of the redacted version filed in the public record diminishes the Court's previously stated concerns. EOUSA avers that "the allegations contained in the motion would constitute an unwarranted invasion of personal privacy and subject the individuals named in the motion to undue embarrassment and harassment," Carroll Decl. ¶ 23, and that the redacted version "restates the law without revealing the identity of third parties." Id. ¶ 30. The Court concludes that defendant has justified withholding what now amounts to portions of the sealed motion under Exemption 7(C), but more appropriately under Exemption 7(F), which exempts from disclosure

2

records the release of which "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552 (b)(7)(F).

In his renewed motion for summary judgment filed January 9, 2002,[1] plaintiff appears to assert the existence of an overriding public interest in disclosure. He states "if this court would hold an in camera review[,] plaintiff will [] provide a Brady violation [and] prosecution misconduct. . . ." Plaintiff's Renewed Motion, Memorandum at 7. FOIA proceedings are not the proper forum for litigating alleged errors arising from criminal proceedings, and plaintiff's conclusory assertions are wholly insufficient to create a genuine issue of material fact on the public interest question. An overriding public interest is established by showing that the withheld information is necessary to confirm or refute "compelling evidence that the agency denying the FOIA request is engaged in illegal activity." Quinon v. FBI, 86 F.3d 1222, 1231 (D.C. Cir. 1996) (internal citations omitted). It is the "interest of the general public, and not that of the private litigant" that the court considers in this analysis. Brown v. FBI, 658 F.2d 71, 75 (2d Cir.1981) (citing Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir.1975)). It is established that, as a general rule, a FOIA requester's need for records to establish violations of Brady v. Maryland, 373 U.S. 83 (1963), is a private interest. See Oguaju v. U.S., 288 F.3d 448, 450 (D.C. Cir. 2002) (public interest in disclosure "does not include helping an individual obtain information for his personal use.") (citation omitted); Nishnic v. U.S. Department of Justice, 671 F. Supp. 776, 791 (D.D.C. 1987) (requester's interest in Brady material is a "decidedly private interest").

Plaintiff also appears to argue that the third-party identifying information is no longer exempt because it was disclosed during post-conviction proceedings in the Superior Court of the District of Columbia. Under the "public-domain doctrine, materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent

---

[1]    Plaintiff filed two renewed motions for summary judgment against EOUSA, one on January 9, 2002, and another on March 12, 2002. Only the former motion complies with Local Civil Rule 7.1 (h).

public record." Cottone v. Reno, 193 F.3d 550, 553-54 (D.C. Cir. 1999) (citations omitted).
Plaintiff has not shown, however, that the withheld information is in a public record. The fact
that the identities of protected individuals may be obtained from other sources or through
discovery in unrelated proceedings does not constitute privacy waivers by those individuals
under the FOIA. See, e.g., Cottone v. Reno, 193 F. 3d at 556 ("a constitutionally compelled
disclosure to a single party simply does not enter the public domain."); Davis v. United States
Department of Justice, 968 F.2d 1276, 1281-82 (D.C. Cir. 1992)(quoting Parker v. Department of
Justice, 934 F.2d 375, 379-80 (D.C. Cir.1991)) (neither knowledge about the identity of a
confidential informant nor the informant's testimony in open court "waive[s] the [government's]
right to invoke Exemption 7(D) to withhold . . . information furnished by a confidential source
not actually revealed in public."); Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990) (neither
the individual's prominence nor the agency's release of information about him "elsewhere . . .
cause[d] . . . substantial privacy interests under exemption 7(C) to be diminished."). The Court
finds no overriding public interest to compel disclosure of the exempt records. Defendant
therefore is entitled to summary judgment on the claimed exemptions.

### 2. Record Segregability

The Court further determines that EOUSA properly justified withholding certain records
in their entirety from the supplemental release. EOUSA withheld in full eleven autopsy photos
of a victim, six rap sheet reports of third parties, nine photos of third parties, six pages of
information pertaining to plaintiff's co-defendant, three pages of attorney notes, and two pages of
a third-party criminal conviction report. It avers that "[i]n certain instances identified in the
attached *Vaughn* Index, such information was inextricably intertwined with the remainder of the
document that the references to third parties were not reasonably segregable from the whole
without creating the risk of revealing privacy-protected information. . . . In other instances, the
documents were entirely concerned with the investigation and prosecution of other third party

individuals and the release of the documents under the FOIA would be non-responsive to Pinkney's request." Carroll Decl. ¶ 13.

### 3. Request to Reconsider

EOUSA takes issue with the Court's previous conclusion that it properly justified withholding information contained in the category of videotapes and audiotapes only under Exemption 7(A), Mem. Op. at 10, and seeks "correction" to reflect its justification under Exemptions 6 and 7(C). Renewed Motion at 3. In support, EOUSA offers three fragments from its first motion for summary judgment filed January 10, 2001, concluding that "[t]aken together it is clear that the defendant properly withheld information in the category of "Videotapes and Audiotapes" under Exemptions 6 and 7(C) as well as Exemption 7(A)." Id at 21-22.

The Court disagrees that EOUSA satisfied its burden of proof on those exemptions. EOUSA refers the Court to page 30 of its memorandum in support of the January 10 summary judgment motion where "the audio and video tape category" is listed among other categories to which EOUSA purported to apply Exemptions 6 and 7(C). Renewed Motion at 21. Assertions made in a memorandum of law are not evidence, however, and the cited declaration does not mention that category of records in the discussions of Exemptions 6 and 7(C). Defendant next refers the Court to "paragraph 12 of the Declaration of Stephanie M. Boucher," where she "states that the materials in this category 'pertain to third parties.'" Renewed Motion at 21. In its entirety, that paragraph, which merely identifies responsive records, reads: "The fifth category that I identified as responsive was comprised of video tape and audio tape materials. These materials pertain to third parties." Boucher Decl. ¶ 12. That statement does not in any way suggests a justification for withholding information which, in any event, is a determination Boucher was not attesting to having considered or made. See id ¶¶ 3, 7. Finally, defendant refers the Court to the Declaration of Mary Ann Snow where she states that the release of such information "would prevent the Government from addressing issues in future matters due to witness intimidation." Renewed Motion at 21. The Court declines to even speculate how that statement fits into defendant's argument. It is established that "[t]o justify summary judgment

5

[on a FOIA exemption claim], a declaration must provide detailed and specific information demonstrating 'that material withheld is logically within the domain of the exemption claimed.'" Campbell v. U.S. Dep't of Justice, 164 F.3d 20, 30 (D.C. Cir. 1998) (quoting King v. U.S. Department of Justice, 830 F.2d 210, 217 (D.C. Cir. 1987)). The bare mention of statutory language falls far short of that standard. The Court's conclusion that information contained in the category of videotapes and audiotapes was properly withheld only under Exemption 7(A) stands.

Conclusion

For the reasons stated above, defendants' renewed motions for summary judgment are granted and plaintiff's renewed cross motion for summary judgment is denied. All other matters having been previously decided, the Court will now enter judgment for defendants. A separate Order of dismissal accompanies this Memorandum Opinion.

Date:    *8-5-02*

Royce C. Lamberth
United States District Judge