UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY
    PLAINTIFF,

V.                                                                                  CIVIL ACTION 06 0246 (HHK)

US DEPARTMENT OF JUSTICE, et al.,
    DEFENDANTS.

## OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS AND OR FOR SUMMARY JUDGMENT

Now comes plaintiff, TRACY PINKNEY, pro-se respectfully moves this Honorable Court in opposition to Defendants motion to dismiss pursuant to the Federal Rules of Civil Procedures Rule 12; Rule 56(c) for Summary Judgment. As grounds for such relief is stated below;

RECEIVED
JUL 12 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## INTRODUCTION:

Plaintiff, TRACY PINKNEY AKA PAUL WAYNE PINKNEY is a District of Columbia prisoner sentenced in the Superior Court register number 208872 currently housed under the authority of the Attorney General in the Federal Bureau of Prisoners 12085007. And

previously confined at USP Hazelton, Bruceton Mills W.V. 26525. Brings this Action through the statutory provisions of 28 U.S.C.A. § 552 (a)(4)(B) and 28 U.S.C.A. § 1331. The relief sought in this civil action is for Attorney Fees and for the withheld documents to be released.

I. SUBJECT MATTER JURISDICTION

On or approximately October 2003 Plaintiff made an request from the EXECUTIVE OFFICE FOR THE UNITED STATES ATTORNEY's (EOUSA) CRIMINAL DIVISION under the Freedom of Information Act/Privacy Act, Information pertaining to Plaintiffs criminal conviction. On November 25, 2003 The Director Marie A. O'Rourke responded to plaintiffs request (SEE EXHIBIT 1) Request Number 03-2881. On July 21, 2004 Plaintiff wrote a letter advising the Defendants regarding the (9) nine month dead line (SEE EXHIBIT 2) On September 24, 2004 Plaintiff again wrote a letter concerning the information requested and still no response (SEE EXHIBIT 3) On January 2, 2005 Plaintiff wrote another letter concerning the requested information "APPEAL" (SEE EXHIBIT 4) On February 2, 2005 Mr. Richard Huff responded stating that the EOUSA is still processing plaintiffs request (SEE EXHIBIT 5) On May 31, 2005 Plaintiff responded to

Mr. Richard Huff letter inquiring about the (9) nine months agreement (due process) (see Exhibit 6) On October 27, 2005 Ms. Marie O'Rourke responded to Plaintiff phone call and letter stating that due to the large number of request they adopted a "First-in First-out" Policy (see Exhibit 7) On November 1, 2005 Plaintiff filed a Appeal to the defendants letter dated October 27, 2005 and at this time Plaintiff advised the defendants of a previous filed civil action (see Exhibit 8) On January 27, 2006 Plaintiff received a letter from Melanie Ann Pustay informing Plaintiff that his request was still being processed (see Exhibit 9) In reviewing a grant of summary judgment in proceedings seeking disclosure under FOIA the Court must first determine whether the district court had an adequate factual basis for its determination. McDonnell v. United States, 4 F.3d 1227, 1242 (3d Cir. 1993); Patterson v. FBI, 893 F.2d 595, 600 (3d Cir.) cert. denied, 498 U.S. 812, 112 L. Ed. 2d 24, 111 S. Ct. 48 (1990) To put the point differently, the appellate court is to determine from inspection of the agency's affidavits submitted, whether the agency's explanation will full and specific enough to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review the soundness of the withholding. McDonnell 4 F.3d at

- 4 -

1242. Congress enacted FOIA "to facilitate public access to Government documents." United States Dept of State v. Ray, 502 U.S. 164, 112 S.Ct. 541, 547, 116 L.Ed. 2d 526 (1991). Without question, FOIA "reflects a general philosophy of fully agency disclosure [.]" John Doe Agency v. John Doe Corp, 493 U.S. 146, 152, 107 L.Ed 2d 462, 110 S.Ct 471, 1989). (quoting Dep't of Air Force v. Rose, 425 U.S. 352, 360-361, 48 L.Ed. 2d 11, 96 S.ct 1592 (1976) ), to "ensure an informed citizenry, vital to the functioning of a democratic society." FBI v. Abramson, 456 U.S. 615, 621, 72 L.Ed 376, 102 S.Ct 2054 (1982) (quoting NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 57 L.Ed. 2d 159, 98 S.Ct 2311 (1978)). To this end, FOIA requires governmental agencies to make promptly available any records requested so long as the request "reasonably describes such records." Landano v. United States Dept of Justice, 956 F.2d 422, 425 (3d Cir.) Thus, defeats lack of subject matter jurisdiction under Rule 12 (b)(1).

## II. STATING A CLAIM

At issue this action was litigated in TRACY PINKNEY v. RICHARD L. HUFF Civil Action No. 00-0637 (RCL) (see Government Exhibit 2) also (see Plaintiff Exhibit 8) notifying the defendants of previous filed civil action by an adequate search of plaintiffs records would have

revealed that this action had been previously litigated so plaintiff isn't entitled to the same document released in plaintiffs original pleading, but, plaintiff isn't BARRED UNDER THE DOCTRINE OF RES JUDICATA for the withholding of records under EXEMPTION 7(A) and withholding of the stated categories of records as indicated in the ORDER and that's the Courts ruling located in the MEMORANDUM OPINION page 8 line 19 the Court agrees that the release of that category of documents before resolution of plaintiffs direct appeal could "result in the exposure of the prosecuting attorney's strategies. Plaintiffs conviction is now final and should have the opportunity to litigate the materials/documents that were properly withheld. Under the Freedom of Information Act ("FOIA") requests that were the subject of [the plaintiffs] previous litigation those claims are barred by the doctrine of res judicata "BUT" to the extent [the appellant] has raised new FOIA claims that were not and could not have been litigated in the prior action dismissal on res judicata grounds was not warranted Wrenn v. Shalala, 1995 US App. Lexis 8731, No 95-5198, 1995 WL 225234, *1 (C.D.C. Cir March 8, 1995) (PERCURIAM). Thus, because the documents at issue in this action was withheld in the first proceeding

-6-

Because of the reasons stated above as described in Kansi v. U.S. Department of Justice, 11 F.Supp. 2d 42, 44 (D.D.C. 1998) What about other documents that wasn't turned over? Do a person get to request other information out of his criminal file after making (1) one request? A letter from David Henderson wasn't never produced and other materials.

### III  DUE PROCESS

Plaintiff made a request from the (EOUSA) concerning his criminal conviction in OCTOBER 2003 and as of the filing of this motion the defendants hasn't responded. The specific language of the 1974 amendments on which government relies appears in 5. USC § 552 (a)(6)(c); "If the Government can show EXCEPTIONAL CIRCUMSTANCES EXIST and that the agency is excercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records" OPEN AMERICA V. WATERGATE SPEIAL PROSECUTION FORCE 178 U.S. App. DC 308 (1976) (see exhibit "7") states "all requests as equitably as possible, this office has adopted a "FIRST-IN FIRST-OUT" policy of

processing all incoming requests, this is far from the truth because I know (5) five people that made requests after I made this request, but ALLEN BLACKTHSON and ANTHONY POWE have recieved their request.

## CONCLUSION

Plaintiff, TRACY PINKNEY respectfully request that this Honorable Court GRANT plaintiff's motion for Summary Judgment and ORDER the defendants to release the remaining documents and filing fees.

## CERTIFICATE OF SERVICE

I, TRACY PINKNEY, certify that a copy of the foregoing was mailed first-class mail to:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE, NW
WASHINGTON, DC 20001

on this 6 day of July 2006.

RESPECTFULLY SUBMITTED

*Tracy Pinkney*