UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRACY PINKNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-0246 (HHK) |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

In his Opposition to Defendants' Motion to Dismiss ("Plaintiff's Opposition"), Plaintiff admits that his Freedom of Information Act ("FOIA") request at issue in this matter, which seeks the Department of Justice's criminal file on Plaintiff, is identical to a prior request made in 1999, in which he was provided all responsive and discoverable documents.  Plaintiff's Opposition at 4-5.  See also Tracy Pinkney v. Richard Huff, et al., 00cv637 (RCL); Complaint at ¶ I.B.  Indeed, Plaintiff litigated the prior disclosure against the Department of Justice to a final judgment, which resulted in a decision in favor of Defendants.  See Memorandum Opinion in Tracy Pinkney v. Richard Huff, et al., 00cv637 (Dkt. 63), attached as Govt. Exh. 2; and Memorandum Opinion in Tracy Pinkney v. Richard Huff, et al., 00cv637 (Dkt. 84), attached as Govt. Exh. 3.  Nevertheless, Plaintiff argues that *res judicata* does not attach to the final judgment in that matter because the Court found that some of the documents withheld were barred from production pursuant to FOIA Exemption 7(A), which applies only as long as the law enforcement

proceeding or investigation is pending. Because the criminal matter involving Plaintiff is now closed, Plaintiff argues, he may now "litigate the materials/documents that were properly withheld" under Exemption 7(A). Plaintiff's Opposition at 5.

While Defendants admits that the application of Exemption (7)(A) is of a temporal nature which may change with the passage of time, Plaintiff's argument ignores key portions of the Memorandum Opinion in the prior matter that specifically found that those very same documents that were withheld under Exemption 7(A), **were also properly withheld pursuant to other, more permanent exemptions**. See Govt. Exh. 3 at 2-3 (finding that the material withheld under Exemption 7(A) was also protected from disclosure by Exemptions (5) and (7)(C), and "more appropriately under Exemption 7(F)"). The Court also held that the material withheld in its entirety was not segregable, and entered judgment in favor of Defendants. Plaintiff, admittedly, did not appeal this decision, and it is final. Thus, the elements of *res judicata* are easily satisfied, as there was a final judgment on the merits in which the Court found that the material was properly withheld pursuant to exemptions **other than** 7(A), and Plaintiff cannot collaterally attack that decision merely by re-filing an identical FOIA request when he has already had a full and fair opportunity to do so. Accordingly, because Plaintiff fully litigated an identical FOIA request against the very same parties here, the prior judgment in favor of Defendants bars the present matter.[1/]

---

[1/] Although Plaintiff added a section entitled "Due Process" to his Opposition, he failed to address any of the legal arguments made by Defendants regarding the fact that he cannot assert a constitutional violation for the processing of a FOIA request, and that the Civil Rights statutes cited by Plaintiff do no apply to claims against the Federal government or its agencies. Having failed to address those arguments, they must be deem conceded, and the Court should grant the Defendants' Motion to Dismiss.

Respectfully submitted,


  /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843


**CERTIFICATE OF SERVICE**

I certify I caused copies of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss was served by first class mail upon *pro se* plaintiff at:

Tracy Pinkney
#12085007
USP Hazelton
POB 2000
Bruceton Mills, WV 26525

on this 18th day of July, 2006.


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney

3