UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE *et al.*,

    Defendants.

Civil Action 06-0246 (HHK)

**MEMORANDUM OPINION AND ORDER**

This matter brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). The complaint stems from plaintiff's FOIA request "on or about October 2003" to the Department of Justice's ("DOJ") Criminal Division and Executive Office for United States Attorneys for information pertaining to his "criminal conviction."[1] Compl. at 3; Attach. III. At the time that plaintiff filed this action in February 2006, he alleged that defendant had acknowledged his request by letter of November 23, 2003, but had not produced any records. In the present motion, defendant asserts that plaintiff's claim is barred by *res judicata*. Upon consideration of the parties' submissions and the entire file, and taking judicial notice of prior proceedings in this court, the Court will deny defendant's motion to dismiss.

---

[1] Plaintiff names the two DOJ components as separate defendants. Because the FOIA authorizes lawsuits only against agencies of the executive branch of government, the Court hereby substitutes DOJ as the sole defendant.

Under the doctrine of *res judicata*, "the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate even if they chose not to exploit that opportunity whether the initial judgment was erroneous or not." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981) (emphasis added). A final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'" *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)).

In a previous FOIA action in this Court, plaintiff had requested by letter dated May 30, 1999, the same type of information forming the basis of this complaint from the same DOJ components. *See Pinkney v. Huff*, Civ. Action No. 00-637, Mem. Op. at 1 (Sept. 25, 2001) (Lamberth, J.) ("*Pinkney*"). After considering the merits through two rounds of motions, the Court finally resolved that case by entering judgment for defendants. *See id.*, Order (Aug. 8, 2002). The Court does not find this case to be barred by the doctrine of *res judicata* because it is not based on the same "nucleus of facts" but instead arises from a new FOIA request presented to the agency in 2003, albeit for the same documents. *See Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) ("*Res judicata* does not preclude claims based on facts not yet in existence at the time of the original action.) (citations omitted). As the United States Court of Appeals for the District of Columbia Circuit has noted, the "FOIA does not limit a party to a single request,

and because the records maintained by an [agency] may change over time, a renewal of a previous request inevitably raises new factual questions." *Negley v. FBI*, 169 Fed.Appx. 591, 594 (D.C. Cir., Jan. 17, 2006). The justification for withholding records in plaintiff's previous case -- particularly where the Court had determined that the agency withheld some records solely under FOIA exemption 7(A)'s protection of records needed for ongoing law enforcement proceedings (*Pinkney*, Mem. Op. at 5-6 (Aug. 8, 2002)) -- may not apply to the subsequent request in 2003. *See Wolfe v. Froehlke*, 358 F. Supp. 1318, 1319 (D.D.C. 1973), *aff'd*, 510 F.2d 654 (D.C. Cir. 1974) ("*res judicata* does not apply because changed circumstances have altered the legal issues involved."). If defendant can show unchanged circumstances, plaintiff may be collaterally estopped from relitigating the current claim. The Court cannot determine this, however, without the benefit of additional briefing.[2] Accordingly, it is

      **ORDERED** that defendant's motion to dismiss [Dkt. No. 10] is **DENIED**. Defendant has twenty (20) days from this Order to renew its response to the complaint.

                                        _____s/_____
                                        Henry H. Kennedy, Jr.
                                        United States District Judge

Date: December 11, 2006

---

[2] Collateral estoppel, or issue preclusion, bars the relitigation of issues previously tried and decided in a court of competent jurisdiction involving the same or different parties. *See Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970) (collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."); accord *Yamaha Corporation of America v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).