UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-0246 (HHK) |

**DEFENDANT'S MOTION TO ENLARGE TIME
TO FILE RENEWED MOTION TO DISMISS**

The Defendant, United States Department of Justice, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, moves for a twenty (20) day enlargement of time up to and including January 22, 2006 to file a renewed Motion to Dismiss in compliance with this Court's Order. In support of its motion, Defendant respectfully states as follows:

1. Plaintiff, a *pro se* prisoner, filed the present complaint against the Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel the Department of Justice to release requested documents relating Plaintiff's criminal conviction. Complaint at ¶ IV.

2. On April 12, 2006, Defendant filed a Motion to Dismiss setting forth that Plaintiff's present FOIA request is identical to a prior request made in 1999, in which he was provided all responsive and discoverable documents, and which was litigated to a final judgment. See Tracy Pinkney v. Richard Huff, et al., 00cv637 (RCL); see also Complaint at ¶ I.B. Accordingly, Defendant argued that Plaintiff's present matter is barred by res judicata or collateral estoppel.

3. On December 21, 2006, the Court issued an order denying Defendant's Motion. Dkt. No. 15. In its Order, the Court reasoned that the justification for withholding records in Plaintiff's case may have changed over time, and thus issue or claim preclusion may not apply to Plaintiff's present FOIA request because the "nucleus of facts" underlying both matters may be different. Without benefit of additional briefing, the Court was unable to determine if there was any change in those "nucleus of facts" or circumstances between the two FOIA requests. The Court held that "[i]f the defendant can show unchanged circumstances, plaintiff may be collaterally estopped from relitigating the current claim." Thus, the Court directed the Defendant to renew its response to the complaint within 20 days of the date of the Order. Accordingly, Defendant's response is currently due on January 2, 2007.[1/]

4. Due to the intervening holidays, including the fact that both counsel for Defendant and the agency official who are assigned to this matter will be out of their offices on scheduled leave from December 26, 2006 to January 3, 2007, Defendant is unable to obtain the file at issue and have it reviewed for any changes in circumstances within the time frame specified by the Court. Accordingly, Defendant needs additional time within which to comply with the Court's Order.

5. Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not

---

[1/] Twenty (20) days from the date of the Court's Order is Sunday, December 31, 2006. Because the following Monday is a holiday, New Years Day, Defendant's renewed response is due January 2, 2007. Fed. R. Civ. P. ("The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.").

apply and the undersigned have not made efforts to contact him regarding this motion.[2/]

6. This is Defendant's first motion for enlargement of time to comply with the Court's Order.

Wherefore, for all of the foregoing reasons, Defendant respectfully requests a twenty (20) day enlargement of time up to and including January 22, 2006 to file a renewed Motion to Dismiss.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

[2/] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel.*" It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any **nonprisoner** *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

**CERTIFICATE OF SERVICE**

      I certify I caused copies of the foregoing Defendant's Motion to Enlarge Time to File Renewed Motion to Dismiss to be served by first class mail upon *pro se* plaintiff at:

Donald Hariston, Jr.
01783-000 cadre 1
Federal Medical Center
PO Box 1600
Butner, NC 27509

on this 21st day of December, 2006.

                                                /s/ Darrell C. Valdez
                                                DARRELL C. VALDEZ
                                                Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-0246  (HHK) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

UPON CONSIDERATION of the Defendant's Motion for Enlargement of Time, the grounds stated therefor and the entire record in this matter, it is by the Court this _____ day of December, 2006, hereby

ORDERED that the Motion be and hereby is granted; and it is

FURTHER ORDERED that the time in which Defendant shall renew its response to the complaint in this matter is enlarged to January 22, 2007.

_____
HENRY H. KENNEDY, JR.
UNITED STATES DISTRICT JUDGE