UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-0246 (HHK) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RENEWED MOTION TO DISMISS**

Defendant United States Department of Justice respectfully renews it motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and this Court's December 11, 2006 Memorandum Opinion and Order, to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted because Plaintiff's claim is barred by *res judicata* and sovereign immunity. In support of this Renewed Motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities and to the Court's previous Memorandum Opinion and Order, issued on December 11, 2006 (Dkt. No. 15).

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

Furthermore, should this Court treat Defendants' Motion to Dismiss as a motion for summary judgment, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-0246 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

In the present matter, Plaintiff initially filed a complaint alleging that the United States Department of Justice ("DOJ"), the Criminal Division of the Department of Justice and the Executive Office for the United States Attorney failed to adequately and timely respond to his Freedom of Information Act ("FOIA") request for the Department of Justice's file regarding his criminal conviction. Complaint at ¶ IV. Plaintiff's present FOIA request is identical to a prior request made in 1999, in which he was provided all responsive and discoverable documents. See Tracy Pinkney v. Richard Huff, et al., 00cv637 (RCL); see also Complaint at ¶ I.B. That matter was litigated to a final judgment. See Complaint in Tracy Pinkney v. Richard Huff, et al., 00cv637 (Dkt. 1) Govt. Exh. 1; see also Memorandum Opinion in Tracy Pinkney v. Richard Huff, et al., 00cv637 (Dkt. 63) Govt. Exh. 2; Memorandum Opinion in Tracy Pinkney v. Richard Huff, et al., 00cv637 (Dkt. 84) Govt. Exh. 3; Dismissal of Appeal in Tracy Pinkney v. Richard Huff and U.S. Attorney's Office, App. No. 01-5360 Govt. Exh. 4.[1/]

---

[1/]   Documents identified as Government Exhibits were previously attached to the Federal Defendant's original Motion to Dismiss and are incorporated herein.

On April 12, 2006, the Federal Defendants filed a motion to dismiss, seeking to dismiss Plaintiff's FOIA claim as barred by *res judicata*, because the present matter involves the same parties and a request for the same documents as a prior matter that was litigated to final judgment, and to dismiss Plaintiff's constitutional tort claims as barred by sovereign immunity. Federal Defendants' Motion to Dismiss (Dkt. No. 10). By Order dated December 11, 2006, this Court substituted the DOJ as the sole defendant and denied the motion to dismiss. Memorandum Opinion and Order (Dkt. No. 15). In its Memorandum Opinion and Order, the Court noted that Plaintiff's present FOIA requests sought the same information that was requested and provided in the previous matter. Id. at 2. However, because the prior Court determined that the agency properly withheld some of the records under FOIA exemption 7(A) protection of records for ongoing law enforcement proceedings, the Court held that Defendant must demonstrate "unchanged circumstances" in order to apply *res judicata*. Id. at 3. Therefore, this Court ordered the Defendant to provide additional briefing in a renewed response to the Complaint. Id.

## FACTUAL BACKGROUND

A.   **Plaintiff's Prior FOIA Action.**

By letter dated March 15, 1999 Tracy Pinkney made a FOIA request with the Executive Office of the United States Attorneys ("EOUSA") for copies of his criminal case file. Govt. Exh. 2 at 2. Plaintiff made a similar request with the Criminal Division of the Department of Justice ("Criminal Division") on May 30, 1999. Id. at 1. The Criminal Division could locate no records responsive to Plaintiff's request. Id. at 2. EOUSA located three boxes of responsive documents in the United States Attorney's Office for the District of Columbia. Id. at 2. On January 8, 2001,

EOUSA released forty-eight (48) pages of records in their entirety and thirty (30) pages with redactions pursuant to Exemptions (b)(6) and (b)(7) of the FOIA and (j)(2) of the Privacy Act. Id. EOUSA also advised Plaintiff that other documents responsive to his request had been withheld pursuant to Exemptions (b)(7)(A), (b)(3), (b)(5), (b)(6), (b)(7)(C) (b)(7)(D) and (b)(7)(F) of the FOIA as well as (j)(2) of the PA. Id.

On March 22, 2000, Plaintiff filed a civil complaint challenging the Criminal Division's search and the information withheld by EOUSA. Govt. Exh. 1 at 2. EOUSA moved for summary judgment on January 10, 2001. Tracy Pinkney v. Richard Huff, et al., 00cv637 (Dkt. 46). After briefing by both parties, the Court entered an order on September 25, 2001, granting the Defendants' motion in part and denying it, in part. In its accompanying order, the Court directed that the Defendants supplement the record regarding the Criminal Division's search for records and EOUSA's withholding of the records pursuant to Exception 7(A). Govt. Exh. 2.[2]

On November 7, 2001, EOUSA released more records to Plaintiff in the "other agency information " and "sealed materials" categories redacting information pursuant to exemptions (b)(7)(A), (b)(5), (b)(7)(C) and (b)(7)(F). Govt. Exh. 3 at 2. EOUSA withheld other documents pursuant to the Court's sealing order in the "sealed materials" category, and pursuant to exemptions (b)(5), (b)(7)(C) and (b)(7)(F). Id.

On November 13, 2001, EOUSA renewed its motion for summary judgment. Tracy Pinkney v. Richard Huff, et al., 00cv637 (Dkt. 69). Plaintiff filed a Cross-Motion for Summary

---

[2] Plaintiff filed an appeal on October 11, 2001. Tracy Pinkney v. Richard Huff and U.S. Attorney's Office, App. No. 01-5360. Because the Memorandum Opinion of the District Court did not dispose of all matters at issue, the appeal was dismissed for lack of jurisdiction. Govt. Exh. 4.

Judgment on January 9, 2002.  Id. (Dkt. 72).  After full briefing by the parties, the Court granted summary judgment in favor of Defendants.  Govt. Exh. 3.  The Court held that the Criminal Division's search was adequate and that no records were located, and accordingly, entered summary judgment in favor of the Criminal Division.  Id. at 1.  With respect to the EOUSA, the Court held that the EOUSA properly withheld documents and properly redacted information from documents produced pursuant to exemption (b)(7)(A) ("other agency information" and "sealed material"), and alternatively, they were properly withheld pursuant to exemptions (b)(5), (b)(7)(C), and (b)(7)(F) .  Id. at 2-3.  The Court further held that video and audiotapes located within the Defendant's files were properly withheld pursuant to exemptions (b)(7)(A).  The Court denied Plaintiff's Cross-Motion, finding that the Plaintiff failed to demonstrate an overriding public interest in the disclosure of the information withheld, and further found that the documents withheld in their entirety were not segregable.  Id. at 3-4.  Plaintiff did not appeal the final Memorandum Opinion and Order of the District Court.

**B.**     **Plaintiff's Present FOIA Request.**

On or about October 2003, he made a FOIA request for information regarding his criminal conviction.  Complaint at ¶ IV.  The present FOIA request is addressed to the same entities, and seeks the same records and information as the prior request.  Id. at ¶ I.B.  When the agency did not respond in time, Plaintiff filed an appeal with the Department of Justice Office of Information and Privacy.  Plaintiff then filed this civil matter against the same defendants as the prior litigation.

**ARGUMENT**

Defendant has completed a reasonable search of its files, and a page by page review of the contents of Plaintiff's criminal file located within the possession of the United States Attorney's Office for the District of Columbia. As a result, it has been determined that no additional records or other materials have been created or added into Plaintiff's file, and that the documents located within Plaintiff's file have not "changed over time." With respect to the audio and videotapes located in the file, Defendant has reviewed the contents of the tapes and has determined that, although the law enforcement proceedings previously underlying their withholding under exemption (b)(7)(A) has since ended, the tapes were compiled for law enforcement purposes and reveal the identity and personal information of third party individuals involved in the investigation of Plaintiff's criminal case, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Accordingly, the audio and videotapes are properly withheld pursuant to exemption (b)(7)(C) of the FOIA.

I.  **PLAINTIFF'S COMPLAINT IS BARRED BY RES JUDICATA BECAUSE HE RAISES CLAIMS THAT ARISE FROM THE SAME FACTS AS THE ORIGINAL SUIT.**

As stated in Defendant's previously-filed Motion to Dismiss, the doctrine of *res judicata* applies with equal force in FIOA litigation. See National Treasury Employees Union v. I.R.S., 765 F.2d 1174, 1177-1178 (D.C. Cir. 1985); see also Cooley v. Bush, 04cv1542 (RWR), Slip Op. at 2-3, 2005 WL 3273377 (D.D.C. 2005). Specifically, *res judicata* precludes parties or their privies from re-litigating claims that were or could have been raised in a prior litigation that was taken to a final judgment on the merits . Holland v. Nat'l Mining Ass'n, 308 F.3d 808 (D.C. Cir.

2002); Drake v. Federal Aviation Administration, 291 F.3d 59, 66 (D.C. Cir. 2002); *accord*, Parklane Hosiery v. Shore, 439 U.S. 322, 326 n.5 (1979); Allen v. McCurry, 449 U.S. 90, 94 (1980).[3/]  However, in the FOIA context, the agency must demonstrate that the subsequent FOIA request was made to the same agency and sought the same documents or information, and that the requested documents did not "change over time."  Negley v. F.B.I., 169 Fed.Appx. 591, 594 (D.C. Cir. 2006).

> A. **Because No Additional Records Responsive to Plaintiff's Request Have Been Located, the Circumstances Regarding the Adequacy of the Search for Records Have Not Changed.**

Under the FOIA, an agency must conduct a search reasonably calculated to uncover all relevant records.  Kowalczyk v. Department of Justice, 73 F.3d 386, 388 (D.C.Cir. 1996).  The issue is not whether there might exist any other records possibly responsive to the request, but rather whether the search for responsive records was adequate.  Weisberg v. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984); Nation Magazine v. U. S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  "'[T]he search need only be reasonable; it does not have to be exhaustive.'"  Miller v. Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (*quoting* National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)).

To satisfy its search obligations, an agency should search those offices or records systems reasonably likely to have responsive records.  Oglesby v. Dept. of Army, 920 F.2d 57, 68 (D.C.

---

[3/]     In order for *res judicata* to apply, a defendant must demonstrate the existence of (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits.  See Brannock Associates, Inc. v. Capitol 801 Corp., 807 F. Supp. 127, 135 (D.D.C. 1992) (stressing, however, that the fourth prong also precludes new claims that "stem from the same cause of action"); U.S. Industries, Inc. v. Blake Const. Co., Inc., 765 F.2d 195 (D.C. Cir. 1985).

Cir. 1990); Knight v. Food and Drug Administration, 938 F. Supp. 710, 716 (D. Kan. 1996). It should show that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980).

      Once the agency establishes the adequacy of its search, the burden then shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383. It is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims that the documents "may" exist. See Carney v. Dept. of Justice, 19 F.3d 807, 813 (2nd Cir. 1994); SafeCard, 926 F.2d at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993). Nor is it required that the agency employee who actually performed the search supply an affidavit. Carney, 19 F.3d at 814. Rather, a declaration from an official responsible for coordinating the search efforts or who has obtained information from those who performed the search is sufficient to fulfill the requirements of Civil Rule 56. Carney, supra; Kay v. F.C.C., 976 F. Supp. 23, 33 n. 29 (D.D.C. 1997).

      In response to the Court's Memorandum Order, Defendant conducted a search of the DOJ records where responsive documents could reasonably be located. That search included the Legal Information Office Network System (LIONS), and the Replicated Criminal Information Systems (RCIS), which are used to track civil, criminal, and appellate investigations, cases, and

7

matters. Declaration of Tina Williams ("Williams Decl.") at ¶¶ 6-8. No files, other than the one criminal case file located in response to Plaintiff's prior request, were located. Id. ¶¶ 9-10. Indeed, it appears from a review of the one file located, that it is the only file that would be responsive to Plaintiff's request. Id.

The attached declaration of Tina Williams is sufficiently detailed in nature and provides an adequate description of the procedures followed by the USAO in searching for documents responsive to Plaintiff's request. See generally Williams Decl. Thus, the USAO has demonstrated that its search was thorough and in compliance with the dictates of FOIA, and that there is no change in circumstances with respect to the location and search for Plaintiff's file.

    **B.**    **There Has Been No Change in Circumstances that Would Prevent the Application of *Res Judicata* as to Plaintiff's Claims Regarding the Documents Redacted or Withheld.**

In the present matter, Plaintiff merely directed the same request to the same entities, hoping for a different outcome. Nevertheless, in response to the Court's Order, the Defendant reviewed the responsive file. See Williams Decl. at ¶ 11. Upon review of the file, the DOJ found that no new documents were placed in the file subsequent to Plaintiff's initial request, and that no other documents, other than those referenced in the prior proceeding were in the file. Id.

The prior Court held that the documents withheld in their entirety, as well as those with portions redacted, were properly withheld pursuant to FOIA exemptions (b)(5), (b)(7)(C) and (b)(7)(F), and that the information contained within those documents were not segregable. In addition, with respect to the documents withheld pursuant to FOIA exemption 7(A), the prior Court held that alternative and more permanent exemptions protected the very same matter from

disclosure. Govt. Exh. 3 at 2-3 (finding that the withheld material was protected from disclosure by exemption (b)(5) and (b)(7)(C), and "more appropriately under Exemption 7(F)"). Plaintiff did not appeal these findings, and, accordingly, the prior judgment has preclusive effect against Plaintiff's present claims.

Accordingly, because Plaintiff fully litigated an identical FOIA request against the very same parties here, and there is no change in circumstances that would alter that result with respect to the documents withheld or redacted by Defendant, the prior judgment in favor of Defendant has preclusive effect with respect to those documents.

## II. ALL AUDIO AND VIDEO TAPES LOCATED IN THE FILE ARE PROTECTED FROM DISCLOSURE.

In the prior proceedings, the Court held that videotapes and audiotapes located in Plaintiff's criminal file were protected from disclosure by FOIA exemption (b)(7)(A). Because that exemption is temporal in nature, Defendant reviewed the tapes to determine if the exemption coverage expired, and if so, whether other exemptions prevent the disclosure of the material. After review, it has been determined that the tapes are exempt from disclosure under exemption (b)(7)(C) and (b)(7)(F).

### A. Exemption (b)(7)(C).

Exemption (b)(7)(C) requires an agency to consider the personal privacy of the subject of the requested records. Specifically, exemption (b)(7)(C) of the FOIA prohibits the release of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Therefore, the

9

threshold question for an agency justifying its withholding of a record pursuant to exemption (b)(7)(C) is whether the documents or information in question were compiled for law enforcement purposes. <u>Keys v. United States Department of Justice</u>, 830 F.2d 337, 340 (D.C. Cir. 1987).

Once it is determined that the matters sought fall within the law enforcement protections of exemption (b)(7)(C), the court must then weigh the privacy interests implicated by the release of the requested records against the public's interest in their disclosure. <u>U.S. Dep't. of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 762, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); <u>Nix v. United States</u>, 572 F.2d 998, 1002 (4th Cir. 1978). However, with respect to the level of "unwarranted" invasion of privacy that must be demonstrated by Federal Defendant, the Supreme Court has explained:

> Exemption 7(C) is more protective of privacy than Exemption 6: The former provision applies to any disclosure that "could reasonably be expected to constitute" an invasion of privacy that is "unwarranted," while the latter bars any disclosure that "would constitute" an invasion of privacy that is "clearly unwarranted."

<u>United States Department of Defense, et al. v. Federal Labor Relations Authority</u>, 510 U.S. 487, 497 n. 6 (1994). "Thus, the standard for evaluating a threatened invasion of privacy interests resulting from the disclosure of records compiled for law enforcement purposes is somewhat broader than the standard applicable to personnel, medical, and similar files." <u>Reporters Committee</u>, 489 U.S. at 756.

As will be discussed below, the records in question were "compiled for law enforcement purposes" for purposes of exemption (b)(7)(C). Therefore, because release of the audio and videotapes in this case would constitute an unwarranted invasion of personal privacy, the tapes

should be withheld pursuant to the broad protections of exemption (b)(7)(C)

        **1.**     **The Audio and Videotapes Were Compiled for Law Enforcement Purposes.**

"Because the United States Attorney's Office and the DOJ are agencies specializing in law enforcement, the claim of a law enforcement purpose is entitled to deference." Center for Nat. Sec. Studies v. U.S. Dept. of Justice, 331 F.3d 918, 926 (D.C. Cir. 2003). More directly, the United States Attorney's Office may withhold information identifying suspects, witnesses, and investigators mentioned in law enforcement records, unless disclosure is "necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity." SafeCard Servs., 926 F.2d at 1205-06; see also Schrecker v. U.S. Department of Justice, 349 F.3d 657, 661 (D.C. Cir.2003).

Clearly, audio and videotaped conversations with an identifiable third party regarding the Plaintiff's participation in a murder are rationally related to the United States Attorney's law enforcement purpose of enforcing the criminal laws and protecting the public. See Declaration of John Kornmeier ("Kornmeier Decl.") at ¶ 9. Accordingly, the sole issue for the Court to decide is if the release of the audio and videotapes in this case would constitute an unwarranted invasion of personal privacy.

        **2.**     **Balancing Private and Public Interests.**

Once it is determined that exemption (b)(7)(C) applies to the instant recordings, the inquiry shifts to whether disclosure of the recordings "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). This inquiry involves, essentially, a weighing of the privacy interest of the parties involved against "the only relevant

public interest in the FOIA balancing analysis - the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." Federal Labor Relations Authority, 510 U.S. at 497 (internal quotation marks omitted).

        a.      **Privacy Interests.**

The recorded conversation at issue in this case implicates both the privacy interests of the third party as well as the law enforcement officer conducting the interview. Indeed, this Court has already held that, "Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." Harrison v. Executive Office for U.S. Attorneys, 377 F.Supp.2d 141, 148 (D.D.C. 2005) (*quoting* Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C.Cir.1990) *and* Dunkelberger v. Department of Justice, 906 F.2d 779, 781 (D.C.Cir.1990)).[4/] Indeed, it is not a stretch to conclude that a third party either providing or gathering information regarding a murder and identifying a participant to that murder would expect to remain protected from public disclosure. See Kornmeier Decl. at ¶¶ 11-12. To release the recordings absent the third parties' consent, especially where they involve providing information about extremely dangerous criminal activity, would clearly constitute an unwarranted invasion of privacy.

        b.      **Public Interests.**

Having identified the privacy interests of the third parties, the next step in the balancing inquiry is to weigh the public's interest in the records. The D.C. Circuit has long held that the

---

[4/]    Moreover, "[t]he fact that there might have been prior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the government." Id.

public interest contemplated by the FOIA is that of the general public, not a private litigant. Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir. 1975). The law is clear that plaintiff's personal interest is entitled to no weight under the FOIA. Oguaju v. United States, 288 F.3d 448, 450, *judgment vacated sub nom,* Oguaju v. U.S. Marshals Service, 541 U.S. 970 (2004), *judgment reinstated,* Ogauaju v. United States, 378 F.3d 1115 (D.C. Cir. 2004). Thus, the FOIA was not intended to be an "administrative discovery statute for the benefit of private parties." Brown v. Federal Bureau of Investigation, 658 F.2d 71, 75 (2nd Cir. 1981) (citing Ditlow, 517 F.2d at 171-72). Nor did Congress intend to make the Federal Government a "clearinghouse for personal information." Reporters Committee for Freedom of the Press, 489 U.S. at 761. As mentioned above, the sole public interest in the FOIA balancing inquiry is to shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." Federal Labor Relations Authority, 510 U.S. at 497. In this case, the public interest in the records plaintiff seeks is absent.

     First, it should be noted that where government misconduct is the purported justification for the requested release of records, "the public interest is insubstantial unless the requestor puts forth compelling evidence that the agency denying the FOIA request is engaged in illegal activity and shows that the information sought is necessary in order to confirm or refute that evidence." Davis v. Dep't of Justice, 968 F.2d 1276, 1282 (D.C. Cir. 1992). Here, Plaintiff has made no allegation that the records will reveal anything of any public interest with respect to the United States Attorney's Office or the Department of Justice. Nor do the taped conversations in question contain any information as to how the Department of Justice is performing its statutory duties. As such, the public interest in the disclosure of the taped recordings is absent.

In the absence of a public interest in the disclosure of the taped conversations, any privacy interest will tilt the scale in favor of withholding the information, because, as the D.C. Circuit cogently observed, "something outweighs nothing, every time." Oguaju, 288 F.3d at 451 (*citing* Nat'l Association of Retired Fed. Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989).

B. **Exemption (b)(7)(F)**

The video and audiotapes are also properly withheld under FOIA exemption (b)(7)(F), which permits the withholding of information necessary to protect the physical safety of a wide range of individuals. This exemption provides broad protection to "any individual" when disclosure of information about him "could reasonably be expected to endanger [his] life or physical safety." 5 U.S.C. § 552(b)(7)(F). The dangers present by disclosing persons involved in criminal investigations is readily ascertainable. See Kornmeier Decl. at ¶ 15. Providing identifying information simply provides additional fuel for convicted felons seeking retribution or revenge for persons involved in the prosecution of their matter. Carbe v. Bureau of Alcohol, Tobacco and Firearms, 2004 WL 2051359 at *7 (D.D.C. August 12, 2004) (exemption (b)(7)(F) permits withholding names and identifying information of federal employees and third persons in connection with a particular law enforcement matter). Accordingly, the audio and videotapes are protected from public disclosure pursuant to FOIA exemption (b)(7)(F).

C. **Segregability.**

Finally, under FOIA, agencies withholding records are required to release "any reasonably segregable portion" thereof. 5 U.S.C. § 552(b). Here, the audio and videotapes are

not segregable. The information provided by the witness, as well as the voices of the participants and their images on the video tapes would all reveal the identity of the third parties. Accordingly, the tapes are not segregable, and must be withheld in their entirety.

### III. PLAINTIFF'S CONSTITUTIONAL CLAIM REGARDING THE PROCESSING OF HIS FOIA REQUEST IS BARRED.

Plaintiff captioned his complaint as a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Complaint at 1. In the initial Motion to Dismiss, the Federal Defendants argued that, to the extent that Plaintiff is alleging a Constitutional violation regarding the processing of his FOIA request, his claim is barred by sovereign immunity. However, the Court did not address this argument in its Memorandum Opinion and Order. Accordingly, Defendant renews its motion to dismiss with respect to that claim.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). See also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature"). To the extent that Plaintiff seeks damages against the United States or its employees in their official capacity, his claims must be dismissed absent a waiver of sovereign immunity. Meyer v. Reno, 911 F. Supp. 11 (D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992).

Nor does the civil rights statute cited by Plaintiff, 42 U.S.C. § 1983, waive the sovereign immunity of the United States to Constitutional tort suits, as "by their terms, [the Civil Rights

statutes] do not apply to actions against the United States."  Hohri v. United States, 782 F.2d 227, 245 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64 (1987).  See also United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir.1982) ("It is well established ... that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]"); Biase v. Kaplan, 852 F.Supp. 268, 289-90, n. 18 (D.N.J.1994) ("[N]either § 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States nor a federal agency").  Thus, the United States cannot be sued under the civil rights statutes, including § 1983.  Benson v. United States, 969 F. Supp. 1129 (1997).

Moreover, it has long been held that the FOIA's comprehensive remedial scheme addresses all claims relating to the disclosure of government records and therefore precludes any recovery for alleged constitutional violations arising from the processing of a FOIA request. Johnson v. Executive Office for United States Attorneys, 310 F.3d 771, 777 (D.C. Cir.2002); Sonds v. Huff, 391 F.Supp.2d 152, 155 (D.D.C. 2005).  Consequently, the Court should further preclude this claim because the United States has not waived its sovereign immunity.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss and enter judgment for the Defendant on Plaintiff's complaint.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843


## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Renewed Motion to Dismiss and Memorandum of Points and Authorities in Support thereof was served by first class mail upon *pro se* plaintiff at:

Tracy Pinkney
#12085007
USP Hazelton
POB 2000
Bruceton Mills, WV 26525

on this 26th day of January, 2007.

  /s/ Darrell Valdez
DARRELL C. VALDEZ
Assistant United States Attorney