IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY,           )
          Plaintiff,   )
                        )
V.                       )   Case No.  06-CV-00246-(HHK)
                        )
U.S. DEPARTMENT OF JUSTICE )
et al.,                  )
          Defendants.  )

## DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1) I am an attorney advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this office and 94 United States Attorney's offices ("USAO's") and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et. seq. and §16.40 et. seq.).

2) As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release

1

and/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts. The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3) Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Tracy Pinkney (hereinafter referred to as "Mr. Pinkney ").

4) I have prepared this declaration to respond to the issues raised by the Court in its Memorandum Opinion and Order ("Opinion") dated December 11, 2006.

5) In its Opinion the Court states that if the defendant can show unchanged circumstances from previous litigation, the plaintiff may be collaterally estopped from re-litigating its current claim.

6) The Opinion raised the following two issues as pertinent to whether there are unchanged circumstances:

    a. Were the records under the present claim the same as those under the previously litigated claim or have any new records been created;

    b. In the previous litigation, the court allowed the withholding of records in one instance solely under exemption (b)(7)(A) of the FOIA; since this exemption is temporal, if it has expired, then other exemptions to hold the material must be addressed.

7) EOUSA addressed these issues as follows:

    a. EOUSA asked Tina Williams, the FOIA liaison for the USAO for the District of Columbia ("USAO/DC"), to search the underlying criminal case, which is the subject of Mr. Pinkney's requests in this and the previous litigation, and determine if any new records, which

had not been the subject of the previous litigation, had been created. Tina Williams determined that no new records had been created. Her declaration to this effect is submitted separately.

    b. In examining the decision of Judge Lamberth, dated August 8, 2002, in the previous litigation, I noted that the one set of records for which Judge Lamberth granted FOIA exemption (b)(7)(A) protection solely, consisted of video and audio tapes. Judge Lamberth approved protection for all other records under additional permanent exemptions. Since exemption (b)(7)(A) protection has expired, the USAO/DC forwarded the video and audio tapes from Mr. Pinkney's criminal file to EOUSA for processing.

    8) EOUSA has examined the tapes and is asserting exemptions (b)(7)(C) and (b)(7)(F) of the FOIA to withhold them in full.

    9) There are two sets of tapes. Both are from the criminal file of Mr. Pinkney.

    The first set consists of three video tapes with three audio backup tapes of the examination of a named third party by District of Columbia detectives. The third party discusses events surrounding a murder and discusses Mr. Pinkney's involvement. Disclosure of such records would be an unwarranted invasion of personal privacy and expose the interviewee to potential harm.

    The second set has two audio tapes, one tape is labeled with the name of a third party who is calling the police to report a shooting and of individuals running from the scene. Since this is a witness to a violent crime talking to police and describing alleged assailants, disclosure of such a record would be an unwarranted invasion of personal privacy and expose the witness to potential harm. This tape, unlike the others, has a label with a government exhibit number. There is no indication on the tape itself that it was accepted into evidence at a trial. Upon completion of its review of the records of Mr. Pinkney's criminal case, the USAO/DC told EOUSA that it was

unable to find any indication that the tape was accepted into evidence. EOUSA is, therefore, withholding it to protect the third party.

The second tape of the second set contains the same initial report as the first tape plus follow up calls to a police operator including ones from an ambulance driver; from a police sergeant identified by name reporting gun shots, the location of the shooting , and the sighting of two individuals running down the street; from a woman reporting a man shot; and from police officers describing the suspects, discussing the witnesses, and discussing the weapon. Since this tape contains different third parties and the names of third parties, both civilian and police, who are reporting and discussing a violent crime, EOUSA is withholding the tape to protect the third parties.

<u>EXEMPTION 5 U.S.C. Section 552(b)(7)(C)</u>

10) Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to prosecute Mr. Pinkney for violations of criminal statutes.

11) Exemption (b)(7)(C) is applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case, all to their detriment.

12) This exemption also applies to withhold identities of the law enforcement personnel who participated in the investigation and prosecution of this case. Individual duties and assignments are not public and such publicity as would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting such individuals to harassment or harm. These persons have protected privacy interests in the conduct of law enforcement investigations.

13) The EOUSA determined that there was no public interest in the release of this information because dissemination of the information would not help explain the activities and operations of the EOUSA. No public interest would counterbalance the individual's(s') privacy right in the information withheld under this exemption. Indeed, Mr. Pinkney provided this office with no authorizations or consents to release otherwise personal privacy protected materials from any third party individual.

### EXEMPTION 5 U.S.C. Section (b)(7)(F)

14) Exemption (b)(7)(F) of the FOIA permits the withholding of records or information compiled for law enforcement purposes, if release of such could reasonably be expected to endanger the life or physical safety of any individual. No balancing of interests is required for withholding.

15) EOUSA applied this exemption to the documents in this case in conjunction with other exemptions, because of indications that there was a reasonable likelihood that a threat of harm could be posed to certain individuals who either work for the government and/or who provided information in the course of an investigation, should the withheld material be released. A reasonable likelihood that there was a threat of harm to individuals could be inferred from the facts and circumstances evident in the documents in question: the information concerns the

providing of information to law enforcement officials on the commission of a violent crime.

16) Each tape was evaluated for segregability. The information and the voices as well as the images on the video tapes would all reveal the identity of the third parties. There is, therefore, no meaningful way to segregate information.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 26, 2007.

_____
John Kornmeier