UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY,
  PLAINTIFF,

  -VS-

DEPARTMENT OF JUSTICE, et al.,
  DEFENDANTS

RECEIVED
MAR 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CIVIL ACTION 06-0246 (HHK)

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, respectfully moves this court for summary judgment on behalf of the plaintiff, on the grounds that there are no material facts in dispute and the plaintiff is entitled to judgment in his favor as a matter of law. FED. R. CIV. P 56(e). In support of this motion are plaintiff's memorandum of points and authorities, statement of material facts not in dispute and the declaration of plaintiff and document.

Defendant's should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of plaintiff's motion will be accepted by the court as true unless the defendants submit their own affidavit or other documentary evidence contradicting the assertions in plaintiff's attachments.

Neal v. Kelly, 963 F.2d 453 (DC Cir 1992) Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therewith. Sworn or certified copies of all papers or part thereof referred to in an affidavit shall be attached thereto or served therewith. The Court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(e).

Respectfully Submitted,

*Tracy Pinkney*

TRACY PINKNEY
12085-007
USP HAZELTON
P.O. BOX 2000
BRUCETON MILLS WV 26525

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY
   Plaintiff,

- vs -

DEPARTMENT OF JUSTICE et al,
   Defendant.

CIVIL ACTION 06-0246 CHHK

## MOTION FOR SUMMARY JUDGMENT

Plaintiff, Tracy Pinkney respectfully moves this Court for grounds that there are no material facts in dispute and the plaintiff is entitled to judgment in its favor as a matter of law. FED. R. CIV. P 56(e). In support of this motion are plaintiff's memorandum of points and authorities, statement of material facts not in dispute and the declaration of plaintiff and document, and in support of this motion plaintiff states the following

## FACTUAL BACKGROUND

A.   Plaintiff filed a FOIA request with the Executive Office of the United States Attorney (EOUSA) and the Criminal Division for copies of documents of his criminal

case in March 15, 1999, on or approximatly March 20, 2000 Plaintiff filed a civil complaint in this Court for the release of the information withheld by the defendants.

On September 25, 2001 The District Court issued a memorandum to release documents and held that certain information was exempt pursuant to Exception 7(A). Tracy Pinkney v. Richard Huff No. 01-5360

3. Plaintiff filed[1] another FOIA requesting for information from the defendants and was advised that plaintiff would have to wait (9) nine months because of a request that was requested (PROJECT REQUEST) After 2 years the defendants never responded. Thats what brought about the filing of this civil action after the defendants violated it agreement on February 2, 2005 the defendants stated that they have still not responded to plaintiffs request.

---

[1] This request was made October 2003

# ARGUMENT

## I. PLAINTIFF'S COMPLAINT IS NOT BARRED BY RES JUDICATA

Under 393 F.3d 210 APOTEX, INC v. FDA 2004 Apotex also argues that res judicata does not apply here because res judicata doesn't not bar parties from bringing claims based on material facts that were not in existence when they brought the original suit, DRAKE, 291 F.3d a 66 The file sought here has previously been the subject of an unsuccessful lawsuit by one of the present plaintiffs, EPSTEIN V. RESOR, 296 F.Supp 214 (N.D. CAL 1969) aff'd 421 F.2d 930 (9th Cir 1970). For this reason the Defendant has raised a claim of res judicata and asks that this case be dismissed. Even assuming that the doctrine would extend to the other plaintiff's here, however, it is clear to the court that res judicata does not apply because changed circumstances have altered the legal issues which were raised or might have been raised in the prior case for two (2) reason[s]:

1. The reason that the only information wasn't released according to memorandum issued on September 25, 2001 because of a case called KANSI V. U.S. DEPTMENT OF JUSTICE 11 F. SUPP 2d 42, 44 (D.D.C 1998) At the time plaintiffs case was still on appeal.

-7-

The potential for interference with witnesses and highly sensitive evidence that drives the 7(A) exemption ... exists a least until plaintiff's conviction is final.") (internal citations omitted). See also MAYDAK V. UNITED STATES DEPARTMENT OF JUSTICE, 218 F.3d at 762 ("Another recognized goal of Exemption 7(A) is to prevent litigants from identifying and intimidating or harassing witnesses."). In which according to the authority case citing the plaintiff concedes that the withhold was proper.

  2. Plaintiff has now found that the defendants comitted defraud upon this court in the first civil action by not turning over evidence or statements requested under the Freedom of Information Act civil action number 00-0637. Plaintiff will show "changed circumstances" "exceptional circumstances". Plaintiff criminal case was remanded June 17, 2004 for a hearing, on November 1, 2004 a hearing was conducted were a witness named David Henderson testified pursuant to case number F-2830-96, on page 70 line 21 states:

  A I don't remember or recall telling her that, but, in fact, as I stated to you before, when I received this letter I was in the process of rewriting that letter. Now if the government has that letter that I was writing that they were able to seize that would clarify what my clear

INTENTIONS WAS WHEN I RECEIVED THIS LETTER, SO IF THAT LETTER IS ABLE TO BE PRODUCED, THEN YOU WOULD UNDERSTAND WHAT I WROTE BACK TO Mr PINKNEY AT THAT TIME, SO IF YOU HAVE THAT I WOULD PLEASE LIKE TO SEE IT.

Q. THANK YOU.

THIS LETTER WAS TAKEN ON A SEARCH OF HENDERSONS PROPERTY IN WHICH WAS NEVER TURNED OVER AND OTHER INFORMATION SUCH AS A Sqt. TIMBERLAKE THAT WAS INTERVIEWED BY GOVERNMENT INVESTIGATOR, PLAINTIFF WILL ELABERATE ON OTHER MATERIALS "IF" THE COURT REQUEST THIS IS THE REASON FOR THE FILING OF THIS CIVIL ACTION NOR WAS THESE MATERIAL LIST IN THE DEFENDANT <u>VAUGHN INDEX</u> UNDER VAUGHN V. ROSEN, 157 US APP. DC 340, 484 F.2d 820 (D.C. Cir. 1973), cert denied, 415 US 977, 39 L.Ed. 2d 872, 94 S.Ct. 1564 (1974) ESTABLISH A REQUIREMENT THAT AGENCIES, UNDER CERTAIN CIRCUMSTANCE PREPARE "DETAILED INDEXES ITEMIZING EACH ITEM WITHHELD, THE [FOIA] EXEMPTIONS CLAIMED FOR THAT ITEM, AND THE REASONS WHY THE EXEMPTION APPLIES TO THAT ITEM" 484 F2d AT 820. THE DEFENDANT ARE USING THE DEFENDANT'S RENEWED MOTION TO DISMISS AS A VAUGHN INDEX BECAUSE THIS IS THE DEFENDANTS WAY OF USING A GENERIC APPROACH TO CATEGORIZE THE DOCUMENTS INSTEAD OF USING A VAUGHN TEXT.

THIS COURT SHOULD ALLOW THE DEFENDANTS TO DO THIS.

Under ACLU v. United State DOJ, 321 F. Supp. 2d 24 The government contend that res judicata bar plaintiffs request for the number of field office section 215 requests because the issue was litigated in ACLU I. While plaintiffs do not dispute the identity of the two requests, they argue that res judicata is inapplicable because a post-judgment event has given rise to a new claim. It is clear that res judicata does not preclude claims based on facts not yet in existence at the time of the original action, Drake v. FAA, 291 F.3d 59, 66, 351 US App D.C. 409 (D.C. Cir 2002) (citing Page v. United States 234 U.S. App. D.C. 332, 729 F.2d 818, 820 & n.12 (D.C. Cir 1997) (post-judgment events give rise to new claims, so that claim preclusion is no bar") or when changed circumstances alter the legal issue involved. Wolfe v. Froehlke, 358 F Supp 1318, 1319 (D.D.C. 1973), Aff'd, 166 U.S. App. D.C. 224, 510 F.2d 654 (D.C. Cir 1974). As here Wolfe involved a FOIA request for the same information unsuccessfully sought in a prior suit. Id The Court held that since the justification for withholding the information had changed after the first suit, a challenge to continued non-disclosure under the newly proffered exemption was not barred by claim preclusion. Id at 1319-20 - - - FOIA request

Res judicata, therefore cannot preclude plaintiffs claim, for the doctrine does not bar a litigant from doing in the present what he had no opportunity to do in the past. DRAKE, 291 F 3d at 66.

A district court may grant summary judgment based on an agency affidavit, so long as the record contains no contrary evidence or evidence of agency bad faith. MILITARY AUDIT PROJECT V. CASEY 211 U.S. App. DC 135, 656 F2d 724 738 (D.C. Cir 1981) The defendants declaration TINA WILLIAMS #11. After a careful review of the case file in F2830-96, I determined that Mr. Pinkne previously received all responsive documents and information that were not exempt from disclosure pursuant to the FOIA and PA, and that no new documents were placed in the case file subsequent to the USAO/DC and EOUSA responses on January 8, 2001, and November 7, 2001, is in fact a contradiction and is given in BAD FAITH, therefore plaintiff should be granted summary judgment.

## II. PROCESSING OF PLAINTIFF'S FOIA REQUEST.

On or about October 2003 Plaintiff made a request to the defendants under the Freedom of Information Act 5 USC 552 requesting information from plaintiffs criminal conviction. Plaintiff received a letter from the defendants indicating that "THEY" make every effort to process most request within a month (20 working days) but if plaintiff has made a PROJECT REQUEST plaintiff may be expected to wait (9) NINE months from the date of their letter, in which was violated.

Without argument plaintiff [KNOWS] that the only "RELIEF" that can be granted is ... MATERIALS/INFORMATION AND made to pay Attorney FEES and any other relief this court seems deem!

Thus, courts have held that a due process right in expeditious processing of a FOIA request exists when a criminal trial with substantial penalties is pending. SEE CLEAVER v. KELLY, SUPRA, FERGUSON v. F.B.I., supra. Requests such as plaintiffs are granted regularly when the moving party can show (a) that she is facing grave

punishment if convicted, and (b) that there is reason to believe information will be produced to aid the individuals defense, CLEAVER V. KELLEY, supra at 81 under 5 U.S.C. §552 (a)(6)(E)(v)(ii) for expedited processing pursuant to 28 C.F.R. § 16.5 (d)(1)(ii).

This court previously held that this regulation was promulgated pursuant to DOJs authority, and thus, a requester is not required to demonstrate a "COMPELLING NEED" to qualify for expedited processing under it. SEE EDMONDS V. FBI, 2002 U.S. DIST LEXIS 26578, at *8-9 (D.D.C. DEC 3, 2002)

This Court reviews denials of expedited processing of FOIA requests de novo SEE, eg., AL-FAYED V. CIA, 254 F.3d 300, 305 (D.C. Cir 2001)

## CONCLUSION

Wherefore, for the foregoing reasons, plaintiff respectfully requests that this Court GRANT plaintiff's motion for summary judgment and ORDER all DOCUMENT to be placed in a VAUGHN INDEX because materials are being HELD ILLEGALLY.

and the defendants ORDER to turn over all documents

Respectfully Submitted

*Tracy Pinkney*

TRACY PINKNEY

## CERTIFICATE OF SERVICE

I, certify that a true copy of the foregoing was mailed first-class mail to:

UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE NW
WASHINGTON, DC 20001

On this __1__ day March 2007.

Respectfully Submitted

Tracy Pinkney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY
PLAINTIFF,

- VS -

DEPARTMENT OF JUSTICE, et al.,
Defendants.

Civil Act 06-0246 (HHK)

## DECLARATION OF TRACY PINKNEY

I, Tracy Pinkney declare the following to be a true and correct statement of facts surrounding the above listed civil action number 06-0246

[1] I Tracy Pinkney am the same person making this Freedom of Information and the plaintiff in this civil matter also the same person who litigated the civil matter in Tracy Pinkney v. Richard Huff et al 00-cv032.

[2] On or about October 2003 a request was made to the defendants under the Freedom of Information Act 5 USC 552, regarding records from plaintiff criminal conviction F 2830-96 in which was received on December 2, 1997, Argued in the District of Columbia Court of Appeals and decision handed down remanding the matter to the

- 2 -

lower court for an inquiry on September 27, 2006 and November 1, 2006 hearing was held and plaintiff was denied, plaintiff appealed back to the Court of Appeals and was denied. Plaintiff then filed a rehearing en banc and was denied on January 16, 2007.

[3] On November 25, 2003 I received a letter from the defendants indicating that "THEY" make every effort to process most requests within a MONTH (20 working days) but if plaintiff has made a PROJECT REQUEST plaintiff may be expected to wait (9) NINE MONTHS from the date of their letter, and as of this date the defendants have violated this AGREEMENT.

[4] Plaintiff has written several letters requesting for the information previously requested even in one letter notified the defendant that he previously litigated a FOIA civil action <u>TELLY PINKNEY v. RICHARD HUFF</u> so it wasn't TINA WILLIAMS searched or identified that this had been litigated in the above mentioned action. Now looking at TINA WILLIAMS declaration at 10. states,

The case file, consisting of three boxes was retrieved from closed files and provided to the Civil Division of this office "A search of each box was conducted of all records contained in the case file of any records

responsive to Mr Pinkney's request, And the records identified as responsive were compiled to the document provided in his initial FOIA/PA request.

11. After a careful review of the case file in F 2830-96, I determined that Mr Pinkney <u>previously received all responsive documents and information</u> that were not exempt from disclosure pursuant to the FOIA and PA, and that "NO" new documents were placed in the case file subsequent to the USAO/DC and EOUSA responses on January 8, 2001, and November 7, 2001.

12. The handling of Mr Pinkney's request was consistent with standard procedures of the USAO/DC with regard to FOIA/PA requests.

PURSUANT TO 28 USC §1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

[5] Drawing the attention to the transcript of Monday, November 1, 2004 page 70 line 24, "Now if the government has that letter that I was writing that they were able to seize that would clarify what my clear intentions was when I received this letter. So if that letter is able to be produced, then you would understand what I wrote back to Mr Pinkney at that time

...if you know that I would prefer like to know? Thank you.

Also page 66 line 15 Q In any event, Mr Henderson, you were in the process of responding to this letter when it was taken from your cell. Is that correct?

A. That's correct.

[6] So this court can say with a certain that the DECLARATION of TINA WILLIAMS is PERJURY, This information wasn't turned over in the first civil matter TRACY PINKNEY VS. RICHARD HUFF nor was the interview notes of this witness or the detectives that was present, their notes nor was this listed in the VAUGHN TEXT in the first litigation. This court should take note that plaintiff has other materials that was helded back nor was it listed in the VAUGHN TEXT by the defendants. The defendants shouldn't be allowed to play cat and mouse games before this court and get caught, this is a total disregards for the court integrity but if this court will allow plaintiff that the defendant "never" truthful in any of it process of plaintiff's request. So we can say that its been CHANGED CIRCUMSTANCES in this litigation.

[7] On February 2, 2005 I received a letter from the Co-Director Richard Huff stating that the COUSA still has not responded to plaintiff's request, even after plaintiff waited (9) nine month (agreement of the defendant) to this present date and no materials or information nor was a VAUGHN TEXT every done but now the defendants are "TRYING" to say whats EXEMPT and citing exemption they think justify their refusal to release the information USEING THE WRONG OR IMPROPER AVENUE to cite specific exemption in their motion to dismiss, (GENERIC APPROACH) but now the defendant are "RELITIGATING THE FIRST CIVIL ACTION AND THIS PRESENT ONE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 28th, 2007

Tracy Pinkney
TRACY PINKNEY