UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 06-0246 (HHK) |

**DEFENDANT'S SECOND MOTION TO ENLARGE TIME TO FILE
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    The Defendant, United States Department of Justice, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, moves for a two week enlargement of time up to and including April 16, 2007, to file an Opposition to Plaintiff's Motion for Summary Judgment. In support of its motion, Defendant respectfully states as follows:

    1.    Plaintiff, a *pro se* prisoner, filed the present complaint against the Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel the Department of Justice to release requested documents relating to Plaintiff's criminal conviction. Complaint at ¶ IV.

    2.    On April 12, 2006, Defendant filed a Motion to Dismiss setting forth that Plaintiff's present FOIA request is identical to a prior request made in 1999, in which he was provided all responsive and discoverable documents, and which was litigated to a final judgment. See Tracy Pinkney v. Richard Huff, et al., 00cv637 (RCL); see also Complaint at ¶ I.B. Accordingly, Defendant argued that Plaintiff's present matter is barred by res judicata or collateral estoppel.

3. On December 21, 2006, the Court issued an order denying Defendant's Motion. Dkt. No. 15. In its Order, the Court reasoned that the justification for withholding records in Plaintiff's case may have changed over time, and thus issue or claim preclusion may not apply to Plaintiff's present FOIA request because the "nucleus of facts" underlying both matters may be different. Without benefit of additional briefing, the Court was unable to determine if there was any change in those "nucleus of facts" or circumstances between the two FOIA requests. The Court held that "[i]f the defendant can show unchanged circumstances, plaintiff may be collaterally estopped from relitigating the current claim."

4. In compliance with the Court's directive, Defendant filed a Renewed Motion to Dismiss on January 26, 2007. In its motion, Defendant attached an affidavit from Paralegal Specialist Tina Williams asserting that she had conducted a reasonable search of its files, and a page by page review of the contents of Plaintiff's criminal file located within the possession of the United States Attorney's Office for the District of Columbia, and that no additional records or other materials were located in Plaintiff's file, and that the documents located within Plaintiff's file have not "changed over time." Accordingly, Defendant moved to dismiss Plaintiff's complaint on the grounds that res judicata barred his claims.

5. In response to Defendant's Motion to Dismiss, Plaintiff filed a Motion for Summary Judgment on March 5, 2007. In his Motion, Plaintiff alleges that additional documents may exist as the result of a remand of Plaintiff's criminal matter in 2004. Defendant's response is currently due on Monday, April 2, 2007. As a result of the allegations in Plaintiff's Motion, counsel for Defendant requested and was granted additional time to locate any documents that may exist from the remand of Plaintiff's criminal matter.

6. Counsel for Defendant has completed a search and has located an additional file from the remand of Plaintiff's criminal matter. The file has been forwarded to the Freedom of Information/Privacy Act Office of the Executive Office for United States Attorneys for processing in compliance with Plaintiff's FOIA request. Accordingly, additional time is needed to complete the processing of the file, and prepare a response in light of the request. Indeed, Defendant's response may moot the matter before the Court.

7. Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and the undersigned have not made efforts to contact him regarding this motion.[1]

Wherefore, for all of the foregoing reasons, Defendant respectfully requests a two week enlargement of time up to and including April 16, 2007 to file its Opposition to Plaintiff's Motion for Summary Judgment.

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner *pro se* parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any **nonprisoner** *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**CERTIFICATE OF SERVICE**

I certify I caused copies of the foregoing Defendant's Second Motion to Enlarge Time to File Opposition to Plaintiff's Motion for Summary Judgment to be served by first class mail upon *pro se* plaintiff at:

Tracy Pinkney
No. R12085-007
Hazelton United States Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525

on this 29th day of March, 2007.

        /s/ Darrell C. Valdez
      DARRELL C. VALDEZ
      Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-0246 (HHK) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

UPON CONSIDERATION of the Defendant's Motion for Enlargement of Time, the grounds stated therefor and the entire record in this matter, it is by the Court this _____ day of _____, 2007, hereby

ORDERED that the Motion be and hereby is granted; and it is

FURTHER ORDERED that the time in which Defendant shall file its Opposition to Plaintiff's Motion for Summary Judgment in this matter is enlarged to April 16, 2007.

_____
HENRY H. KENNEDY, JR.
UNITED STATES DISTRICT JUDGE