**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **TRACY PINKNEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 06-0246 (HHK)** |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| **Defendant.** | ) |

_____)

### OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### AND SUPPLEMENT TO DEFENDANT'S RENEWED MOTION TO DISMISS

In the present matter, Plaintiff initially filed a complaint alleging that the United States

Department of Justice ("Defendant" or "DOJ") failed to timely respond to his October 2003

Freedom of Information Act ("FOIA") request for the Department of Justice's file regarding his

criminal conviction. Complaint at ¶ IV. Plaintiff does not dispute that his present FOIA request

is identical to a prior request made in 1999. See Plaintiff's Motion for Summary Judgment at 1-

2. Nevertheless, Plaintiff alleges that the initial response to his 1999 FOIA request was

incomplete because letters that he authored and sent to a witness during his criminal trial, as well

as other documents about third parties were not produced. Plaintiff failed to advise the Court,

however, that he raised these very same allegations regarding the very same documents in his

prior FOIA lawsuit, and that the District Court in that matter upheld the withholding of those

documents.

Plaintiff further argues that the circumstances between the two FOIA requests have

changed because his criminal case was remanded in 2004 by the District of Columbia Court of

Appeals to the District of Columbia Superior Court, and that additional testimony and other

documents exist as a result of that remand.  In response to Plaintiff's argument, Defendant

conducted a further search of Plaintiff's file and located the file from the remand of Plaintiff's

criminal matter.  Declaration of Darrell Valdez (Valdez Decl.) at ¶ 12.  The file was forwarded to

the Freedom of Information/Privacy Act Office of the Executive Office for United States

Attorneys for processing in compliance with Plaintiff's FOIA request, and Defendant produced,

in full, an additional 50 pages of documents (including letters from Plaintiff); 2 pages with

redactions; and withheld 351 pages in full pursuant to FOIA exemptions.  Second Declaration of

John W. Kornmeier (Second Kornmeier Decl.) at ¶ 8.

This Court should deny Plaintiff's Motion for Summary Judgment and grant the

Defendant's Motion to Dismiss for the following reasons: (1) because there is no change of

circumstances in the Plaintiff's criminal file prior to the remand to the Superior Court, *res

judicata* bars Plaintiff's claims that were or could have been raised regarding those documents

and other information that existed prior to the August 8, 2002 judgment in favor of the Defendant

in Tracy Pinkney v. Richard Huff, et al., 00cv637 (RCL), including the allegations surrounding

the withholding of letters and other documents of third parties; (2) because Plaintiff has not

challenged, in his summary judgment motion or elsewhere, the withholding of the videotape and

audiotape recordings located in his criminal file pursuant to FOIA exemption (b)(7)(C), and

therefore has conceded the appropriateness of the withholding; and (3) because the Defendant

has subsequently located all new documents in Plaintiff's criminal matter after August 8, 2002,

that arose as a result of the remand to the Superior Court, and has produced all records and

discoverable information responsive to his present FOIA request, his claim is now moot.

Accordingly, this Court should deny Plaintiff's Motion for Summary Judgment, and grant

Defendant's previously-filed Motion to Dismiss.

## **FACTUAL BACKGROUND.**

The facts underlying Plaintiff's present FOIA request and his 1999 FOIA request are adequately set forth in Defendant's Motion to Dismiss, and are incorporated by reference herein.

Plaintiff filed the present complaint against the Defendant under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel the Department of Justice to release requested documents relating to Plaintiff's criminal conviction. Complaint at ¶ IV. On April 12, 2006, Defendant filed a Motion to Dismiss setting forth that Plaintiff's present FOIA request is identical to a prior request made in 1999, in which he was provided all responsive and discoverable documents, and which was litigated to a final judgment. See Tracy Pinkney v. Richard Huff, et al., 00cv637 (RCL); see also Complaint at ¶ I.B. Accordingly, Defendant argued that Plaintiff's present matter is barred by res judicata or collateral estoppel.

On December 21, 2006, the Court issued an order denying Defendant's Motion. Dkt. No. 15. In its Order, the Court reasoned that the justification for withholding records in Plaintiff's case may have changed over time, and thus issue or claim preclusion may not apply to Plaintiff's present FOIA request because the "nucleus of facts" underlying both matters may be different. Without benefit of additional briefing, the Court was unable to determine if there was any change in those "nucleus of facts" or circumstances between the two FOIA requests. The Court held that "[i]f the defendant can show unchanged circumstances, plaintiff may be collaterally estopped from relitigating the current claim."

In compliance with the Court's directive, Defendant filed a Renewed Motion to Dismiss on January 26, 2007. In its motion, Defendant attached an affidavit from Paralegal Specialist

Tina Williams asserting that she had conducted a reasonable search of its files, and a page by page review of the contents of Plaintiff's criminal file located within the possession of the United States Attorney's Office for the District of Columbia, and that no additional records or other materials were located in Plaintiff's file, and that the documents located within Plaintiff's file have not "changed over time." Accordingly, Defendant moved to dismiss Plaintiff's complaint on the grounds that res judicata barred his claims. In response to Defendant's Motion to Dismiss, Plaintiff filed a Motion for Summary Judgment on March 5, 2007. In his Motion, Plaintiff alleged that additional documents may exist as the result of a remand of Plaintiff's criminal matter in 2004.

As a result of the allegations in Plaintiff's motion, counsel for Defendant requested and was granted additional time to locate any documents that may exist from the remand of Plaintiff's criminal matter, and to process his claim. Counsel for Defendant completed the search and located an additional file from the remand of Plaintiff's criminal matter. Valdez Decl. at ¶ 12. The file was forwarded to the Freedom of Information/Privacy Act Office of the Executive Office for United States Attorneys (EOUSA) for processing in compliance with Plaintiff's FOIA request. Plaintiff was provided 50 pages of documents (including the letters from Plaintiff to the witness); 2 pages with redactions; and withheld 351 pages in full pursuant to FOIA exemptions (b)(5) and (b)(7)(C), and Privacy Act exemptions (j)(2). Second Declaration of John W. Kornmeier (Second Kornmeier Decl.) at ¶ 8.

## ARGUMENT

I.     **PLAINTIFF'S COMPLAINT REGARDING THE LETTERS AND ANY OTHER DOCUMENTS THAT EXISTED PRIOR TO AUGUST 2002 IS BARRED BY RES JUDICATA.**

The doctrine of *res judicata* precludes parties or their privies from re-litigating claims that were or could have been raised in a prior litigation that was taken to a final judgment on the merits. Holland v. Nat'l Mining Ass'n, 308 F.3d 808 (D.C. Cir. 2002) (emphasis added); Drake v. Federal Aviation Administration, 291 F.3d 59, 66 (D.C. Cir. 2002); *accord*, Parklane Hosiery v. Shore, 439 U.S. 322, 326 n.5 (1979); Allen v. McCurry, 449 U.S. 90, 94 (1980). In the present matter, Plaintiff admits that his 1999 FOIA request and his 2003 FOIA request were made to the same agency and sought the same documents or information. Accordingly, the Defendant need only demonstrate that the documents requested did not "change over time." Negley v. F.B.I., 169 Fed.Appx. 591, 594 (D.C. Cir. 2006).

In response to the Court's Order and the allegations in Plaintiff's Motion for Summary Judgment, the Defendant reviewed the responsive file. See Williams Decl. at ¶ 11; Valdez Decl. at ¶ 12. Upon review of the file, the DOJ found that no new documents were placed in the file subsequent to Plaintiff's initial request, and that no other documents, other than those in a separate file containing all documents relating to the remand of Plaintiff's case to the District of Columbia Superior Court, were in the file. Valdez Decl. at ¶ 12  Accordingly, with respect to the criminal file that preceded the remand proceedings, the circumstances of the file have not changed over time.

In his dispositive motion, Plaintiff alleges that "[t]he reason that the only information wasn't released according to Memorandum issued on September 25, 2001 because of a case

called <u>Kansi v. U.S. Department of Justice</u>, 11 F.Supp 2d 42, 44 (D.D.C. 1998). At the time

plaintiffs case was still on appeal" (sic). Thus, Plaintiff alleges, because his appeal is now over,

the circumstances have now changed and he is entitled to the documents withheld in response to

his 1999 request. While it is true that the District Court in 00cv637 applied the temporary

exemption under (b)(7)(A) to the withholding of the videotapes and audiotapes located in the

criminal file, <u>see</u> § II, *infra*, Plaintiff's argument does not accurately describe the Court's holding

with respect to the documents redacted or withheld by Defendant. Rather, the District Court

broke the documents into two separate groups. In the first group, the Court held that the

documents withheld in their entirety, as well the documents with portions redacted, were

properly withheld pursuant to FOIA exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(F),

and that the information contained within those documents were not segregable. Def. Exh. 2 at

7-10 and 12. Thus, the documents in the first grouping were withheld under permanent

exemptions and are unaffected by the pendency or the completion of Plaintiff's criminal appeal.

With respect to the second group of documents, the Court held that the documents were properly

withheld pursuant to FOIA exemption 7(A), but then went further and held that alternative,

permanent exemptions protected the very same documents from disclosure. Govt. Exh. 3 at 2-3

(finding that the withheld material was protected from disclosure by exemption (b)(5) and

(b)(7)(C), and "more appropriately under Exemption 7(F)"). Plaintiff did not appeal these

findings, and, neither of these groups of documents have changed over time. Accordingly, the

prior judgment has preclusive effect against Plaintiff's present claims with respect to the very

same documents.

       Plaintiff further alleges that the existence of correspondence between Plaintiff and a third

party came to light in his remand hearing, and that these letters evidence Defendant's failure to

adequately respond to both of his FOIA responses, and further evidence that Ms. Williams

committed perjury when she declared that no new documents were found in his criminal file.

Plaintiff's argument, however, is based on the false premise that the correspondence was not in

the original criminal file or was wrongfully suppressed by Defendant.  Notably, Plaintiff's own

pleadings from 00cv637, as well as the Court's Memorandum Opinion in that matter

demonstrates that the correspondence was, in fact, in the file; that the issue regarding the

production of that material was actually raised and litigated; and that the Court rejected

Plaintiff's argument.  See Def. Exh. 3 at 3-4; see also Plaintiff Renewed Motion for Summary

Judgment in 00cv637 (Def. Exh. 5), and Plaintiff's Motion to Supplemental 9 (sic) to Plaintiff's

Dispositive Motion in 00cv637 (Def. Exh. 6).[1]

Accordingly, because Plaintiff fully litigated the identical issue of the third party

documents against the very same parties here, and there is no change in circumstances that would

alter that result with respect to the documents withheld or redacted by Defendant, the prior

judgment in favor of Defendant has preclusive effect with respect to those documents.

II.    **BECAUSE PLAINTIFF HAS NOT CHALLENGED THE WITHHOLDING OF ALL AUDIO AND VIDEO TAPES LOCATED IN THE CRIMINAL FILE, DEFENDANT'S CLAIM OF PROTECTION FROM DISCLOSURE IS CONCEDED.**

In its Renewed Motion to Dismiss, Defendant introduced evidence that the videotapes

---

[1]    In any event, information regarding any third party is protected from disclosure pursuant to exemption (b)(7)(C), (b)(7)(D), and (b)(7)(F), irrespective as to whether the third party testified at any subsequent remand hearing.  See Def. Exh. 3 at 4 (and cases cited therein) (the fact that the identities of the third parties "may be obtained through other sources or through discovery in unrelated proceedings does not constitute privacy waivers by those individuals under the FOIA").

and audiotapes located in Plaintiff's criminal file, which were held to be protected from

disclosure by FOIA exemption (b)(7)(A) in the prior case, were also exempt from disclosure

under the permanent FOIA exemptions (b)(7)(C) and (b)(7)(F).  Memorandum of Points and

Authorities in Support of Defendant's Renewed Motion to Dismiss at 9-15; Second Kornmeier

Decl. at ¶¶ 8-16.   Plaintiff has not refuted this argument, nor has he introduced any evidence on

this issue.  Accordingly, the matter should be treated as conceded, and the Court should enter

judgment in favor of Defendant regarding the videotapes and audiotapes.

III.    **BECAUSE THE DEFENDANT HAS PROCESSED AND PROVIDED ALL NON-EXEMPT DOCUMENTS RESPONSIVE TO PLAINTIFF'S FOIA REQUEST, THE MATTER IS NOW MOOT.**

Courts can only grant relief when an agency has failed to timely respond to a FOIA

request or improperly withheld agency records.  See 5 U.S.C. §552(a)(4)(B).  Thus, where a

plaintiff  has been provided the information sought in his FOIA request, the Court must dismiss

the action as moot.  Lepelletier v. FDIC, 23 Fed. Appx. 4, 6, 2001 WL 1491398 (D.C. Cir. 2001).

Here, Plaintiff seeks summary judgment on the basis that the Defendant has completely

failed to respond to his 2003 FOIA request, and has not timely responded or otherwise provided

any documents from his criminal file.  Complaint at ¶ IV.  Mindful that FOIA requires "[a]ny

reasonably segregable portion of a record shall be provided to any person requesting such a

record after deletion of the portions which are exempt," 5 U.S.C. §552(b), Defendant has located

all documents that resulted from the remand of Plaintiff's criminal matter and has released 50

pages in full and 2 redacted pages, and has withheld 351 pages. See Second Kornmeier Decl. at ¶

8, and attached documents.  Accordingly, because Plaintiff's complaint only challenges the

Defendant's non-response to his FOIA request, the Defendant's processing of Plaintiff's FOIA

request renders Plaintiff's claim moot, and no other matter remains for this Court to determine.

See Voinche v. F.B.I., 999 F.2d 962, 963 (5th Cir. 1993) (complaint challenging only the

tardiness of the FBI's response, and not the adequacy of the FBI's response administratively, was

rendered moot by the FBI's subsequent response to the complainant's FOIA request); see also

Tijerina v. Walters, 821 F.2d 789, 799 (D.C.Cir.1987) ("however fitful or delayed the release of

information under the FOIA may be ... if we are convinced appellees have, however belatedly,

released all nonexempt material, we have no further judicial function to perform under the

FOIA") (quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir.1982)).

**IV.    THE WITHHOLDINGS AND REDACTIONS MADE WITH RESPECT TO THE REMAND FILE WERE PROPER PURSUANT TO THE FOIA.**

Even if this Court were to consider the appropriateness of the information and documents

withheld from the remand file, this Court should deny Plaintiff's Motion for Summary Judgment

and grant Defendant's Motion to Dismiss.

As set forth in the Second Declaration of John Kornmeier, of the Executive Office of the

United States Attorneys ("EOUSA"), the remand file was processed and Defendant released 50

pages in full, released 2 pages with redactions, and has withheld 351 pages. See Second

Kornmeier Decl. at ¶ 8.  The two pages with redaction are fax cover sheets, and the information

redacted includes the names of the Assistant United States Attorney ("AUSA") who sent the fax,

and the name of the person who received the fax, who is an unknown third party.  The

information from the documents withheld in full include:  (1)  The inmate history and inmate

record of a third party involved in the investigation (12 pages); (2) Hand-written and typed notes

of the AUSA in preparation for the criminal case of Mr. Pinkney (27 pages); (3) Draft material

and handwritten notes prepared by the AUSA and other Government attorneys in the Pinkney case in anticipation of litigation (57 pages); (4) Records, notes and correspondence regarding third parties (10 pages); (5) Legal research prepared by or at the direction of the AUSA in preparation for Plaintiff's remand matter (209 pages); and (6) A draft brief, prepared by attorneys from the U.S. Attorneys Office of the District of Columbia for filing in Plaintiff's criminal matter (36 pages). A list of the documents and the justification for the redactions or withholdings pursuant to the enumerated exemptions of the FOIA is provided in a Vaughn Index, attached to the Second Kornmeier Decl. at Attachment B. The Defendant hereby incorporates the reasons set forth in the Vaughn Index in further support of the Motion to Dismiss and in opposition to Plaintiff's Motion for Summary Judgment.

### A.    The Redactions Within The Two Pages Was Proper Under Exemption (b)(7)(C) of the FOIA.

Exemption (b)(7)(C) prohibits the release of "records or information compiled for law enforcement purposes, to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The threshold question for an Exemption 7(C) withholding is whether the documents or information in question were compiled for law enforcement purposes. Keys v. United States Department of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987). Once it is determined that exemption (b)(7)(C) applies, the court must weigh the privacy interests of third parties implicated by the release of the requested records against the public's interest in their disclosure. U.S. Dep't. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 762, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); Nix v. United States, 572 F.2d 998, 1002 (4th

10

Cir. 1978).  The Supreme Court explained:

> Exemption 7(C) is more protective of privacy than Exemption 6: The former provision applies to any disclosure that "could reasonably be expected to constitute" an invasion of privacy that is "unwarranted," while the latter bars any disclosure that "would constitute" an invasion of privacy that is "clearly unwarranted."

United States Department of Defense, et al. v. Federal Labor Relations Authority, 510 U.S. 487, 497 n. 6 (1994).

With respect to the public interest in the information, the D.C. Circuit has long held that the public interest contemplated by the FOIA is that of the general public, not a private litigant. Ditlow v. Shultz, 517 F.2d 166, 171-72 (D.C. Cir. 1975).  The law is clear that Plaintiff's personal interest is entitled to no weight under the FOIA.  Oguaju v. United States, 288 F.3d 448, 450, judgment vacated sub nom, Oguaju v. U.S. Marshals Service, 501 U.S. 970 (2004), judgment reinstated, Ogauaju v. United States, 378 F.3d 1115 (D.C. Cir. 2004), modified on other grounds, 386 F.3d 273 (D.C.Cir. 2004).  Thus, the FOIA was not intended to be an "administrative discovery statute for the benefit of private parties."  Brown v. Federal Bureau of Investigation, 658 F.2d 71, 75 (2nd Cir. 1981) (citing Ditlow, 517 F.2d at 171-72).  Nor did Congress intend to make the Federal Government a "clearinghouse for personal information." Reporters Committee for Freedom of the Press, 489 U.S. at 761.

Here, the fax cover sheets which identify third parties were "compiled for law enforcement purposes" for purposes of FOIA exemption (b)(7)(C).  Indeed, the documents were created during the preparation for the Plaintiff's criminal matter.  See Second Kornmeier Decl. at Attachment B.  Therefore, because release of such witness information contained within the fax cover sheets would constitute a clearly unwarranted of personal privacy, the records should be

11

withheld pursuant to FOIA exemption (b)(7)(C).

**B.    The Documents Withheld in Full Were Properly Withheld Under Exemption (b)(7)(C) of the FOIA.**

Likewise, the inmate history and records of the third party, the hand-written and typed notes of the AUSA in preparation for the criminal case of Mr. Pinkney, and the records, notes and correspondence regarding third parties were properly withheld pursuant to FOIA exemption (b)(7)(C).

The information on the third party's criminal history and records must be withheld because to disclose information associating him/her with a criminal investigation is an invasion of his/her personal privacy and could subject her/him to danger or harassment. In addition, the details of his/her incarceration, standing alone, are sufficient to invoke the protection of this exemption.

The disclosure of the identities and other information of third parties who are named in the AUSA's handwritten and typed notes, as well as the disclosure of the records, notes and correspondence regarding third parties "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Second Kornmeier Decl., Attachment B at 3 and 5. This information, which was prepared in preparation for Plaintiff's remand matter, would result in the association of the third parties with a criminal investigation. Id. As such it is a clear invasion of their personal privacy and could subject then to danger or harassment.

**C.     The Remaining Documents Were Properly Withheld in Full under Exemption (B)(5) of the FOIA as Attorney Work Product Prepared in Anticipation of Litigation.**

Exemption (b)(5) of the FOIA protects "inter-agency or intra-agency memorandums or letter which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. §552(b)(5). Thus, exemption (b)(5) "ensures that members of the public cannot obtain through FOIA what they could not ordinarily obtain through discovery undertaken in a lawsuit against the agency." Schiller v. NLRB, 964 F.2d 1205, 1208 (D.C. Cir. 1992) (*citing* EPA v. Mink, 410 U.S. 73, 85-86 (1973)). The Court of Appeals for the District of Columbia Circuit has made it clear that this exemption "unequivocally" incorporates "all civil discovery rules into FOIA," including both statutory and common law discovery privileges, such as the work-product privilege. Martin v. Office of Special Counsel MSPB, 819 F.2d 1181, 1185 (D.C. Cir. 1987). Indeed, the Circuit Court has held that the protection for work-product "extends to documents preparted in anticipation of foreseeable litigation, even if no specific claim is contemplated." Schiller, 964 F.2d at 1208.

Here, the remaining document withheld in full are work-product prepared in anticipation of litigation. Second Kornmeier Decl., Attachment B at 3-4, and 6. FOIA exemption (b)(5) protects the AUSA's legal opinions, theories and recommendations for action, as well as the strategic and tactical information contained in this document. Id. Accordingly, the Defendant properly withheld the entire documents pursuant to the protections of the FOIA.

**D.     Documents Withheld in Full Were Not Segregable.**

Under FOIA, agencies withholding records are required to release "any reasonably segregable portion" thereof. 5 U.S.C. § 552(b). The Government can meet its burden of

13

demonstrating that all reasonably segregable information has been released by means of affidavits or declarations. E.g., Armstrong v. Executive Office of the President, 97 F.3d 575, 578 (D.C. Cir. 1996) (affirming district court's finding that the agency had met its burden on the "reasonable segregability" issue, court stated: "The government affidavits provided here show with "reasonable specificity" why the documents cannot be further segregated."); see Quinon v. Federal Bureau of Investigation, 86 F.3d 1222, 1227 (D.C. Cir.1996); Mead Data Cent., Inc. v. U.S. Dep't of the Air Force, 566 F.2d 242, 261 (D.C. Cir.1977).

As is demonstrated in the Second Declaration of John Kornmeier and the attached Vaughn Index, no portion of the third party information could be released without disclosing information that would reveal the identity of the third parties discussed or named in those matters. Second Kornmeier Decl. at Attachment B. Moreover, the documents containing work-product are protected in their entirety, and cannot be disclosed. Id. Accordingly, the documents were not segregable and were properly withheld in full.

## V.    PLAINTIFF'S CONSTITUTIONAL CLAIM REGARDING THE PROCESSING OF HIS FOIA REQUEST SHOULD BE DENIED.

In his Motion for Summary Judgment, Plaintiff asserts that he has a constitutional right to "expeditious processing of a FOIA request" when "a criminal trial with substantial penalties is pending." Plaintiff Motion for Summary Judgment at 8. However, Plaintiff's claim for "expedited processing" is moot because (1) the Defendant has processed his FOIA request and has provided non-exempt documents, see §III, supra; and (2) Plaintiff admits that his criminal matter is no longer "pending." Accordingly, Plaintiff's claim is moot, and he cannot demonstrate the need sufficient to invoke a due process requirement for expedited processing. See Gonzalez

14

v. DEA, No. 80 Civ. 2360 (D.D.C. Nov. 20, 1980) (the need of FOIA files to aid standard

post-judgment attack on criminal conviction is insufficient to require expedition).

Even if the Court were to find that the Plaintiff's argument is not moot, the Court should

still deny the Plaintiff's claim for expedited processing in his dispositive motion because Plaintiff

never requested expedited processing at either the administrative stage, nor in his civil action.

Accordingly, Plaintiff has not exhausted his administrative or civil remedies in order to raise the

claim here.

<b><u>CONCLUSION</u></b>

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court

deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion to Dismiss, and enter

judgment for the Defendant on Plaintiff's complaint.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

15

## <u>CERTIFICATE OF SERVICE</u>

I certify I caused copies of the foregoing Defendant's Opposition to Plaintiff's Motion for

Summary Judgment and Supplement to Defendant's Renewed Motion to Dismiss, and

Defendant's Statement of Genuine Issues were served by first class mail upon *pro se* plaintiff at:

Tracy Pinkney
#12085007
USP Hazelton
POB 2000
Bruceton Mills, WV 26525

on this 20th day of April, 2007.

         /s/ Darrell C. Valdez
        DARRELL C. VALDEZ
        Assistant United States Attorney