UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-0246 (HHK) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS**

Pursuant to the Local Civil Rules, a party opposing a motion for summary judgment must provide "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."  LCvR 7(h); LCvR 56.l.  In the present matter, however, Defendant does not contend that any genuine issues of material fact exist, and has so moved for dismissal on its behalf.  See Defendant's Renewed Motion to Dismiss.  Rather, in opposition to Plaintiff's motion for summary judgment, Defendant contends that the Plaintiff has failed to identify any support in the record for certain asserted "facts," and failed to present all of the evidence from the record, which, if properly and completely raised by the Plaintiff, would demonstrate that Defendant, and not Plaintiff, would be entitled to summary judgment.  See Laningham v. U.S. Navy, 813 F.2d 1236, 1242 (D.C.Cir.1987) (*per curiam*) (only if the moving party satisfies his burden is the non-moving party "required to provide evidence that would permit a reasonable jury to find" in its favor) (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

In his declaration, Plaintiff relies upon his own personal characterization of fact and conclusory assertions in support of his claim. Under the Rules governing summary judgment motions, however, all matters submitted to the Court, including statements, must be **admissible**, in that the declarant must be "competent to testify to the matters stated therein," the statement must be under oath, **and must "set forth such facts as would be admissible in evidence**." Fed. R. Civ. P. 56 (emphasis added). See Anderson v. Liberty Lobby, 477 U.S. 242, 253-54 (1986). Indeed, as the party moving for summary judgment, the Plaintiff bears the initial burden of identifying evidence that demonstrates the absence of any genuine issue of material **fact**. Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Under the Federal Civil Rules and the Order of this Court, improper allegations, such as those raised by Plaintiff here, must be disregarded and rejected as baseless and unsupported. Thus, Plaintiff has failed to identify any **real** fact that supports his claim that he is entitled to summary judgment. Having failed to demonstrate by admissible and relevant facts that he entitled to summary judgment, the Court should deny Plaintiff's motion, and enter judgment in favor of Defendant.

I.      **RESPONSE TO PLAINTIFF'S DECLARATION.**

To the extent that this Court requires the Defendant to set forth the factual evidence favoring its opposition to the Plaintiff's motion for summary judgment, Defendant respectfully refers this Court to, and incorporates the Defendant's Memorandum of Points and Authorities in Support of Renewed Motion to Dismiss (Dkt. No. 18), and the exhibits attached thereto. Defendant will respond to the facts as they are asserted in Plaintiff's Declaration of Tracy Pinkney.

1. Admit.

2. Defendant admits that on or about October 2003, Plaintiff made a FOIA request for information regarding his criminal conviction. Defendant admits that Plaintiff was convicted of assault with a dangerous weapon and second-degree murder while armed. Defendant admits that the criminal matter was remanded on or around June 17, 2004 to the D.C. Superior Court to make "sufficient inquiry into whether appellant's counsel of choice should have been reinstated" prior to the trial. Pinkney v. U.S., 851 A.2d 479, 497 (D.C. 2004). Defendant admits that a hearing was held in D.C. Superior Court in 2004, and that the court found that no error was committed when it denied reinstatement of Plaintiff's choice of counsel. Defendant admits that that determination by the Superior Court was upheld on appeal.

3. Defendant admits that on November 25, 2003, Defendant sent Plaintiff correspondence indicating that his request was given a number, and that it "will be placed in the order in which it was received for processing." Defendant denies the improper and conclusory allegation that the correspondence created any "agreement," or that the Defendant violated any "agreement" and directs the Court to the correspondence attached as Def. Exh. 5 to support its denial.

4. Defendant admits that Plaintiff wrote a letter dated July 21, 2004, requesting the status of his request, and two letters dated September 24, 2004 and December 16, 2004, informing Defendant of Plaintiff's change of address. Plaintiff then filed an appeal which was forwarded to the Office of Information and Privacy in January 2005. Defendant can find no correspondence subsequent to his FOIA request in which Plaintiff notified Defendant that he previously litigated the FOIA civil action. Defendant admits to the wording in the declaration of

Tina Williams.

    5.    Admit.

    6.    Defendant denies that any perjury was committed, and states that Plaintiff's paragraph 6 is an improper and conclusory statement which must be disregarded and rejected. In any event, the letters referred to by Plaintiff pre-existed the August 2002 Order of the District Court in <u>Tracy Pinkney v. Richard Huff, et al.</u>, 00cv637 (RCL), and were the subject of the litigation in that matter. <u>See</u> Plaintiff's Motion to Supplemental to Plaintiff's Dispositive Motion (attached hereto as Def. Exh. 5), and Plaintiff's Motion for Summary Judgment in 00cv637 (attached hereto as Def. Exh. 6). Accordingly, the facts do not contradict the statements contained within the Declaration of Tina Williams. Defendant admits that documents which related to the criminal matter on remand have been located, have been processed, and were provided to Plaintiff.

    7.    Defendant admits to the fact that Defendant sent correspondence to Plaintiff on February 2, 2005, in response to Plaintiff's FOIA appeal. Def. Exh. 6. Defendant denies the Plaintiff's characterization of the contents of the letter and directs the Court to the letters for the actual language contained therein.

## II.   <u>UNDISPUTED FACTS PRECLUDING JUDGMENT IN FAVOR OF PLAINTIFF.</u>

In addition, the Defendant submits that the following undisputed facts preclude judgment in favor of Plaintiff.

    1.    In <u>Tracy Pinkney v. Richard Huff, et al.</u>, 00cv637 (RCL), Plaintiff challenged the withholding and redaction of correspondence to and from the third parties noted in his current Motion for Summary Judgment. <u>See</u> Plaintiff Renewed Motoin for Summary Judgment in

00cv637 (Def. Exh. 5), and Plaintiff's Motion to Supplemental 9 (sic) to Plaintiff's Dispositive Motion in 00cv637 (Def. Exh. 6).  The District Court denied Plaintiff's challenge, and held that the withholding of the third party material was proper under FOIA exemption (b)(7)(C) and (b)(7)(F).  Def. Exh. 3 at 2-4.

      2.     In his complaint, Plaintiff seeks recovery solely on the basis that the Defendant has completely failed to respond to his 2003 FOIA request, and has not timely responded or otherwise provided any documents from his criminal file.  Complaint at ¶ IV.

      3.     In response to the allegations in Plaintiff's Motion for Summary Judgment, Defendant conducted a further search of Plaintiff's file and located a separate file containing documents from the remand of Plaintiff's criminal matter to the District of Columbia Superior Court.  Declaration of Darrell Valdez (Valdez Decl.) at ¶ 12.  The file was forwarded to the Freedom of Information/Privacy Act Office of the Executive Office for United States Attorneys for processing in compliance with Plaintiff's FOIA request, and Defendant produced, in full, an additional 50 pages of documents (including letters from Plaintiff); 2 pages with redactions; and withheld 351 pages in full pursuant to FOIA exemptions.  Second Declaration of John W. Kornmeier (Kornmeier Decl.) at ¶ 8.

      4.     Plaintiff never requested expedited processing at either the administrative stage, nor in his civil action.  See generally Complaint.

Respectfully submitted,


 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843