IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY, ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No. 06-CV-00246-(HHK) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE ) | |
| et al., ) | |
| Defendants. ) | |

## SECOND DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1)  I am an attorney advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"); the review of FOIA/PA requests for access to records located in this office and 94 United States Attorney's offices ("USAO's") and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et. seq. and §16.40 et. seq.).

2) As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release

1

and/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts. The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3) Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Tracy Pinkney (hereinafter referred to as "Mr. Pinkney ").

4) I have prepared this declaration to respond to the issues raised by the Court in its Memorandum Opinion and Order ("Opinion") dated December 11, 2006.

5) In its Opinion the Court states that if the defendant can show unchanged circumstances from previous litigation, the plaintiff may be collaterally estopped from re-litigating its current claim.

6) The Opinion raised the following two issues as pertinent to whether there are unchanged circumstances:

    a. In the previous litigation, the court allowed the withholding of records in one instance solely under exemption (b)(7)(A) of the FOIA; since this exemption is temporal, if it has expired, then other exemptions to hold the material must be addressed.

    b. Were the records under the present claim the same as those under the previously litigated claim or have any new records been created.

7) These issues were addressed as follows:

    a. I addressed the (b)(7)(A) issue in my first declaration.

    b. EOUSA asked Tina Williams, the FOIA liaison for the USAO for the District of Columbia ("USAO/DC"), to search the underlying criminal case, which is the subject of Mr.

Pinkney's requests in this and the previous litigation, and determine if any new records, which had not been the subject of the previous litigation, had been created. Tina Williams' first search determined that no new records had been created. A subsequent search discovered new records. This declaration addresses those new records.

8) EOUSA has processed all those records. Under cover of letter dated April 11, 2007, EOUSA released to Mr. Pinkney 50 pages in full, 2 pages in part, and withheld 351 pages in full. A copy of the letter of April 11, 2007 is attached as Exhibit A.

## PRIVACY ACT EXEMPTION

9) EOUSA processes all requests by individuals for records pertaining to themselves under both the Freedom of Information and the Privacy Acts in order to provide the requester the maximum disclosure authorized by law. The Criminal Case Files maintained by various U.S. Attorney Offices are within the regulations pertaining to the Department of Justice Privacy Act Systems of Records at 28 C.F.R. §16.81 (a)(4). Pursuant to 28 C.F.R. §16.81, the Attorney General has exempted Criminal Case Files from the Privacy Act's access provisions because they are records of an agency which performs as its principal function activity pertaining to the enforcement of criminal laws. The Privacy Act, 5 U.S.C. § 552a(j)(2), exempts from mandatory disclosure records maintained by an agency or component thereof, which performs as its principal function any activity pertaining to the enforcement of criminal laws. Here, because Mr. Pinkney's records were part of the criminal case files of the USAO/DC, and were, therefore, compiled for law enforcement purposes, it was determined that the records withheld, which were responsive to Mr. Pinkney's request, were not disclosable under the Privacy Act.

FREEDOM OF INFORMATION ACT EXEMPTIONS

EOUSA asserts the following exemptions in its Vaughn Index attached and made a part hereof as Exhibit B:

EXEMPTION 5 U.S.C. Section 552(b)(5)

10) Exemption (b)(5) of the FOIA exempts from disclosure privileged documents which are not ordinarily available to a party in litigation. The three primary privileges most frequently invoked in applying this exemption are: attorney work-product, deliberative process, and attorney-client privilege.

11) EOUSA asserts Exemption (b)(5) to protect information pursuant to the attorney work- product privilege.

12) The records to which the attorney work-product privilege is applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Mr. Pinkney's criminal case. The records were prepared by an attorney or at an attorney's request or direction, and made in anticipation of or during litigation. The substance of the records are such as to be exempt from disclosure pursuant to this privilege.

EXEMPTION 5 U.S.C. Section 552(b)(7)(C)

13) Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to prosecute Mr. Pinkney for violations of criminal statutes.

14) Exemption (b)(7)(C) was applied to withhold the identities of and personal

information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case, all to their detriment.

15) This exemption also applies to withhold identities of individuals such as special federal agents, government employees, and local law enforcement personnel who participated in the investigation and prosecution of this case. Individual duties and assignments are not public and such publicity as would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting such individuals to harassment or harm. These persons have protected privacy interests in the conduct of law enforcement investigations.

16) The EOUSA determined that there was no public interest in the release of this information because dissemination of the information would not help explain the activities and operations of the EOUSA. No public interest would counterbalance the individuals' privacy right in the information withheld under this exemption. Indeed, Mr. Pinkney provided this office with no authorizations or consents to release otherwise personal privacy protected materials from any third party individual.

17) The EOUSA asserts exemption (b)(7)(C) to withhold the names of persons and personal information, falling within these categories, in documents more fully detailed in the Vaughn Index, Exhibit B.

## HANDLING AND SEGREGABILITY

18) Each step in the handling of Mr. Pinkney's request has been entirely consistent with the EOUSA and the United States Attorney's office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

19) The Vaughn Index attached to this declaration describes with particularity each document and all meaningful information contained therein. Each document, and the pages contained in each document, was evaluated for segregability initially, and again during the preparation of the Index. Where a document was withheld in its entirety, EOUSA determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 20, 2007.

_____
John Kornmeier



U.S. Departn... t of Justice

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

---

Requester: **Tracy Pinkney**          Request Number: **03-3581**

Subject of Request: **Self/DDC**

Dear Requester:                                                                       APR 1 1 2007

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [   ] full denial.

    Enclosed please find:

  **50**  page(s) are being released in full (RIF);
  **2**  page(s) are being released in part (RIP);
  **351**  page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

Section 552                                                                              Section 552a

[   ] (b)(1)      [   ] (b)(4)       [   ] (b)(7)(B)                     [ X ] (j)(2)
[   ] (b)(2)      [ X ] (b)(5)     [ X ] (b)(7)(C)                     [   ] (k)(2)
[   ] (b)(3)      [   ] (b)(6)       [   ] (b)(7)(D)                     [   ] (k)(5)
_____    [   ] (b)(7)(A)  [   ] (b)(7)(E)                      [   ] _____
_____                           [   ] (b)(7)(F)

(P
Form No. 02

GOVERNMENT EXHIBIT  A

[ **X** ] A review of the material revealed:

[ **X** ] There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

(Page 2 of 2)
Form No. 021 - no fee -3/07

TRACY PINKNEY v. U.S. DEPARTMENT OF JUSTICE
C.A. No. 06-00246-HHK

# VAUGHN INDEX

Request No. 03-3581 for Full Disclosure and Release of all Records on Tracy Pinkney(Self)
Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full
Exemptions are from the Freedom of Information Act 5 U.S.C. 552

| BOX/DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT/STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 2 | Two copies of a fax cover sheet dated 11/16/04; the entire document is released except for the names of the sender who a appears to be an assistant to the AUSA and addressee who is an unknown third party | RIP 2  b7C | .The names of the third parties are withheld under exemption (b)(7)(C )of the Freedom of Information Act ("FOIA") which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy".  The information on the third party individuals is withheld because to disclose information associating them with a criminal investigation is a clear invasion of their personal privacy. While the names of AUSAs and their supervisors  are released because of their positions, the names of others on the support staff are withheld for the protection of their privacy.  There are no public interests to weigh.   Since only the names are redacted, any possible segregation has clearly been considered. |



TRACY PINKNEY v. U.S. DEPARTMENT OF JUSTICE
C.A. No. 06-00246-HHK

# VAUGHN INDEX

Request No. 03-3581 for Full Disclosure and Release of all Records on Tracy Pinkney(Self)
Summary of Abbreviations: WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full
Exemptions are from the Freedom of Information Act 5 U.S.C. 552

| | | | | |
|---|---|---|---|---|
| 2 | 12 | The inmate history and inmate record of a third party involved in the investigation | WIF<br><br>b7C | This information on this third party prisoner is withheld under exemption (b)(7)(C) of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on this prisoner is withheld because to disclose information associating him/her with a criminal investigation is an invasion of his/her personal privacy and could subject her/him to danger or harassment. In addition, the details of his/her incarceration, standing alone, are sufficient to invoke the protection of this exemption.<br><br>There are no public interests to weigh.<br><br>The document has been examined for segregable information. There is no meaningful information that could be segregated and released without risking the disclosure of this prisoner's identity. |

2

TRACY PINKNEY v. U.S. DEPARTMENT OF JUSTICE
C.A. No. 06-00246-HHK

# VAUGHN INDEX

Request No. 03-3581 for Full Disclosure and Release of all Records on Tracy Pinkney(Self)
Summary of Abbreviations: WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full
Exemptions are from the Freedom of Information Act 5 U.S.C. 552

| 3 | 27 | Hand-written and typed notes of the AUSA in preparation for the criminal case of Mr. Pinkney; the notes include thoughts on the case, ideas, possible legal arguments, possible questions to ask at trial, questions about the case and an analysis; the notes also contain references to third parties | WIF<br><br>b5<br><br>b7c | This document is withheld under exemption (b)(5) of the FOIA as attorney work product prepared in anticipation of litigation. Exemption b(5) protects the AUSA's legal opinions, theories and recommendations for action. Exemption (b)(5) further protects the strategic and tactical information contained in this document.<br><br>The names of the third parties are withheld under exemption (b)(7)(C) of the Freedom of Information Act ("FOIA") which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on the third party individuals is withheld because to disclose information associating them with a criminal investigation is a clear invasion of their personal privacy<br><br>Since the entire document is attorney work product there in no non-exempt information to segregate. |

3

TRACY PINKNEY v. U.S. DEPARTMENT OF JUSTICE
C.A. No. 06-00246-HHK

# VAUGHN INDEX

Request No. 03-3581 for Full Disclosure and Release of all Records on Tracy Pinkney(Self)
Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full
Exemptions are from the Freedom of Information Act 5 U.S.C. 552

| | | | | |
|---|---|---|---|---|
| 4 | 57 | Material prepared by the AUSA and other Government attorneys in the Pinkney case in anticipation of litigation, including a draft motion, a draft appellate brief, and a District of Columbia Court of Appeals decision which is marked up with government attorneys' notes and underlining ( the opinion itself is public and not being withheld, only the notes and markings) | WIF<br><br>b5 | This document is withheld under exemption (b)(5) of the FOIA as attorney work product prepared in anticipation of litigation. Exemption b(5) protects the AUSA's legal opinions, theories, drafts, and recommendations for action. Exemption (b)(5) further protects the strategic and tactical information contained in this document<br><br>Since this entire document is attorney work product there in no non-exempt information to segregate. |
| | | | | |

4

TRACY PINKNEY v. U.S. DEPARTMENT OF JUSTICE
C.A. No. 06-00246-HHK

# VAUGHN INDEX

Request No. 03-3581 for Full Disclosure and Release of all Records on Tracy Pinkney(Self)
Summary of Abbreviations:  WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full
Exemptions are from the Freedom of Information Act 5 U.S.C. 552

| 5 | 10 | Records on third parties including a letter from the attorney of a third party to the Government in regard to the concerns of that party, a summary of an interview with a third party, a letter of a third party and statements of a third party; this information was gathered in the course of the criminal investigation of Mr. Pinkney | WIF

b7C | This material on third parties is withheld under exemption (b)(7)(C )of the FOIA which provides for the protection of personal information in law enforcement records. The exemption provides for the protection of law enforcement information of which the disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy". The information on the third parties is withheld because to disclose information associating individuals with a criminal investigation is an invasion of their personal privacy and could subject then to danger or harassment.

There are no public interests to weigh.

The material has been examined for the possibility of segregation. There is no reasonably segregable material. Any release of information, other than meaningless articles such as "the" and "a", would risk disclosure of the third party individuals' identity. |
|---|---|---|---|---|

TRACY PINKNEY v. U.S. DEPARTMENT OF JUSTICE
C.A. No. 06-00246-HHK

# VAUGHN INDEX

Request No. 03-3581 for Full Disclosure and Release of all Records on Tracy Pinkney(Self)
Summary of Abbreviations: WIF = Withheld in Full, RIP = Released in Part, RIF = Released in Full
Exemptions are from the Freedom of Information Act 5 U.S.C. 552

| | | | | |
|---|---|---|---|---|
| 6 | 209 | Legal research prepared by or at the direction of the AUSA on Mr. Pinkney's case in preparation for litigation; primarily the material consists of cases that the AUSA printed as relevant with her notes on them | WIF  b5 | This document is withheld under exemption (b)(5) of the FOIA as attorney work product prepared in anticipation of litigation. Exemption b(5) protects the AUSA's legal opinions, research, theories and recommendations for action. Exemption (b)(5) further protects the strategic and tactical information contained in this document.  Since this is all attorney work product, there in no non-exempt information to segregate. |
| 7 | 36 | Draft brief, prepared by attorneys from the U.S. Attorneys Office of the District of Columbia for filing in the Pinkney case | WIF  b5 | This document is withheld under exemption (b)(5) of the FOIA as attorney work product prepared in anticipation of litigation. Exemption b(5) protects the AUSA's legal opinions, research, theories and recommendations for action. Exemption (b)(5) further protects the strategic and tactical information contained in this document.  Since this is entirely attorney work product, there in no non-exempt information to segregate. |