DEFENDANT'S EXHIBIT 5

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TROY ANKNEY
    PLAINTIFF

-VS-                                              CIVIL NO. 06-0657

DEPARTMENT OF JUSTICE ETC.
    DEFENDANTS

PLAINTIFF'S "RENEWED" MOTION
FOR SUMMARY JUDGMENT

PLAINTIFF, RESPECTFULLY ASKS THIS COURT FOR "RENEWED" SUMMARY JUDGMENT ON BEHALF OF THE PLAINTIFF, ON THE GROUNDS THAT THERE ARE NO MATERIAL FACTS IN DISPUTE AND THE PLAINTIFF IS ENTITLED TO JUDGMENT ITS FAVOR AS A MATTER OF LAW FED. R. CIV. P56. IN SUPPORT OF THIS MOTION ARE DEFENDANTS FACTS AND RULES AND REGULATIONS DATED DECEMBER 1996. DEFENDANTS SHOULD TAKE NOTICE THAT THEIR FACTS AND RULES AND REGULATION IN SUPPORT OF PLAINTIFFS MOTION WILL BE ACCEPTED BY THE COURT AS TRUE UNLESS THE DEFENDANTS SUBMITS THEIR OWN EVIDENCE WHICH CONTRADICTING THE EVIDENCE OF PLAINTIFFS ARGUMENTS SEE

NRDC v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) Local Rule 7.1 and Fed. R. Civ. P 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or part thereof referred to in an affidavit shall be attached thereto, to be supplemented or opposed by depositions, answer to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P 56(e)

Respectfully submitted,
Marcus Pinckney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY ANKNEY
    PLAINTIFF

-VS-                                              CIVIL NO. 06-0637

DEPARTMENT OF JUSTICE ET AL
    DEFENDANTS

## PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This case arises under the Freedom of Information Act (FOIA), 5 USC § 552, and the Privacy Act, 5 USC § 552(a) and pertaining to the Executive Office for the United States Attorney's withholding/and denying plaintiff's FOIA request.

### BACKGROUND

For the sake of brevity, plaintiff will dispense from enacting the procedural history of this case as the history of the case is presently before

the court as stated in his previously filed motion[s]

## ARGUMENT

Plaintiff, Tracy Pinkney [DC] raise objections to the EOUSA's request for summary judgment. First this court notice that at no time the plaintiff construed the interpretation of Brady v Maryland nor compare it to the Freedom of Information Act but was merely stating that plaintiff been fed these very protected documents the EOUSA are useing to say plaintiff automatically harassed the witnesses which is a fabrication, as the record reflect the EOUSA's admit that these name[s] of witnesses, addresses, even numbers are in plaintiff's 2255 motion. Secondly, plaintiff is argueing the EOUSAs didn't invoke any exemptions until 2001 (see exhibit 1) defendants exhibit (4) now from Marlando Huff-Cut Director denial no one stated nothing regarding exemption. Even throughout the administrative process that was the only point the EOUSAs claimed exemption

WHEN PLAINTIFF FILED THIS CIVIL ACTION THE EOUSA's NEVER ADHERED TO THE FREEDOM OF INFORMATION ACT 5 USC 552 NOR THEIR OWN POLICY FROM THE BEGINNING, PLAINTIFF FOLLOWED STEPS TO MANUFACTURE HIS REQUEST EVEN HAD HIS FAMILY TO CALL NUMEROUS TIMES, IN WHICH BROUGHT THIS CIVIL ACTION, IN WHICH THEY VIOLATED THE STATUE, BUT THE DOCUMENTS COMPILED FOR LAW ENFORCEMENT PURPOSES THE EOUSA HASN'T DEMONSTRATED THAT THE (A) DISCLOSURE COULD CAUSE IDENTIFIABLE HARM IF THEY ADMITTED HARM THAT HAS AND BEEN HAD THESE DOCUMENTS NOR CAN THEY PROVE DISCLOSURE WOULD CAUSE IRREPAIRABLE INTERFERENCE WITH A PENDING ENFORCEMENT PROCEEDING IF THIS COURT DETERMINE THAT THE EOUSA GENERIC DETERMINATION OF LIKELY INTERFERENCE THE SUPREME COURT HAS STATED OR HELD THAT A LOWER COURT IS IN ERROR BY ESCHEWING GENERIC DETERMINATION AND PETITIONER IS PROVIDED CONCLUDING THAT THE PREMATURE DISCLOSURE OF SUCH INDEX COULD AND WOULD A TYPICAL ENFORCEMENT PROCEEDING.

## CONCLUSION

FOR ALL THE FOREGOING REASONS, PLAINTIFF MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED.

RESPECTFULLY SUBMITTED

*Tracy Pinkney*

## CERTIFICATE OF SERVICE

I, TRACY PINKNEY, HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN MAILED POSTAGE PRE-PAID TO:

    WYNEVA JOHNSON
    ASSISTANT UNITED STATES ATTORNEY
    JUDICIARY CENTER BUILDING, ROOM 10B
    555 4TH STREET N.W.
    WASHINGTON, DC 20530

ON THIS 3 DAY OF MARCH, 2002

    RESPECTFULLY SUBMITTED

    /s/ Tracy Pinkney