UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY
        PLAINTIFF,


        V.                          CIVIL NO. 00-0637


DEPARTMENT OF JUSTICE ETAL.
        DEFENDANTS.


## PLAINTIFFS MOTION TO SUPPLEMENTAL TO PLAINTIFFS DISPOSITIVE MOTION

COME NOW THE PLAINTIFF TRACY PINKNEY TO SUPPLEMENT PLAINTIFFS PREVIOUSLY MOTION FOR DISPOSITIVE JUDGEMENT, AND PLAINTIFF WILL DISPENSE WITH THE HISTORY OF PLAINTIFF CASE.


1. THIS COURT SHOULD TAKE IN ACCOUNT THAT PLAINTIFF MADE HIS REQUEST ON MARCH 10, 1999. AND AS OF THIS DATE THE DEFENDANTS HASNT TURNED OVER ANY INFORMATION TO PLAINTIFF NOR MADE AN ATEMP TO, BUT THIS COURT

DEFENDANT'S
EXHIBIT
6

SHOULD CONSIDER THAT PLAINTIFF KNOWS AND HAVE FACTUAL EVIDENCE RIGHT NOW TO PROVIDE TO THE COURTS FOR INSPECTION, AND THAT FROM THIS EVIDENCE WOULD SHOW THIS COURT THAT PROSECUTION MISCONDUCT DO EXIST AND WOULD ALSO SHOW A BRADY VIOLATION, THE GOVERNMENT HAS NOT CLAIMED EXEMPTION 7 AND EVEN IF THIS COURT DECIDES THAT APPLIES, MOST OF THE INFORMATION IS SEEKING IS WITNESSES AND DETECTIVE ALSO POLICES THAT TESTIFIED IN TRIAL SO ITS NO REASONS TO DISCLOSE THIS INFORMATION, NOR IS THIS PERSONAL SEE FERRI V. BELL, 645 F2d 1213, 1218 (3d CIR, 1981) THE PURPOSE OF THE REMAND IS SIMPLY TO DETERMINE WHETHER A BRADY CLAIM EXISTS THAT IS SUFFICIENTLY COLORABLE SO THAT THE PUBLIC INTEREST IN FAIR ADMINISTRATION OF JUSTICE WARRANTS DISCLOSURE DESPITE EXEMPTION 7(c) AS A RULE, THE PUBLIC'S INTEREST IN EXPOSING GOVERNMENT CORRUPTION AND WRONGDOING IS THE PRIMARY RATIONALE FOR FOIA. SEE E.G.

NLRB v. ROBBINS TIRE & RUBBER CO., 437 U.S. 214, 242, 98 S. CT. 2311, 2327, 57 LEd. 2d 159 (1978) "THE BASIC PURPOSE OF FOIA IS TO ENSURE AN INFORMED CITIZENF VITAL TO THE FUNCTIONING OF A DEMOCRATIC SOCIETY, NEEDED TO CHECK AGAINST COR-RUPTION AND TO HOLD THE GOVERNMENTS ACCOUNTABLE TO THE GOVERNED."

MR PINKNEY'S IS NOT SEEKING WITNESSES NEW ADDRESSES OR RELOCATIONS, THIS ISN'T THE CASE HERE, BUT TO SHOW THAT IT WAS A BRADY VIOLATION INWHICH MR PINKNEY DO HAVE A SUFFICIENT DOCUMENT THAT WOULD SHOW THAT THE GOVERNMENT HAD INFACT WITH HOLD INFORMATION BACK AND OFFERED FALSE TESTIMONY.

THE NEYDCK CASE 218 F3d 760 (D.C. CIR 2000) IS ON POINT WITH MR PINKNEYS SITUATION WERE NEYDCK REQUESTING INFORMATION FROM HIS CONVICTION, BY WITHHOLDING INFORMATION FROM HIS FOIA REQUEST, TURNED OVER SOME / NOT IN MR PINKNEYS CASE

NOTHING WAS TURNED OVER, AND WHAT THE D.O.J. (EOUSA) IS PLAYING A CAT AND MOUSE GAME BY WITHHOLDING PLAINTIFFS REQUESTED INFORMATION, EVEN IF THE DOJ CONSIDERED PLAINTIFFS REQUEST TO BE "LARGE" UNDER D.O.J. GUIDE BOOKLET "PROJECT" IT COULD HAVE TAKEN 9 MONTHS AFTER CONSULTING OR COMING TO AN AGREEMENT WITH REQUESTER IN WHICH THE D.O.J. NEVER STATED THIS TO PLAINTIFF, BUT AGAIN THIS COURT SHOULD LOOK AT PLAINTIFFS REQUESTS AND THE D.O.J'S RESPONSES, PLAINTIFF EXHAUSTED EVERY AVENUE TRYING TO OBTAIN THE MATERIALS BUT THE DEFENDANTS ARGUEMENT IS THEY (EOUSA) DIDNT IMPROPERLY WITHHOLD PLAINTIFFS REQUEST! IF NOT, PLAINTIFF REQUEST WAS MADE MARCH 10, 1999 AND AGAIN HASN'T RECEIVED ANY INFORMATION FROM D.O.J. (EOUSA).

THIS COURT SHOULD GRANT PLAINTIFF RELIEF.

SINCERELY

Tracy Pinkney

## CERTIFICATE OF SERVICE

I HERE BY CERTIFY THAT A COPY OF THE FOREGOING MOTION TO SUPPLEMENTAL, HAS BEEN MAILED POSTAGE PREPAID TO;

DAVID T. SMORODIN
ASSISTANT UNITED STATES ATTORNEY
555 FOURTH STREET, N.W. TENTH FLOOR
WASHINGTON, D.C. 20001

ON THIS ___27___ DAY OF ___OCTOBER___ 2000.

(CC) CLERK OF COURT

Tracy Pinkney