UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY
        PLAINTIFF,

- VS -

DEPARTMENT OF JUSTICE, etel,
        DEFENDANTS

CIVIL ACTION 06-0246(HHK)

**RECEIVED**

JUN 14 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFFS RENEWED MOTION FOR SUMMARY JUDGMENT

PLAINTIFF, respectfully moves this Court for summary Judgment on behalf of the plaintiff, on the grounds that there are no material facts in dispute and the plaintiff is entitled to Judgment in its favor as a matter of law. FED. R. CIV. P56(e). In support of this motion are plaintiffs memorandum of points and authorities, statement of material facts not in dispute and the Declaration of plaintiff and document

DEFENDANT'S should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of plaintiff's motion will be accepted by the court as true unless the defendant's submitt their own affidavit or other documentary evidence contradicting the assertions in plaintiffs attachments SEE

NEAL V. KELLY, 963 F.2d 453 (D.C. Cir 1992)
LOCAL RULE 7.1 AND FED. R. CIV. P. 56(e), which
provides as follows;

Supporting and opposing affidavits
shall be made on personal knowledge, shall set
forth such facts as would be admissible in
evidence, and shall show affirmatively, that the
affiant is competent to testify to the matter
stated there with. Sworn or certified copies of
all papers or part thereof referred to in an
affidavit shall be attached thereto or served
therewith. The Court may permit affidavits to be
supplemented or opposed by depositions, answers
to interrogatories, or further affidavits. When a
motion for summary judgment is made and
supported as provided in this Rule, an adverse party
may not rest upon the mere allegations or denials
of the adverse party's pleading, but the adverse
party's response, by affidavits or as otherwise
provided in this Rule, must set forth specific facts
showing that there is a genuine issue for trial. If
the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against
the adverse party.

FED. R. CIV. P. 56(e).

3

Respectfully Submitted,

_Tracy Pinkney_

TRACY PINKNEY
12085007
USP HAZELTON
P.O. BOX 2000
BRUCETON MILLS WV 26525

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY
    Plaintiff,

- vs -

DEPARTMENT OF JUSTICE etcl,
    Defendant.

CIVIL ACTION 06-0246 CHHK

## PLAINTIFFS RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff, Tracy Pinkney respectfully moves this Court for grounds that there are no material facts in dispute and the plaintiff is entitled to Judgment in its favor as a matter of law. FED. R. CIV. P 56(e). In support of this motion are plaintiff's memorandum of points and authorities, statement of material facts not in dispute and the DECLARATION of plaintiff and document, and in support of this motion plaintiff states the following:

## FACTUAL BACKGROUND

A.    Plaintiff filed a FOIA request with the Executive Office of the United States Attorney (EOUSA) and the Criminal Division for copies of documents of his criminal

CASE IN MARCH 15, 1999, On or Approximately March 20, 2000 Plaintiff filed a civil complaint in this Court for the release of the information withheld by the defendants.

On September 25, 2001 The District Court issued a memorandum to release documents and held that certain information was exempt pursuant to Exception 7(A). Tracy Pinkney v. Richard Huff No. 01-5360

B. Plaintiff filed [1] another FOIA requesting for information from the defendants and was advised that plaintiff would have to wait (9) nine months because of a request that was requested (PROJECT REQUEST) after 4 years the defendants never responded. Thats what brought about the filing of this civil action after the defendants violated it agreement. On February 2, 2005 the defendants stated that they have still not responded to plaintiffs request.

---

[1] This request was made October 2003

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY
    PLAINTIFF,

V.

U.S. DEPARTMENT OF JUSTICE,
    DEFENDANT.

CIVIL ACTION NO. 06-0246

## PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT.

In the Defendant's opposition motion the Defendants never address the letter that was taken on a search of "DAVID HENDERSON" property that he was in the process of mailing this letter to the Plaintiff. Now according to the hearing NOVEMBER 1, 2004 page 70 line 21

A. I don't remember or recall telling her that, but, infact, as I stated to you before, when I received this letter I was in the process of re-writing that letter. Now if the government has that letter that I was writing that they were able to seize that would clarify what my clear

intentions was when I received this letter. So
if that letter is able to be produced, then you
would understand what I wrote back to Mr
Pinkney at that time. So if you have that I
would please like to see it.

Q Thank you.

The letters turned over by the defendant
had nothing to do with the letter requested,
how would the plantiff "KNOW" the governments
case in chief or any evidence inwhich the govern-
ment produces or don't produce nor the governments
investigation but the defendants claim that
because they produced all records and discoverable
information responsive to his present FOIA
request that his claim is now moot, and again
the defendant are again, deceive this court yet
once again. These letters were given in the
previous civil action and also produced in
trial but what wasn't produced was this
letter addressed to Mr Pinkney. How do the
requester know what documents exist if
there not produced by the government. If
this letter and other materials were turned
over when requested according to the FREEDOM
OF INFORMATION ACT 5 U.S.C. 552, the agency has

20 working days (excluding saturdays, sundays and Federal holidays) then agencies may extend this 10 days period up to 10 more working days, but the defendants sent plaintiff a letter stating

"They make every effort to process most request within a month (20 working days) but if plaintiff has made a PROJECT REQUEST plaintiff may be expected to wait (9) nine months from the date of their letter."

The defendants stated plaintiff admits that his criminal matter is no longer "PENDING" plaintiffs criminal case was remand to the lower court June 17, 2004 in which hearings was schedule september 27TH, 28TH and November 1, 2004. Plaintiff made this request also a year before this hearing were held even before plaintiffs brief was filed this evidence and other materials such as Sgt. Tima Lakes statement which was never produced would have aided plaintiff in his appeal. But as this court can see its been over (4) years since plaintiffs request which is very hard to explain according to the FREEDOM OF INFORMATION ACT. Plaintiff was facing

grave punishment, if this and other information was produced would have aided plaintiffs defense Do the regulation give agency's the authority to answer request 3 to 4 years later after a request has been made? Because their policy can't be FIRST IN FIRST OUT, others such as ALLEN BLACKTHRON made a similar request and after plaintiffs but received his request before plaintiff. The defendant hasn't complied with neither of it rules and regulations regarding processing requests nor in their denial of the information requested.


DEFENDANTS CLAIMING EXEMPTION[S] WHEN THE COURT PROCEEDINGS HAS STARTED.


The DEFENDANT never within the passed 4 years ever stated why the defendants has withheld until now nor have they claim any exemptions to deny plaintiffs FOIA request So this Court Now iknow that the DEFENDANTS had documents in it procession in the first suit in 1999 and didn't list these documents in its Vaughin index

that should have been listed DOCUMENT-BY-DOCUMENT nor does half of these missing document appear in its vaughn index in 1999 in plaintiffs first request. But, we do know that the government has CONCEDED that they did withheld documents from the first civil action #00-0637 (RCL).

Defendants sent Plaintiff paper dated April 11, 2007 stating your request for records under the Freedom of Information Act / Privacy has been processed, then further explain the exemptions cited for withholding records or portions of the records are marked below:

[X] (b)(5)

[X] (b)(7)(c)

[X] (j)(2)

50 pages are being released in full (RIF).
2 pages are being released in part (RIP)
351 pages are being withheld in full (WIF)

42 pages is Plaintiffs brief that was filed
6 pages are letters plaintiff wrote
2 pages are FAXES
1 page is a order
1 letter run attorney to Garland Pinkston

Plaintiff seeks the records is to discover whether the government withheld Brady material at Plaintiff trial, in which the Defendants have violated this Rule. The Courts have stated that the "public at large has an important stake in ensuring that criminal justice is fairly administered; to the extent disclosure may remedy and deter Brady violations, society stands to gain" Ferri v. Bell, 645 F.2d 1213, 1218 (3d Cir. 1981) (prisoner sought information to overturn a conviction) ("Although the motivation behind Ferri's request is . . . . personal, a FOIA request for material implicating the Brady rule simultaneously advances an indirect public purpose satisfying the second prong test for disclosure under one of the privacy-based exemptions."), modified, 671 F.2d 769, 771 (3d Cir 1982) (per curiam) ("The purpose of the remand is simply to determine whether a Brady claim exists that is sufficiently colorable so that the public interest in fair administrative of justice warrants disclosure despite Exemption 7 (c).")

As a rule, the public's interest is exposing government corruption and wrongdoing is the primary rationale for FOIA. See e.g., NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242, 98 S.Ct 2311, 2327, 57

L. Ed 2d 159 (1978)

## A.  STANDARD OF REVIEW

The Freedom of Information Act (FOIA) affords the public access to virtually any federal government record that is not specifically exempted from disclosure by the Act it self. See 5 U.S.C. § 552 Vaughn v. Rosen, 157 U.S. App. D.C. 340, 484 F.2d 820, 823 (D.C. Cir 1973). FOIA confers jurisdiction on the federal district courts to order the release of the improperly withheld or redacted information. See 5 U.S.C. 552 (a)(4)(B). District Courts review agency bears the burden of proving that the withheld information is exempt from disclosure. See id; See also United States Dept. of Justice v. Reporters Committee for Freedom of the Press. 489 US. 749, 755, 103 L. Ed 2d 774, 109 S. ct. 1468 (1989). In Vaughn, the D.C. Circuit set out procedures to assist both courts and plaintiff's in reviewing the validity of an agency's decision to withhold documents without conducting a painstaking inspection of hundreds.

A Vaughn index is an affidavit that specificall describes the withheld or redacted documents and

Justifies, in detail, why each withheld record that would be responsive to the request is exempt from disclosure under FOIA. See KING V. UNITED STATES DEPT OF JUSTICE 265 US App DC. 62, 830 F2d 210, 223-24 (DC. Cir 1987). The purpose of a Vaughn index is two fold. First, in a FOIA case, the requester is usually unable to argue for the release of redacted or withheld documents with "desirable legal precision because "the party seeking documents sought." See Vaughn ; 484 F2d at 823. The requester must rely on the agency's representations for an understanding of the material withheld. See WIENER V. FBI, 943 F2d 972, 977 (9TH Cir 1991). The Vaughn index, therefore, should provide the request with "a meaningful opportunity" to argue for the release of withheld documents, there by correcting the imbalance in the adversary process. See KING, 830 F2d at 218. Second, unless the court inspects every disputed document in camera, the court also must rely on the agency for knowledge of the withheld material, since the court's review of the agency's decision to withhold information is de novo, the vaughn index helds "ensure meaningful review of an agency's claim to withhold information subject to a FOIA request" See KING 830 F2d At 223 A proper Vaughn index should enable the court to make a reasoned independant assessment of the claim of

EXEMPTION. SEE Vaughn v. United States 936 F.2d 862, 866-67 (6TH Cir 1991). In sum, a Vaughn index functions to restore to adversary process to some extent, and to permit more effective judicial review of the agencys decision." Weiner 943 F.2d at 977-78.

To satisfy these two closely related functions, the requester and the trial judge must "be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." Hinton v. Dept of Justice 844 F.2d 126, 129 (3d Cir 1988). While there is no set formula for producing a Vaughn index, the agency should describe the documents { 180 F.Supp. 2d 33 } with "as much information as possible without thwarting the exemptions purpose." See King, 830 F.2d at 224. None of this has been done!

The real test of a Vaughn index is whether it provides "a relatively detailed justification specifically identifying the reason why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." Mead Data Central; Inc, v. United States Dept. of Air Force, 184 US App. DC.

350, 566 F.2d 242, 251 C.D.C. Cir (1977). The index should also demonstrate that the agency has disclosed any reasonably segregable information from each withheld document. See Vaughn v. Rosen, 484 F.2d at 827. The agency must "specify in detail which portions of the documents are disclosable and whic are allegedly exempt."

FOIA § 552 (b) requires that even if some materials from the required record are exempt from disclosure, any "reasonably segregable" information from those documents must be disclose after redaction of the exempt portions. 5 USC § 552 (b); Mead Data Cent., Inc v Dept of the Air Force 184 U.S. App D.C. 350, 566 F.2d 242, 260 CDC. Cir 1977); see also Trans - Pacific Policing Agreement v. United States Customs Serv., 336 US. App D.C. 189, 177 F2d 1022, 1028 (D.C. Cir 1999) In order to demonstrate that all reasonable segregable material had been released.

This Court should see that the Defendant wasn't truthful in any of the proceeding starting with the Last civil act that all documents weren't listed in the Vaughn index this letter and other materials should have been listed and turned over or fell under some exemption

the government already know that [Misconduct]
was a part of their wick scheme to product
a wrongful conviction, also a false conflict
of interest.

## CONCLUSION

Wherefore, for the foregoing reasons,
Plaintiff respectfully request that the Court
grant its motion for summary judgment.

Also the Defendant be order to show
were all document were listed in the Vaughn
index in civil action 00 cv 637

1) Sgt Timalakes statement

2) The letter taken from David
   Henderson

3. Grand jury testimony of
   Timothy Abrams

4. Statements of Tony Brown

Never were they listed nor turned over
in either proceedings.

# CERTIFICATE OF SERVICE

I TRACY PINKNEY certify that a copy of the foregoing was mailed first-class mail to:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVE NW
WASHINGTON, DC 20001

ON this _9TH_ day of JUNE 2007.

SINCERELY

Tracy Pinkney

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY
     Plaintiff,

    - VS -

DEPARTMENT OF JUSTICE, etal,
    DEFENDANTS.

CIVIL Act 06-0246 (HHK)

## DECLARATION OF TRACY PINKNEY

I, TRACY PINKNEY declare the following to be a true and correct statement of facts surround the above listed CIVIL ACTION NUMBER 06-0246

[1] I TRACY PINKNEY am the same person thats making this FREEDOM OF INFORMATION and the plaintiff in this civil matter also the same person who litigated the civil matter in TRACY PINKNEY v. Richard Huff etal 00 cv637.

[2] On or about October 2003 A request was made to the defendants under the FREEDOM OF INFORMATION ACT 5 U.S.C. 552 regarding records from plaintiff criminal conviction F 2830-96 in which was decided on December 2, 1997, Argued in the District of Columbia Court of Appeals and decided on June 17, 2004 remanding the matter to the

Lower court for an inquiry, On September 27, 28th and November 1, 2004 hearing was held and plaintiff was denied, plaintiff appealed back to the Court of Appeals and was denied, Plaintiff then filed a rehearing en banc and was denied on January 16, 2007.

[3] On November 25, 2003 I received a letter from the defendant's indicating that "THEY" make every effort to process most requests within a month (20) working days) but if plaintiff has made a PROJECT REQUEST plaintiff may be expected to wait (9) nine months from the date of their letter and as of this date the defendants have violated this AGREEMENT.

[4] Plaintiff has written several letters requesting for the information previously requested even in one letter notified the defendant that Ive previously litigated a FOIA civil action "TRACY PINKNEY V. RICHARD HUFF" so it wasn't Tina Williams searched or identified that this had been litigated in the above mentioned action. Now looking at Tina Williams declaration at 10. states,

The case file, consisting of three boxes, was retrieved from closed files and provided to the Civil Division of this office. "A search of each box was conducted of all records contained in the case file of any records

responsive to Mr Pinkney's request, and the records identified as responsive were compared to the document provide in his initial FOIA/PA request.

11. After a careful review of the case file in F 2830-96, I determined that Mr Pinkney previously received all responsive documents and information that were not exempt from disclosure pursuant to the FOIA and PA, and that "NO" new documents were placed in the case file subsequent to the USAO/DC and EOUSA responses on January 8, 2001, and November 7, 2001.

12. The handling of Mr Pinkney's request was consistent with standard procedures of the USAO/DC with regard to FOIA/PA requests.

PURSUANT TO 28 USC. §1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

[5] Drawing the attention to the transcript of Monday, November 1, 2004 page 70 line 24, "Now if the government has that letter that I was writing that they were able to seize that would clarify what my clear intentions was when I received this letter. So if that letter is able to be produced, then you would understand what I wrote back to Mr Pinkney at that time.

So if you have that I would please like to see it.
Q   Thank you.

ALSO PAGE 66 line 15 Q. In any event, Mr Henderson, you were in the process of responding to this letter when it was taken from your cell. Is that correct?

A. That's correct.

[6] So this Court can say with a certain that the DECLARATION of TINA WILLIAMS is PERJURY. This Information wasn't turned over in the first CIVIL matter TRACY PINKNEY VS. RICHARD HUFF nor was the INTERVIEW NOTES of this witness or the detectives that was present, their NOTES nor was this listed in the VAUGHN TEXT in the first Litigation. This Court show take note that plaintiff has other materials that was helded back nor was it listed in the VAUGHN TEXT by the defendants. The defendants shouldn't be allowed to play cat and mouse games before this Court and get caught, this is a total disregards for the Court integrity but If this Court will allow plaintiff that the defendant "never" truthful in any of it process of plaintiff's request. So we can say that its been CHANGED CIRCUMSTANCES in this Litigation.

[7] On February 2, 2005 I received a letter from the Co-Director Richard Huff stating that the EOUSA still has not responded to plaintiff's request, even after plaintiff waited (9) nine month (AGREEMENT OF THE DEFENDANT to this present date and no materials or information nor was a VAUGHN TEXT every done but now the defendants are "TRYING" to say whats EXEMPT and CITING EXEMPTION they think JUSTIFY their refusal to release the information USEING THE WRONG OR IMPROPER AVENUE to cite specific EXEMPTION in their MOTION to dismis, (GENERIC APPROACH) but now the defendant are "RELITIGATING" THE FIRST CIVIL ACTION AND THIS PRESENT ONE

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9TH, 2007

Tracy Pinkney
TRACY PINKNEY

1    whole incident had already transpired.  This letter was a

2    letter that Mr. Pinkney had written to me upon me being

3    behind central wall after everything had transpired.  So

4    I mean this would have no bearing on me knowing that Mr.

5    Pinkney had representation by Mr. Wood.

6        Q    So is it your testimony that even after Mr.

7    Pinkney learned that supposedly you had information about

8    his case that he continued to write you?

9        A    First of all, I had no knowledge of Mr. Pinkney

10   having a recollection of me testifying against him in his

11   case.  To my understanding Mr. Pinkney was known, brought

12   to, that was brought to his attention when Mr. Woods was

13   taken from both of us in the conflict of interest court

14   proceeding.

15       Q    In any event, Mr. Henderson, you were in the

16   process of responding to this letter when it was taken

17   from your cell.  Is that correct?

18       A    That's correct.

19       Q    And isn't it true that Mr. Pinkney even had you

20   play or wanted you to play Mr. Wood for information about

21   his case?

22       A    I have no knowledge of that.

23       Q    Take a look at the letter.

24       A    When you say play Mr. Woods for information --

25       Q    Do you see in the letter where it states, the

66

1      Q    If you look at it, it's the third line before

2  peace, Tracy.  It starts, oh, damn, tell Troy what I

3  said, I don't know him.

4      A    That's what the letter says.

5      Q    So Mr. Pinkney told you to tell your brother to

6  testify that he didn't know him?

7          MR. CLENNON:  Objection, mischaracterization.

8          THE COURT:  Well, the letter speaks for itself.

9          THE WITNESS:  Right.

10          THE COURT:  Is that how you understand the

11  letter?

12          THE WITNESS:  That's how I understand it.  The

13  letter speaks for itself.

14          THE COURT:  But you understand that's what the

15  letter says?

16          THE WITNESS:  Yes.

17          BY MS. JACKSON:

18      Q    And you even know that Mr. Pinkney wanted you

19  to pretend this because you told Ms. Whittle, who was the

20  investigator, who spoke to you at Petersburg?

21      A    I don't remember or recall telling her that,

22  but, in fact, as I stated to you before, when I received

23  this letter I was in the process of rewriting that

24  letter.  Now if the government has that letter that I was

25  writing that they were able to seize that would clarify

70

1    what my clear intentions was when I received this letter.

2    So if that letter is able to be produced, then you would

3    understand what I wrote back to Mr. Pinkney at that time.

4    So if you have that I would please like to see it.

5          Q    Thank you.

6                THE COURT:  Are you almost down?

7                MS. JACKSON:  No, Your Honor.

8                THE COURT:  Then I think we should take a

9    break.   The question is how long a break should we take?

10   Why don't we take a lunch break and come back at two.

11   Does that work?

12               MS. JACKSON:  That's fine, Your Honor.

13               THE COURT:  Okay.  Why don't we do that.  We'll

14   assume that Mr. Henderson will be back.

15               (There was a recess).

16               THE DEPUTY CLERK:  This is recalling the United

17   States vs. Tracy Pinkney, Case Number F2830-96.

18               MS. JACKSON:  Good afternoon, Your Honor

19   Michelle Jackson for the United States.

20               MR. CLENNON:  Good afternoon, Your Honor.  Cary

21   Clennon for Mr. Pinkney, who is present.

22               THE COURT:  And counsel for Mr. Henderson is

23   here as well.  Do you want to resume?  I think we were in

24   the government's questioning of Mr. Henderson.

25               MS. JACKSON:  Yes, Your Honor.  I don't think

                                                          71