# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRACY PINKNEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 06-0246  (HHK)** |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT

Defendant, the United States Department of Justice ("Defendant" or "DOJ"), requests this court to deny Plaintiff's Renewed Motion for Summary Judgment and grant its previously-filed Renewed Motion to Dismiss.  In the present matter, Plaintiff has raised many of the exact same arguments that he put forward in his earlier Motion for Summary Judgment, which the Defendant has adequately and directly addressed in its Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 24).   Defendant has already demonstrated that no change of circumstances has occurred in Plaintiff's criminal file prior to the remand to the Superior Court; thus, *res judicata* bars any of Plaintiff's claims, including Brady-related allegations surrounding the withholding of letters and other documents from third parties, relating to information that existed prior to the Court's August 8, 2002 judgment in favor of Defendant.  See Pinkney v. Huff, 00cv637 (RCL); see also Martin v. Dept. of Justice, _ F.3d _, 2007 WL1574605 at 5 (D.C. Cir. June 1, 2007) (allegation of Brady violation litigated in prior FOIA matter is barred by issue preclusion).

With regard to the file generated after August 8, 2002, Defendant has located all new

documents in Plaintiff's criminal matter arising from the remand, and has produced all records and discoverable information responsive to his October 2003 Freedom of Information Act ("FOIA") request, including an appropriate Vaughn Index; thus, Plaintiff's claim is now moot.

To the extent that Defendant is withholding documentation containing third party information, Defendant has already demonstrated any third party correspondence (1) existed in Plaintiff's original criminal file, and (2) would identify and/or implicate relevant third parties, thereby supporting its continued exemption from disclosure under FOIA.[1] Accordingly, this Court should deny Plaintiff's Renewed Motion for Summary Judgment, and grant Defendant's previously-filed Renewed Motion to Dismiss (Dkt. No. 18).[2]

## FACTUAL BACKGROUND

The facts underlying Plaintiff's present and 1999 FOIA requests, as well as Defendant's responses, are adequately set forth in Defendant's previously-filed Renewed Motion to Dismiss (Dkt. No. 18) and Defendant's Response to Plaintiff's Statement of Material Facts (Dkt. No. 24), incorporated by reference herein.

In this matter, Plaintiff seeks the release of documents properly withheld under FOIA, which he claims qualify as Brady evidence, and further claims the documents were unidentified

---

[1] The Government, exercising its right to issue a "Glomar response," neither confirms nor denies the existence of third party material alleged in Plaintiff's Renewed Motion for Summary Judgment (Dkt. No. 27). Even if those documents exist, Defendant cannot release any portion of the third party information it possesses without disclosing information that would reveal the identity of the third parties discussed or named in those matters. Second Kornmeier Decl. At ¶ 8 attached to Defenadant's Renewed Motion to Dismiss (Dkt. No. 18).

[2] The court should treat as conceded all points presented in the Defendant's Renewed Motion for Summary Judgment not countered by the Plaintiff, including the exemption of video and audio tapes under 5 U.S.C.A. § 552(b)(7)(F).

in Defendant's Vaughn Index.  However, Plaintiff raised these very same claims in his first FOIA matter, and the Court there held that Plaintiff's conclusory assertions were wholly insufficient to satisfy <u>Brady's</u> materiality requirement, and granted Defendant's Motion for Summary Judgment. Memorandum Opinion in 00cv637 (August 6, 2002) at 3-4.

With regard to its handling of the 2004 file, the Defendant provided two declarations, as well as a Vaughn Index, which provide Defendant's justifications for withholding categories of documents.  <u>See</u> Valdez Decl. at ¶ 12; Second Kornmeier Decl. at ¶ 8; and Vaughn Index, attached to Defendant's previously-filed Renewed Motion to Dismiss (Dkt. No. 18).  These documents clearly demonstrate that the Defendant is entitled to summary judgment on its claimed exemptions; hence, the Court should grant Defendant's previously-filed Renewed Motion to Dismiss.

<u>**ARGUMENT**</u>

FOIA is "often explained as a means for citizens to know what their Government is up to."  <u>National Archives and Records Admin v. Favish</u>, 541 U.S. 157, 171 (2003) (internal citations omitted).  The Supreme Court has held that "FOIA's central purpose is to ensure that the *Government's* activities be opened to the sharp eye of public scrutiny, not that information about *private citizens* that happens to be in the warehouse of the Government be so disclosed." <u>United States Dept. of Justice v. Reporters Committee for Freedom of the Press</u>, 489 U.S. 749, 774 (1989) (emphasis in original).  Congress has also identified that FOIA's core purpose is to contribute "significantly to the public understanding *of the operations or activities of the government*." <u>Id.</u> at 775 (emphasis in original).  Thus, when documents are within FOIA's disclosure provisions, the public may gain access to them.  However, when disclosure touches

upon certain areas defined in any of FOIA's nine exemptions, including to protect the privacy rights of non-governmental third-parties, the statute recognizes limitations that overcome the general public interest in disclosure.  Id. at 172.

A.      **Defendant's Withholding of Third Party Documents Was Proper Under Exemptions (b)(7)(C) and (b)(7)(F) of the FOIA.**

Defendant properly withheld all third party-related documents from Plaintiff pursuant to FOIA exemptions (b)(7)(C), and/or (b)(7)(F), which allow Defendant to withhold materials when their release "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or "could reasonably be expected to endanger the life or safety of any individual."  5 U.S.C.A. § 552(b).  The court has found that "privacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated."  Martin, _ F.3d at _, 2007 WL 1574605 at 8.  All information at issue in this case was compiled for law enforcement purposes in order to prosecute the Plaintiff for murder.  See Kornmeier Decl. at ¶ 15.  Since the documents withheld under exemption (b)(7)(C) contain information about third parties, and the Government has control of that information for purposes unrelated to the monitoring of its own activity, "the privacy interest protected by Exemption (b)(7)(C) is in fact at its apex while the FOIA-based public interest in disclosure is at its nadir."  United States Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 780 (1989).

To overcome FOIA exemption (b)(7)(C), and thereby trigger the court to balance public against private interests, Plaintiff must establish a sufficient reason for the disclosure of properly withheld information.  Martin, _F.3d _, 2007 WL 1574605 at 4; see 5 U.S.C.A. § 552(b)(5).  Plaintiff must show (1) "that the public interest sought to be advanced is a significant one, an interest more specific than having the information for [his] own sake" and (2) that the withheld

4

information "is likely to advance that interest."  National Archives and Records Admin v. Favish,

541 U.S. 157, 172 (2003).  Plaintiff has failed to demonstrate that the release of the requested

information would serve to advance a significant public interest.

Plaintiff alleges that the government has improperly withheld documents as part of its

"wick[ed] scheme to produc[e] (sic) a wrongful conviction, also a false conflict of interest."

Plaintiff's Renewed Motion for Summary Judgment (Dkt. No. 27) at 16.  Where, as here, "the

public interest cited by a requestor in attempting to overcome [a] FOIA exemption . . . is

government wrongdoing, the requestor must produce evidence that would warrant a belief by a

reasonable person that the alleged government impropriety might have occurred."  Martin, _ F.3d

at _, 2007 WL 1574605 at 4; see 5 U.S.C.A. § 552(b)(7)(C).  The court has concluded that

"unsubstantiated assertions of government wrongdoing . . . do not establish a meaningful

evidentiary showing."  Martin, 2007 WL 1574605  at 9 (internal citations omitted).  Since

Plaintiff must establish more than a "bare suspicion" of wrongdoing in order to obtain disclosure,

continued protection of FOIA-exempted documents would be warranted even if *res judicata* did

not bar Plaintiff from raising the issue.  Plaintiff's claim is especially weakened by his own

evidence and allegations that demonstrate that any alleged letters from Mr. Henderson were

disclosed in his criminal proceeding.  See Plaintiff's Renewed Motion for Summary Judgment

(Dkt. No. 27) at 1-2.

**B.      Because Plaintiff Has Failed To Demonstrate The Advancement Of A Significant Public Interest, Defendant's Claimed FOIA Exemptions Outweigh Any Potential Public Interest.**

Plaintiff attempts to circumvent the public interest requirement necessary to overcome

FOIA exemption (7)(C) by seeking the release of certain alleged third party documents "to

discover whether the government withheld Brady material at Plaintiff's trial."  Plaintiff's

Renewed Motion for Summary Judgment (Dkt. No. 27) at 11.[3/]  Plaintiff asserts that "a FOIA

request for material implicating the Brady rule simultaneously advances an 'indirect public

purpose,' satisfying the second prong of the test for disclosure under one of the privacy-based

exemptions."  Plaintiff's Renewed Motion for Summary Judgment (Dkt. No. 27) at 11 (citing

Ferri v. Bell, 645 F.2d 1213, 1218 (3rd Cir. 1981)).  However, an indirect purpose alone is

insufficient; Plaintiff must satisfy both prongs of Favish, especially the requirement that the

information sought must advance a significant public, rather than private, interest.  See Favish,

541 U.S. at 172; see also Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002) (public

interest in disclosure "does not include helping an individual obtain information for his personal

use") (citation omitted).  In order to overcome the overwhelming privacy interest, Plaintiff must

demonstrate that the alleged Brady information he seeks is a record of what the government is up

to in which the public would have a substantial interest, rather than merely a piece of evidence

that the government has in its possession he would use to challenge his conviction.  Reporter's

Committee, 489 U.S. at 780.

Here, even assuming that Plaintiff did not receive the alleged documents in his criminal

proceeding, allegation of Brady violation do not create a public interest sufficient to overcome

the privacy interest of third-parties.  Plaintiff directly acknowledges his self-interest in obtaining

the release of requested documents.  Plaintiff's Renewed Motion for Summary Judgment (Dkt.

No. 27) at 9; see also Memorandum Opinion in 00cv637 (August 6, 2002) at 3.  Notably, the

---

[3/]        Evidence qualifies as Brady material only where the government's failure to
disclose it materially affects the requestor's conviction or sentence.  See Martin, _F.3d at _, 2007
WL 1574605 at 3.

prior Court already determined that "FOIA proceedings are not the proper forum for litigating alleged errors arising from criminal proceedings, and plaintiff's conclusory assertions are wholly insufficient to create a genuine issue of material fact.," Memorandum Opinion in 00cv637 (August 6, 2006) at 3.[4/]

Accordingly, Plaintiff has failed to meet his evidentiary burden, and the release of documents protected under FOIA exemption (b)(7)(C) would constitute an unwarranted invasion of privacy. Thus, even if the Plaintiff was not precluded from re-litigating the prior Court's determination that "no public interest [exists] to compel disclosure of exempt records," the Court, here, should reach the same conclusion and grant Defendant's previously-filed Renewed Motion to Dismiss (Dkt. No. 18).

## C.    Defendant Has Demonstrated the Legitimacy of Its Claimed FOIA Exemptions.

The Plaintiff, through his current motion, attempts to require Defendant to disclose the very information protected by FOIA. The Plaintiff contends that the Defendant has provided an insufficient Vaughn Index, arguing that the Defendant must justify, in detail, each individual record withheld. Plaintiff's Renewed Motion for Summary Judgment (Dkt. No. 27) at 12-13. However, in certain circumstances, the government may opt not to file a detailed Vaughn Index if

---

[4/]    The Supreme Court has found, "strictly speaking, there is never a real Brady violation unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." Stickler v. Greene, 527 U.S. 263, 281 (1999). Here, Plaintiff contends that disclosure of the allegedly withheld letter from Mr. Henderson "would have aided [his] defense"; he does not contend that it would have altered its outcome. In addition, even if Brady could apply to some documents, it only requires disclosure of information to which Plaintiff did not otherwise have access. United States v. Derr, 990 F.2d 1330, 1335 (1993). Notably, Plaintiff's own pleadings demonstrate that any alleged letters from Mr. Henderson were disclosed in his criminal proceeding. See Plaintiff's Renewed Motion for Summary Judgment (Dkt. No. 27) at 1-2.

it "could reveal the very information that the agency claims is protected from the disclosure."

Ferri v. United States Dept. Of Justice, 573 F.Supp. 852, 856 (W.D. Pa. 1983).  Where, as here,

answering the FOIA inquiry would cause the very harm that a recognized FOIA exemption is

intended to avert, Defendant may issue a "Glomar response" wherein it refuses to either confirm

or deny the existence of specific records.[5/]  Wolf v. C.I.A., 473 F.3d 370, 374 (D.C. Cir. 2007).

In such cases, the only relevant documents for the court to examine are the declarations

explaining Defendant's response.  Id.

        Each allegedly withheld document requested by Plaintiff specifically identifies a third

party.  Hence, Defendant can neither admit nor deny their existence, because doing so would

reveal the very information protected under FOIA exemption (b)(7)(C) by confirming the identity

of the protected third parties.  Thus, "the Court may rely on a 'reasonably detailed affidavit,

setting forth the search terms and the type of search performed, and averring that all files likely to

contain responsive materials were searched.'"  Maydak v. United States Dept. of Justice, 254

F.Supp.2d 23, 39 (D.D.C. 2003) (quoting Valencia-Lucena v. United States Coast Guard, 180

F.3d 321, 326 (D.C. Cir. 1999)).

---

     [5/]     Without confirming the existence of any requested document, the Defendant
notes, relative to the Plaintiff's specific request for the grand jury testimony of Timothy Abrams,
that grand jury material is exempt from disclosure under 5 U.S.C.A. § 552(b)(3), which exempts
those materials protected by statute from disclosure.  Specifically, Fed. R. Crim. P. 6(e) precludes
disclosure of grand jury materials, and is a statute included within the protection of § 552(b)(3).
See Ferri, 573 F.Supp. at 856.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Renewed Motion for Summary Judgment, grant Defendant's previously-filed Renewed Motion to Dismiss, and enter judgment for the Defendant.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

<u>**CERTIFICATE OF SERVICE**</u>

I certify I caused copies of the foregoing Defendant's Opposition to Plaintiff's Renewed

Motion for Summary Judgment was served by first class mail upon *pro se* plaintiff at:

Tracy Pinkney
#12085007
USP Hazelton
POB 2000
Bruceton Mills, WV 26525

on this 28th day of June, 2007.


   /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney

10