UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY PINKNEY,

          Plaintiff,

          v.

U.S. DEPARTMENT OF JUSTICE,

          Defendant.

Civil Action 06-0246 (HHK)

MEMORANDUM OPINION

This action, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on the renewed motion to dismiss of defendant United States Department of Justice ("Department of Justice")[1] and plaintiff's motions for summary judgment. Upon consideration of the parties' submissions, the court concludes that defendant is entitled to judgment as a matter of law.

I. BACKGROUND

In its Memorandum Opinion and Order docketed December 11, 2006, this court ruled that the doctrine of *res judicata* does not bar this action but that another claim preclusion principle, collateral estoppel, might operate to bar plaintiff's claim. The court ordered additional briefing on the issue. *See* Mem. Op. at 3. Defendant persists in its *res judicata* defense but also

---

[1] The defendant's motion is filed in response to this court's Memorandum Opinion and Order of December 11, 2006 ("Mem. Op.") Because the court relies on matters beyond the pleadings, it hereby converts defendant's motion to one for summary judgment. *See* Fed. R. Civ. P. 12(b)(6) (conversion clause); Order of January 29, 2007 [Dkt. No. 19] (advising plaintiff about this possibility).

has supplemented the record with regard to its recent discovery of additional records responsive to plaintiff's FOIA request of October 2003, *see* Mem. Op. at 1, and its reexamination of records previously withheld solely under FOIA exemption 7(A). *See id*. at 3.

Of the newly discovered records, defendant released 50 pages of information and two redacted pages on April 11, 2007. It withheld 351 pages in their entirety. Def.'s Response to Plaintiff's Statement of Material Facts ("Def's Facts Res.") [Dkt. No. 24-2] at 5 ¶ 3. Regarding the records previously withheld under FOIA exemption 7(A), defendant maintains its decision to withhold them under FOIA exemptions 7(C) and 7(F).

## II.  DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h). As a general rule, "[i]n deciding whether there is a genuine issue of fact before it, the court must assume the truth of all statements proffered by the party opposing summary judgment." *Greene v. Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999). "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994) (citing *Alveska Pipeline Serv. Co. v. United States Envtl. Protection Agency*, 856 F.2d 309, 314 (D.C. Cir. 1988)). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court may award summary judgment in a FOIA case solely on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

### 1. The Case is Not Barred by Res Judicata

Although the FOIA request forming the basis of this action is repetitious of the request of a previously adjudicated action, *Pinkney v. Huff*, Civ. Action No. 00-637 (Lamberth, J.), defendant discovered during this litigation additional responsive records and made additional releases to plaintiff. See Def.'s Renewed Motion to Dismiss, Declaration of John W. Kornmeier ("Kornmeier Decl.") ¶¶ 8-16; Def.'s Opposition to Plaintiff's Motion for Summary Judgment and Supplement to Defendant's Renewed Motion to Dismiss, Declaration of Darrell Valdez ("Valdez Decl.") ¶¶ 12-15; 2nd Kornmeier Decl. ¶ 7. Moreover, defendant has acknowledged that FOIA exemption 7(A)'s "protection has expired." Kornmeier Decl. ¶ 7b. In view of these changed circumstances, the court finds that this action is not barred by *res judicata*. Defendant's motion to dismiss on this ground therefore is denied.

To the extent that plaintiff is seeking to relitigate issues that were (or could have been) resolved by the earlier case, he is precluded from doing so by the doctrine of collateral estoppel, however. See Mem. Op. at 3, n.2. Plaintiff does not refute defendant's assertion that the letters to which he refers in his current motions were the subject of the earlier case. Def's Facts Res. ¶ 6. He therefore is estopped from challenging anew defendant's treatment of those documents

which, in any event, it appears that he received as part of the supplemental release discussed below. *See* Pl.'s Renewed Motion for Summary Judgment ("Pl.'s Renewed Mot.") at 10 (acknowledging six pages as "letters Plaintiff wrote.").

### *2. Defendant Has Fulfilled Its FOIA Obligations*

Having realized that FOIA exemption 7(A) no longer applies to records responsive to plaintiff's requests, *see* Mem. Op. at 3; Kornmeier Decl. ¶ 7b, defendant reexamined video and audio tapes that were previously withheld solely under that exemption. It now asserts FOIA exemptions 7(C) and 7(F) as justification for withholding the tapes in their entirety. Kornmeier Decl. ¶ 8. FOIA Exemption 7 protects from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records" would cause one of six enumerated harms. 5 U.S.C. § 552(b)(7)(A)-(F). Exemption 7(C) shields such records to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). Exemption 7(F) shields such records to the extent that their disclosure "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F).

Plaintiff has not refuted, and therefore has conceded, defendant's bases for withholding the audio and video tapes. Defendant has established that the tapes were compiled for law enforcement purposes and contain third-party information that if disclosed could subject those involved to an unwarranted invasion of personal privacy or possible endangerment. *See* Kornmeier Decl. ¶¶ 8-15. Moreover, defendant has satisfactorily explained why there is "no meaningful way to segregate information" from the tapes and disclose any non-exempt material. *Id*. ¶ 16. In the absence of any contrary evidence, the court concludes that defendant is entitled to judgment as a matter of law on the claim based on the withheld tapes. *See Nation Magazine,*

*Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995) (third-party information is "categorically exempt" from disclosure under exemption 7(C) in the absence of an overriding public interest in its disclosure).[2]

In response to plaintiff's summary judgment motion filed in March 2007, defendant conducted another search of the same filing system it had searched earlier and "discovered new records," 2nd Kornmeier Decl. ¶ 7, "containing documents from the remand of Mr. Pinkney's criminal matter to the District of Columbia Superior Court." Valdez Decl. ¶ 12. By letter of April 11, 2007, defendant released to plaintiff 50 whole pages and two redacted pages.  It informed plaintiff that it had withheld 351 whole pages.  2nd Kornmeier Decl., Ex. A.  Defendant withheld information under FOIA exemptions 5 and 7(C).  *Id*.  Plaintiff has not contested defendant's application of these exemptions to the withheld information.

The court is satisfied from Mr. Kornmeier's second declaration and the accompanying *Vaughn* index that defendant properly withheld information described as attorney work product under exemption 5, *id*. ¶¶ 10-12, and information pertaining to third-party individuals under exemption 7(C).  *Id*. ¶¶ 13-17.  Moreover, Mr. Kornmeier has satisfactorily explained, through the document descriptions set forth in the *Vaughn* index, why "no meaningful portions [of 351 pages of material] could reasonably be released without destroying the integrity of such

---

[2]     Plaintiff asserts generally that he "seeks the records to discover whether the government withheld Brady material at plaintiff['s] trial . . . ." Renewed Mot. at 11.  To establish an overriding public interest warranting disclosure of information that is otherwise shielded by exemption 7(C), a plaintiff must first produce some evidence of government wrongdoing.  *Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 387 (D.C. Cir. 2007) (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004)).  Plaintiff's "bare suspicion" does not provide a sufficient reason for this court to engage in the balancing of interests that the law requires when there is *evidence* of wrongdoing.  *Favish*, 541 U.S. at 174-75.

document as a whole." *Id*. ¶ 19.  Defendant is entitled to judgment on the claim based on these withholdings.  *See Judicial Watch v. Dep't. of Justice*, 432 F.3d 366, 372 (D.C. Cir. 2005) (exemption 5 protects from disclosure "the entire contents of [] documents" withheld as attorney work product); *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d at 896 (exemption 7(C)'s protection of third-party information).

      Plaintiff questions defendant's credibility in light of the latest release of records that he contends existed at the time of his second request in 2003.  *See* Pl.'s Renewed Mot. at 9-10, 15.  But an opposition predicated on additional disclosures without a showing of agency bad faith fails to present a triable issue because "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."  *Perry v. Block*, 684 F.2d 121, 125  (D.C. Cir. 1982); accord *Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007).  Defendant pleads ignorance as to "why [a former employee] failed to locate the expandable file containing the documents from the remand of Mr. Pinkney's criminal matter."  Valdez Decl. ¶ 13.  This is of no consequence because defendant satisfied its disclosure obligation under the FOIA by releasing the non-exempt information upon its discovery.  *See Western Center for Journalism v. I.R.S.,* 116 F. Supp.2d 1, 10 (D.D.C. 2000) ("[I]t is unreasonable to expect even the most exhaustive search to uncover every responsive file; what is expected of a law-abiding agency is that the agency admit and correct error when error is revealed.") (quoting *Meeropol v. Meese*, 790 F.2d 942, 953 (D.C. Cir. 1986)).  The issue therefore is moot.  *Boyd*, 475 F.3d at 388.

      For the foregoing reasons, defendant's converted motion for summary judgment is granted and plaintiff's motions for summary judgment are denied.  A separate Order accompanies this Memorandum Opinion.

                                                _____s/_____
                                                Henry H. Kennedy, Jr.
Date: July 18, 2007                        United States District Judge